**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of New York

Case number (*If known*): _____ Chapter 15

☐ Check if this is an
amended filing

# Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding  12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

| | |
|---|---|
| 1. **Debtor's name** | Pickenpack Holding Germany GmbH |

**2. Debtor's unique identifier**

**For non-individual debtors:**

☐ Federal Employer Identification Number (EIN)   ___ ___ – ___ ___ ___ ___ ___ ___ ___

☑ Other 56 IN 83/15 . Describe identifier  German Insolv. Proc. No.

**For individual debtors:**

☐ Social Security number:  xxx – xx– ____ ____ ____ ____

☐ Individual Taxpayer Identification number (ITIN): **9** xx – xx – ____ ____ ____ ____

☐ Other _____ . Describe identifier _____ .

| | |
|---|---|
| 3. **Name of foreign representative(s)** | Friedrich von Kaltenborn-Stachau |
| 4. **Foreign proceeding in which appointment of the foreign representative(s) occurred** | Germany |

**5. Nature of the foreign proceeding**

*Check one:*

☐ Foreign main proceeding
☐ Foreign nonmain proceeding
☑ Foreign main proceeding, or in the alternative foreign nonmain proceeding

**6. Evidence of the foreign proceeding**

☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.

_____

_____

**7. Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)

☑ Yes

Debtor    <u>Pickenpack Holding Germany GmbH</u>
Name

Case number *(if known)*_____

---

**8. Others entitled to notice**

Attach a list containing the names and addresses of:

(i)   all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii)  all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

---

**9. Addresses**

**Country where the debtor has the center of its main interests:**

<u>Germany</u>

**Debtor's registered office:**

<u>Lüner Rennbahn 9</u>
Number        Street

_____
P.O. Box

<u>Lüneburg</u>                                    <u>21339</u>
City        State/Province/Region    ZIP/Postal Code

<u>Germany</u>
Country

**Individual debtor's habitual residence:**

_____
Number        Street

_____
P.O. Box

_____
City        State/Province/Region    ZIP/Postal Code

_____
Country

**Address of foreign representative(s):**

<u>Jungfernstieg 30</u>
Number        Street

_____
P.O. Box

<u>Hamburg</u>                                    <u>20354</u>
City        State/Province/Region    ZIP/Postal Code

<u>Germany</u>
Country

---

**10. Debtor's website** (URL)

<u>N/A</u>

---

**11. Type of debtor**

*Check one:*

☑ Non-individual (*check one*):

   ☑ Corporation.  Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

   ☐ Partnership

   ☐ Other.  Specify: _____

☐ Individual

---

| Debtor | Pickenpack Holding Germany GmbH | Case number (if known) |
|---|---|---|
| | Name | |

**12. Why is venue proper in *this* district?**

Check one:

☐ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

☑ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:
All of the Debtor's U.S. assets are located in this district. Further, filing in this district promotes the convenience of parties because the Debtor is seeking relief against a chapter 11 debtor with a pending bankruptcy case in this district.

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✗ _____          Friedrich von Kaltenborn-Stachau
    Signature of foreign representative          Printed name

Executed on    09 / 22 / 2016
               MM / DD / YYYY

✗ _____          _____
    Signature of foreign representative          Printed name

Executed on    ____ / __ / _____
               MM / DD / YYYY

**14. Signature of attorney**

✗ _____    Date    9/22/2016
    Signature of Attorney for foreign representative          MM / DD / YYYY

L.P. Harrison 3rd
Printed name

Curtis, Mallet-Prevost, Colt & Mosle LLP
Firm name

101 Park Avenue
Number          Street

New York City                              NY          10178
City                                        State        ZIP Code

(212) 696-6000                             lharrison@curtis.com
Contact phone                              Email address

1944313                                    NY
Bar number                                 State

**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile:  (212) 697-1559
L. P. Harrison 3rd
Turner P. Smith
Peter J. Buenger

*Counsel for the Petitioner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| In re: | Chapter 15 |
| PICKENPACK HOLDING GERMANY GMBH, | Case No. 16-_____(___) |
| Debtor in a Foreign Proceeding. |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**VERIFIED PETITION FOR RECOGNITION OF A FOREIGN**
**PROCEEDING PURSUANT TO SECTIONS 1504, 1509,**
**1515, 1517, 1520, AND 1521 OF THE BANKRUPTCY CODE**

Friedrich von Kaltenborn-Stachau, in his capacity as Insolvency Administrator (*Insolvenzverwalter*) (the "Petitioner") of Pickenpack Holding Germany GmbH (the "Company") and as a duly authorized foreign representative as defined by section 101(24) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), through his United States counsel, Curtis, Mallet-Prevost, Colt & Mosle LLP ("Curtis"), respectfully submits this verified petition seeking recognition of a foreign main proceeding under section 1517(b)(1) of the Bankruptcy Code, or, in the alternative, as a foreign non-main proceeding under chapter 15 of the Bankruptcy Code.  In support thereof, the Petitioner respectfully states as follows:

## PRELIMINARY STATEMENT

1.      By this chapter 15 verified petition and the form petition filed herewith (together, the "Petition"), the Petitioner seeks recognition of the Company's insolvency proceeding (the "German Proceeding", together with the insolvency proceedings of the Pickenpack Entities (as defined below), the "German Proceedings") pending before the Local Court of Lüneburg, Germany (the "German Court").

2.      The Petitioner commences this chapter 15 case primarily to establish standing to assert certain claims in the courts of the United States, to facilitate the German Proceeding, and to protect the Company's rights and claims in the United States.  Accordingly, the Petitioner seeks an order granting recognition of the German Proceeding substantially in the form of the proposed Order Granting Recognition of Foreign Main Proceedings and Related Relief Pursuant to Sections 1504, 1509, 1515, 1517, 1520, and 1521 of the Bankruptcy Code, attached hereto as **Exhibit A** (the "Proposed Order").

3.      On December 3, 2015, the German Court issued an order (the "Preliminary Court Order"), attached hereto along with a certified English translation as **Exhibit B**, appointing Friedrich von Kaltenborn-Stachau as the preliminary insolvency administrator.  On March 1, 2016, the German Court issued an order opening the German Proceeding and appointing Friedrich von Kaltenborn-Stachau as the Insolvency Administrator of the Company (the "German Insolvency Order", together with the Preliminary Court Order, the "German Court Orders").  A copy of the German Insolvency Order and a certified English translation is attached hereto as **Exhibit C**.

4.      In this role, the Petitioner is responsible for, among other things, identifying all assets of the Company, safeguarding these assets, managing and administering the German

26355239

Proceeding and disposing of the assets to maximize value for distribution to the Company's creditors.

5.      The Petitioner commences this chapter 15 case by filing the Petition contemporaneously with all certifications, statements, lists, and documents required under chapter 15 of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").   Specifically, the Petition is accompanied by (i) the Declaration of Friedrich von Kaltenborn-Stachau, the Petitioner, dated September 22, 2016 (the "<u>Kaltenborn-Stachau Declaration</u>"), (ii) the Declaration of Bjoern Schwencke, German legal counsel to the Petitioner, dated September 15, 2016 (the "<u>Schwencke Declaration</u>"), (iii) the Memorandum of Law in Support of Verified Petitions for Recognition of Foreign Proceedings Pursuant to Sections 1504, 1509, 1515, 1517, 1520, and 1521 of the Bankruptcy Code, (iv) the Statement of Foreign Representative as required by section 1515(c) of the Bankruptcy Code, attached hereto as **Exhibit D**, and (v) the Statement Pursuant to Rule 1007(a)(4), attached hereto as **Exhibit E** (collectively, the "<u>Supporting Documents</u>").   As set forth below and in the Supporting Documents:

> (a)      a foreign proceeding respecting the Company was duly commenced in Germany;
>
> (b)      the Company is incorporated as a limited liability company in Germany and its registered address is located at Lüner Rennbahn 9, 21339 Lüneburg, Germany;
>
> (c)      the Company, through the Petitioner, carries out non-transitory economic activity in Germany;
>
> (d)      the Company is eligible to be a debtor under section 109(a) of the Bankruptcy Code;
>
> (e)      the Petitioner is duly authorized to serve as a foreign representative and to petition for relief under chapter 15 of the Bankruptcy Code in connection with the German Proceeding respecting the Company; and

3

(f)    the Petitioner is entitled to the relief requested.

6.    The Petition satisfies all of the requirements set forth in section 1515 of the Bankruptcy Code.  The Petitioner was appointed by the German Court to administer the Company's assets, liabilities, and any ongoing business in connection with the German Proceeding pursuant to the German Court Order.  Moreover, the relief requested by the Petitioner is well within the scope of chapter 15 of the Bankruptcy Code, which authorizes a court to (i) recognize a "foreign proceeding" upon the proper commencement of a case under chapter 15 by a "foreign representative" and (ii) grant assistance in the United States to such foreign representative in connection with the foreign proceeding.  Based on the foregoing and the reasons described herein and in the Supporting Documents, the Petitioner is entitled to an order granting recognition to the German Proceeding as a foreign main proceeding or, in the alternative, as a foreign non-main proceeding under chapter 15 of the Bankruptcy Code.

## JURISDICTION AND VENUE

7.    The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and sections 109 and 1501 of the Bankruptcy Code.

8.    Venue is properly located in this district pursuant to 28 U.S.C. § 1410. Specifically, venue is proper pursuant to 28 U.S.C. § 1410(3) because it will be consistent with the interests of justice and the convenience of the parties given that (i) all of the U.S. assets of the Company are located in this district and (ii) the Company is seeking to assert certain claims against, and protect the Company's rights and claims from, certain debtors in the following bankruptcy cases pending in this district:  *In re China Fishery Group Limited (Cayman), et al.*, No. 16-11895 (JLG) (Bankr. S.D.N.Y. 2016), and *In re CFG Investment S.A.C., et al.*, No. 16-11891 (JLG) (Bankr. S.D.N.Y. 2016).

4

9.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

## BACKGROUND

### I.     The Nature of the Company's Business Prior to its Liquidation

10.     The Company is part of a group of four related entities that were all incorporated in Germany as limited liability companies.  The group includes (i) Pickenpack Holding Germany GmbH ("PP Holding"), (ii) Pickenpack Europe GmbH ("PP Europe"), (iii) Pickenpack Production Lüneburg GmbH ("PP Production"), and (iv) TST The Seafood Traders GmbH ("TST", together with PP Holding, PP Europe and PP Production, the "Pickenpack Entities").

11.     The business of the Pickenpack Entities (the "Business") has a history of more than 100 years going back to the establishment as a fishery company in 1906 (*i.e.*, devoted to the catching, processing and selling of fish).  In the 1950s, the Business was changed from a fishery to the processing and trading of deep-frozen fish products and eventually established a processing factory in Lüneburg, Germany in 1975.

12.     In 2013, the Business was expanded by the addition of TST, which was acquired by PP Holding from Leuchtturm Beteiligungs- und Holding Germany GmbH.  TST's most significant asset was a food factory in Riepe, Germany.

13.     Prior to the German Proceedings, the Pickenpack Entities were one of the leading producers of deep-frozen fish and seafood products for the "private label market" in Germany and Europe.  The Business consisted of processing facilities in Lüneburg, Germany (run by PP Production) and Riepe, Germany (run by TST) producing approximately 75,000 tons of deep-frozen fish per year in the aggregate.  Customers were located within the European Union, with the majority of the customers being Germany's major retail companies and conglomerates.

14.     Within the Business, the processing/production was handled by PP Production and TST.  PP Europe served as a sale and distribution company and dealt directly with the customers of the Pickenpack Entities.

15.     The frozen fish (raw material) was purchased by PP Production and TST in "deep-frozen block form" and imported from the U.S., Russia or China, where the fish was originally caught and frozen directly on the vessel.  The frozen fish was sold and delivered for interim storage at certain storage facilities in Bremen and Cuxhaven, owned by third-parties, and subsequently transported to PP Production's and TST's storage and production facilities, respectively in Lüneburg and Riepe.

16.     The Pickenpack Entities are all incorporated as German limited liability companies and registered with the commercial register of the Local Court of Lüneburg, Germany as follows:

    a.      Pickenpack Holding Germany GmbH (registered under HRB 200209): Incorporated as Eulenkrug elfte Vermögensverwaltung mbH.  On March 22, 2006, it changed its name to Icelandic Holding Germany GmbH.  On May 14, 2012, it changed to its current name, Pickenpack Holding Germany GmbH;

    b.      Pickenpack Europe GmbH (registered under HRB 203694):  Incorporated as Blitz F11-fünf-drei GmbH on March 14, 2011.  On March 16, 2012, it changed its name to Pickenpack Europe GmbH.  On February 1, 2013, it changed its name to Pickenpack Europe Services GmbH.  On July 1, 2013, it changed to its current name and back to Pickenpack Europe GmbH;

    c.      Pickenpack Production Lüneburg GmbH (registered under HRB 1964): Incorporated as "Goliath" Vierundachtzigste Beteiligungs- und Verwaltungsgesellschaft mbH on November 16, 1998.  On October 12, 2005, it changed its name to Pickenpack – Hussman & Hahn Seafood Gesellschaft mbH.  On October 6, 2011, it changed its name to Pickenpack GmbH.  On February 1, 2013, it changed its name to Pickenpack Europe GmbH.  On June 17, 2013, it changed to its current name, Pickenpack Production Lüneburg GmbH; and

    d.      TST The Seafood Traders GmbH (registered under HRB 205993): Incorporated on January 6, 2011.

6

17.     The principal place of business and registered office for each of the Pickenpack Entities is located in Germany, at Lüner Rennbahn 9, 21339 Lüneburg, Germany.  The books and records of the Pickenpack Entities are located at this location as well.  The Pickenpack Entities' current and prior assets are located in Germany, including funds in German bank accounts, and machinery, equipment and real estate in Germany, the majority of which has already been liquidated by the Petitioner in his role as Insolvency Administrator.  In addition, the Company historically has paid taxes directly to the German government and continues to do so.

18.     The vast majority of the Pickenpack Entities' operations are located outside of the United States and are mostly located in Germany.

19.     Moreover, the vast majority of the Pickenpack Entities' creditors are located in Germany.  As reflected in the German Court Orders, the majority of the members for each of the Pickenpack Entities' respective creditors' committees are also located in Germany.

## II.     Pre-Liquidation Management and Ownership of the Pickenpack Entities

20.     Prior to the German Proceedings of each of the Pickenpack Entities, Mr. Finnbogi A. Baldvinsson was managing director of PP Holding.  In addition, Mr. Baldvinsson and Ms. Andrea Meyer were managing directors of PP Production and PP Europe.  Mr. Baldvinsson's son, Fjölnir Finnbogason, and Andrea Meyer (together with Mr. Baldvinsson and Mr. Finnbogason, the "Management"), were managing directors of TST.  Although the Management is still in place, as of the commencement of the German Proceedings, they are no longer authorized to run the Pickenpack Entities and are only assisting the Insolvency Administrator in the liquidation process.

21.     PP Production, PP Europe and TST are each wholly-owned subsidiaries of PP Holding.  The shares of PP Holding are held by Asarmona Holdings Limited (holding 94% of the PP Holding shares) and Mastonia Investments Limited (holding 6% of the PP Holding shares).

In addition, Pacific Andes International Holdings Ltd. ("Pacific Andes") holds a 19% indirect ownership.

## III.   Events Leading up to the Commencement of the German Proceedings

22.   In the beginning of 2013, the management of the Pickenpack Entities made efforts to restructure in order to reduce costs and expenses.  Part of this restructuring process was the relocation of production capacity from Lüneburg to Riepe in order to reduce the headcount at the Lüneburg facilities.  In late 2014, the management reduced the headcount by 140 employees at the Lüneburg location.   However, although material savings in costs and expenses were achieved, the restructuring was not sustainable.

23.   The most significant event leading to the commencement of the German Proceedings was the lack of currency hedging between the U.S. dollar and Euro.  Previously, the Pickenpack Entities entered into all of its supply agreements for the purchase of the raw material on a U.S. dollar basis and entered into its (long-term) customer agreements for the sale of its products on a Euro basis.   The currency-based cost-to-income calculation collapsed as the exchange rates changed.  As a result, the Business generated losses based on the lack of currency hedging.

24.   In addition, historically, Pacific Andes, in its capacity as the "indirect ultimate parent company," reimbursed the Pickenpack Entities for losses incurred in the ordinary course of business, in part, in the form of letters of comfort issued by Pacific Andes.  In 2015, Pacific Andes encountered financial difficulties.  In a report submitted by Deloitte and Touche GmbH, dated November 21, 2015 (the "Deloitte & Touche Report"), submitted at the behest of the Pickenpack Entities' creditor, Rabobank Banking Consortium, it was determined that the letters of comfort provided by Pacific Andes were worthless.

8

**IV.**      **The German Proceedings and Appointment of the Insolvency Administrator**

25.      Shortly after the Deloitte and Touche Report was submitted, on December 2, 2015, the Pickenpack Entities filed a request with the German Court to open the insolvency proceedings under the Insolvency Statute of October 5, 1994, as last amended by Article 19 of the Act of December 20, 2011 (the "German Insolvency Act").

26.      On December 3, 2015, the German Court issued the Preliminary Court Order appointing Friedrich von Kaltenborn-Stachau as the preliminary insolvency administrator and instructing him to determine whether the statutory requirements for the opening of insolvency proceedings was fulfilled.  In his report dated February 24, 2016, Friedrich von Kaltenborn-Stachau, in his capacity as the preliminary Insolvency Administrator, determined that the Pickenpack Entities were "illiquid" (*zahlungsunfähig*) and "over-indebted" (*überschuldet*) and that, therefore, the statutory requirements under the German Insolvency Act for the opening of insolvency proceedings was met.

27.      Based, in large part, on Friedrich von Kaltenborn-Stachau's findings, the German Court found that the Pickenpack Entities were "insolvent and heavily indebted" and issued the German Insolvency Order opening the German Proceedings over the assets of the Pickenpack Entities on March 1, 2016 and appointing Friedrich von Kaltenborn-Stachau as the Insolvency Administrator of the Pickenpack Entities.  *See* German Insolvency Order.

28.      As discussed in the Schwencke Declaration, the Petitioner is vested with the right to administer the assets of the insolvency estate (*Insolvenzmasse*) of the Pickenpack Entities and to dispose of any of the assets and is the sole person entitled to act on behalf of the Pickenpack Entities with respect to all matters regarding the insolvency estates.  *See*  Schwencke Declaration at ¶ 13.

## V.   Key Developments in the German Proceedings

29.     Upon appointment, the Petitioner began administering the Pickenpack Entities from Germany pursuant to the German Court Orders.  Specifically, the Petitioner worked with the Management and held weekly meetings in Lüneburg and/or Riepe, Germany to discuss the ongoing operations of the Pickenpack Entities.  In order to control and operate the business activities of the Pickenpack Entities, the Petitioner and/or members of his team were present in Lüneburg and/or Riepe on nearly all weekdays between December 3, 2015 and June 30, 2016. Furthermore, the Petitioner personally met with workers at the Lüneburg and Riepe facilities regarding the ongoing German Insolvency Proceedings and the sale of the TST assets.

30.     Shortly after his appointment, the Petitioner retained Ernst & Young GmbH ("E&Y") in order to solicit potential purchasers for the Pickenpack Entities.  E&Y subsequently contacted more than 100 potential interested parties of which seven investors submitted offers. However, due to lack of customer approval and insufficient offer amounts, these offers did not result in a sale of the assets at that time.

31.     In light of the lack of qualified offers, the Petitioner decided, with the consent of the creditors' committees for each of the Pickenpack Entities, on the closure of the business and operations for each of the Pickenpack Entities.  This was based on a determination that the ongoing costs required to continue the business and operations outweighed the costs of a closure.

32.     Subsequently, the Petitioner:

    (a)     continued operations up until June 30, 2016, at which time the Petitioner closed down operations for PP Production and PP Europe in Lüneburg;

    (b)     sold all assets of TST to Trident, which continues to operate TST in Riepe, Germany; and

    (c)     sold various assets of the Pickenpack Entities, including real estate, machinery, and equipment.

26355239

33.     The Petitioner has also retained Curtis to obtain legal advice and other services. The Petitioner has advised and instructed Curtis of the German Proceedings and various other matters from Germany.

## VI.    **Authorization of the Pickenpack Entities' Chapter 15 Cases**

34.     Under Section 80 of the German Insolvency Act, upon the opening of the German Proceeding, as the duly appointed Insolvency Administrator, the Petitioner is vested with the right to administer the assets of the insolvency estate of the Pickenpack Entities and to dispose of any of the assets. *See* Schwencke Declaration ¶ 13.

35.     Pursuant to Sections 35(1), 80 and 148 of the German Insolvency Act, the Petitioner is empowered to preserve, collect and liquidate all assets of the Pickenpack Entities for distribution, wherever those assets may be located. *See* Schwencke Declaration ¶ 17. The general purpose of the German Proceedings is to: (a) protect the interests of and treat equally all of creditors of the Pickenpack Entities worldwide; and (b) prevent impairment of Pickenpack Entities' assets. *See id.* To achieve this purpose, pursuant to Section 35 of the German Insolvency Act, the German Proceedings encompass all of the Pickenpack Entities' assets worldwide, regardless of whether they are located in Germany or abroad. *See id.* Therefore, the Petitioner is authorized to pursue claims and assets of the Pickenpack Entities outside of Germany, including pursuant to a chapter 15 filing in the United States.

## VII.   **Connections to the United States**

36.     The Pickenpack Entities do not have a domicile, residence, or place of business in the United States. They do, however, have property in the United States, consisting of a retainer held in a client trust account with Curtis in New York, New York. Additionally, the Pickenpack Entities possess intangible property in the United States in the form of claims and causes of action.

11

26355239

## RELIEF REQUESTED

37.    The Petitioner, as the foreign representative of the Company, seeks entry of the

Proposed Order granting the following relief:

(a)    recognition of the German Proceeding as a foreign main proceeding as defined in section 1502(4) of the Bankruptcy Code;

(b)    all relief afforded a foreign main proceeding automatically upon recognition pursuant to section 1520 of the Bankruptcy Code;

(c)    certain discretionary relief pursuant to section 1521(a) of the Bankruptcy Code; and

(d)    such other and further relief as this Court may deem just and proper.

38.    At this time, the Petitioner is not seeking provisional relief under section 1519 of

the Bankruptcy Code.  If the Court determines that the German Proceeding is not a foreign main

proceeding, however, the Petitioner respectfully requests that the Court entertain the Petition as

one for recognition of a foreign non-main proceeding pursuant to sections 1502(5) and

1517(b)(2) of the Bankruptcy Code because the Company has an establishment in Germany, as

defined in section 1502(2) of the Bankruptcy Code.

39.    If the German Proceeding is recognized as a foreign non-main proceeding, the

Petitioner requests relief under section 1521 of the Bankruptcy Code that tracks the relief granted

automatically under section 1520.

40.    The Petitioner believes that the German Proceeding, with the assistance of this

Court, offers the best means of liquidating the Company and achieving a global, equitable

resolution of the Company's liabilities.  Recognition of the German Proceeding as a foreign main

proceeding under chapter 15 of the Bankruptcy Code is critical to achieving this goal.  The

Court's assistance is also necessary for the Petitioner to pursue certain claims in the courts of the

United States for the benefit of the Company and its creditors and to access courts within the

United States pursuant to section 1509(b) of the Bankruptcy Code.  Based on the foregoing,

relief under chapter 15 is appropriate and necessary to achieve the goals of the German

Proceeding.

## BASIS FOR RELIEF REQUESTED

41.     The statutory predicates for the relief requested herein are sections 1504, 1509,

1515, 1517, 1520, and 1521 of the Bankruptcy Code.

42.     Chapter 15 of the Bankruptcy Code was specifically designed to assist foreign

representatives, such as the Petitioner, in the performance of his duties.  One of the primary

objectives of chapter 15 is the "fair and efficient administration of cross-border insolvencies that

protect the interests of all creditors, and other interested entities, including the debtor."  11

U.S.C. § 1501(a)(3).

43.     Section 1517 of the Bankruptcy Code mandates entry of an order recognizing a

"foreign proceeding" if, after notice and a hearing, it appears that recognition will not undermine

the public policy of the United States and "(1) such foreign proceeding for which recognition is

sought is a foreign main proceeding or a foreign non-main proceeding within the meaning of

section 1502; (2) the foreign representative applying for recognition is a person or body; and

(3) the petition meets the requirements of section 1515."  11 U.S.C. § 1517(a).

44.     All of these requirements for recognition under chapter 15 are satisfied under the

facts of this case.  Additionally, the relief requested herein does not undermine the public policy

of the United States because it is appropriate under chapter 15 and is consistent with the goals of

international cooperation and assistance to foreign courts as embodied in chapter 15 of the

Bankruptcy Code.

26355239

## NOTICE

45.     Notice of this Petition will be provided in accordance with the terms set forth in the *Ex Parte Order (I) Scheduling Hearing Regarding Verified Chapter 15 Petition, and (II) Specifying Form and Manner of Service of Notice* submitted to the Court.

46.     The Petitioner submits that such notice is proper and that no other or further notice need be provided.

## NO PRIOR REQUEST

47.     No prior request for the relief requested herein has been made to this or any other court in the United States.

## RESERVATION

48.     No statement or omission in this Petition or any related filings should be construed as (i) an admission with respect to the nature, extent, scope, or validity of any potential claim against the Pickenpack Entities or their assets or (ii) a full and complete statement of the facts and circumstances relevant to these chapter 15 cases.  Further, the Petitioner reserves any and all rights it may have to amend, modify, or file supplemental papers in connection with this Petition and the requested relief to the extent that the Petitioner deems appropriate.

*[Remainder of page intentionally left blank.]*

14

## **CONCLUSION**

WHEREFORE, the Petitioner respectfully requests that this Court grant the relief requested herein and such other and further relief as may be just and proper.

Dated:  New York, New York
      September 22, 2016

                **CURTIS, MALLET-PREVOST,**
                **COLT & MOSLE LLP**

                By:       *L. P. Harrison 3rd*
                      L. P. Harrison 3rd
                      Turner P. Smith
                      Peter J. Buenger
                101 Park Avenue
                New York, New York 10178-0061
                Telephone: (212) 696-6000
                Facsimile:  (212) 697-1559
                Email:  lharrison@curtis.com
                          tsmith@curtis.com
                          pbuenger@curtis.com

                *Counsel for the Petitioner*

26355239

## <u>VERIFICATION</u>

Hamburg                    )
                           ) ss.:
Germany                    )


      I, Friedrich von Kaltenborn-Stachau, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States of America as follows:

      I am the Insolvency Administrator of Pickenpack Holding Germany GmbH. I have the full authority to verify this petition on behalf of Pickenpack Holding Germany GmbH.

      I have read the foregoing petition, and I am informed and believe that the factual allegations contained therein are true and accurate.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

      Executed this 22nd day of September, 2016

      */s/ Friedrich von Kaltenborn-Stachau*
      Friedrich von Kaltenborn-Stachau, Insolvency
      Administrator of Pickenpack Holding Germany
      GmbH

16

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :
In re:                                                  :    Chapter 15
                                                        :
PICKENPACK HOLDING GERMANY GMBH, *et al.*,[1]           :    Case No. 16-_____(___)
                                                        :
        Debtors in Foreign Proceedings.                 :    Jointly Administered
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER GRANTING RECOGNITION OF FOREIGN**
**MAIN PROCEEDINGS AND RELATED RELIEF PURSUANT TO SECTIONS**
**1504, 1509, 1515, 1517, 1520, AND 1521 OF THE BANKRUPTCY CODE**

This matter came before the Court upon the verified petitions of Friedrich von

Kaltenborn-Stachau, in his capacity as Insolvency Administrator (the "Petitioner") of Pickenpack

Holding Germany GmbH, Pickenpack Europe GmbH, Pickenpack Production Lüneburg GmbH,

and TST The Seafood Traders GmbH (collectively, the "Pickenpack Entities") and as a duly

authorized foreign representative as defined by section 101(24) of title 11 of the United States

Code, as amended (the "Bankruptcy Code") in the above-captioned chapter 15 cases, for the

entry of an order granting recognition of foreign main proceedings (the "Petitions"). The Court

has reviewed and considered, among other things, (i) the Petitions and the exhibits attached

thereto, (ii) the Memorandum of Law in Support of Verified Petitions for Recognition of Foreign

Proceedings Pursuant to Sections 1504, 1509, 1515, 1517, 1520, and 1521 of the Bankruptcy

Code, (iii) the Declaration of Friedrich von Kaltenborn-Stachau, the Petitioner, dated September

22, 2016, (iv) the Declaration of Bjoern Schwencke, German legal counsel to the Petitioner,

dated September 15, 2016, and (v) the arguments and testimony presented at the hearing held on

---

[1] The Debtors in these chapter 15 cases are: (i) Pickenpack Holding Germany GmbH; (ii) Pickenpack Europe GmbH; (iii) Pickenpack Production Lüneburg GmbH; and (iv) TST The Seafood Traders GmbH. The registered office for the Pickenpack Entities is located at Lüner Rennbahn 9, 21339 Lüneburg, Germany.

October __, 2016.  Based on the foregoing, the Court makes the following findings of fact and conclusions of law:

A.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

B.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1410.

C.     This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

D.     The Petitioner, as insolvency administrator of the Pickenpack Entities, is a foreign representative, as defined by section 101(24) of the Bankruptcy Code.

E.     The Pickenpack Entities are subject to foreign proceedings within the meaning of section 101(23) of the Bankruptcy Code.

F.     The center of the Pickenpack Entities' main interests is Germany, and the Pickenpack Entities are subject to foreign main proceedings within the meaning of section 1502(4) of the Bankruptcy Code.

G.     The above-captioned chapter 15 cases were properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code.

H.     The Petitions satisfy the requirements of section 1515 of the Bankruptcy Code.

I.     The Petitioner has standing to commence litigation in a court in the United States pursuant to section 1509(b)(1) of the Bankruptcy Code.

J.     The Petitioner is entitled to all the relief pursuant to section 1521 of the Bankruptcy Code.

K.     The relief requested is necessary and appropriate, in the interests of international comity, consistent with the public policy of the United States, and warranted pursuant to sections 105(a), 1517, 1520, and 1521 of the Bankruptcy Code.

2

**NOW, THEREFOR, IT IS HEREBY**

**ORDERED** that the Pickenpack Entities' insolvency proceedings pending before the Local Court of Lüneburg, Germany (the "German Proceedings") are granted recognition pursuant to section 1517(a) of the Bankruptcy Code; and it is further

**ORDERED** that all objections and reservations of rights relating to the Petitions that have not been withdrawn, waived, or otherwise resolved are overruled in all respects on the merits and denied; and it is further

**ORDERED** that the German Proceedings are granted recognition as foreign main proceedings pursuant to section 1517(b)(1) of the Bankruptcy Code; and it is further

**ORDERED** that all relief afforded to a foreign main proceeding, a foreign debtor subject to such foreign main proceeding, and the foreign representatives of such foreign debtor automatically upon recognition pursuant to section 1520 of the Bankruptcy Code is granted to the German Proceedings, the Pickenpack Entities, and the Petitioner, including, without limitation, the protections afforded by section 362 of the Bankruptcy Code; and it is further

**ORDERED** that the Petitioner is entrusted with the administration and realization of all the Pickenpack Entities' assets within the territorial jurisdiction of the United States; and it is further

**ORDERED** that the Petitioner is authorized to operate the business of the Pickenpack Entities, which are the subject of the German Proceedings, and may exercise the powers of a trustee under and to the extent provided by 11 U.S.C. § 1520 during these chapter 15 cases and no action taken during such period by the Petitioner, or his agents, representatives, advisors, or counsel, in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the German Proceedings, this Order, these chapter 15 cases,

3

any adversary proceeding, or any further proceeding commenced in these chapter 15 cases shall

be deemed to constitute a waiver of the immunity afforded such person under 11 U.S.C. §§ 306

or 1510; and it is further

**ORDERED** that the Petitioner is hereby authorized to examine witnesses, take evidence,

seek production of documents, and deliver information concerning the assets, affairs, rights,

obligations, or liabilities of the Pickenpack Entities under the law of the United States without

further order of this Court; and it is further

**ORDERED** that the Petitioner is entitled to all the relief pursuant to section 1521 of the

Bankruptcy Code; and it is further

**ORDERED** that section 108 of the Bankruptcy Code applies to the above captioned

chapter 15 cases and that the relief provided therein, including section 108(a), is available to the

Petitioner from and after the filing of the Petitions on September 22, 2016; and it is further

**ORDERED** that the Petitioner is authorized to file suit within the United States in

furtherance of his activities as insolvency administrator; and it is further

**ORDERED** that this Court shall retain jurisdiction with respect to the enforcement,

amendment, or modification of this Order, and requests for any additional relief in these chapter

15 cases and all adversary proceedings in connection herewith properly commenced and within

the jurisdiction of this Court; and it is further

**ORDERED** that a copy of this Order shall be served by United States mail, first-class

postage prepaid, by overnight courier, by electronic mail, or by hand delivery where practicable,

upon (i) the Pickenpack Entities, (ii) all parties to litigation pending in the United States, if any,

in which the Pickenpack Entities are a party at the time of the filing of the Petitions and their

respective counsel, if known, (iii) the Office of the United States Trustee for Region 2, (iv) all

26355239

parties who filed a request for service of notices pursuant to Bankruptcy Rule 2002, (v) counsel to the debtors and all parties who filed a request for service of notices pursuant to Bankruptcy Rule 2002 in the bankruptcy cases of *In re China Fishery Group Limited (Cayman), et al.*, No. 16-11895 (JLG) (Bankr. S.D.N.Y. 2016) and *In re CFG Investment S.A.C., et al.*, No. 16-11891 (JLG) (Bankr. S.D.N.Y. 2016), and (vi) such other entities as the Court may direct; and it is further

**ORDERED** that service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes.


Dated: New York, New York
       _____, 2016

                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT B



**Certified Translation**

- Enforceable official copy -

**District Court of Lüneburg**
**Insolvency Court**
**File no.: 56 IN 83/15**
**(Please always indicate)**

December 3, 2015

# O r d e r

In the insolvency proceedings regarding the assets of

Pickenpack Holding Germany GmbH, Lüner Rennbahn 9, 21339 Lüneburg (District Court of Lüneburg,
HRB [Commercial Register, Section B] 200209),
represented by:
Finngobi A. Baldvinsson, Ihlow (Managing Director),

- Applicant -

Legal counsel:
Rechtsanwälte (Attorneys-at-Law) Witthohn Aschmann Schellack, partnership company, Drehbahn 7,
20354 Hamburg,

the following is ordered pursuant to Articles 21, 22 Insolvency Act to secure the insolvency estate and to
protect the creditors against the Applicant on **December 3, 2015 at 11:00 AM:**

1.  Pursuant to Article 21 Section 2 No. 1 Insolvency Act, the provisional administration of the
    assets of the Applicant is ordered.
    **As provisional insolvency administrator, the following person is appointed:**

    Rechtsanwalt (Attorney-at-Law) Friedrich von Kaltenborn-Stachau, c/o BRL Boege Rohde
    Luebbehuesen, Jungfernstieg 30, 20354 Hamburg, phone: +49 40 35006188, fax: +49 40
    35006176, email: friedrich.von.kaltenborn@brlnet.com.

2.  Pursuant to Article 21 Section 2 No. 2 Insolvency Act it is ordered that instructions of the
    Applicant are only effective with the consent of the provisional insolvency administrator.

3.  Pursuant to Article 21 Section 2 No. 1a Insolvency Act, a provisional committee of creditors is
    implemented. As members of the provisional committee of creditors are appointed:

.../2

Page 2

- Coöperative Centrale Raiffeisen-Boerenleenbank B.A. Hong Kong branch (in short Rabo Bank), Graadt van Roggenweg 400 (UG C13.020), 3531 AH Utrecht, Netherlands (creditor with the right to preferential satisfaction and creditor with the hightest claims)

- Sascha Gawlik, Agentur für Arbeit [Federal Employment Office] Lüneburg-Uelzen, An den Reeperbahnen 2, 21335 Lüneburg

- KPMG AG Wirtschaftsprüfungsgesellschaft, Barbarossaplatz 1 a, 50674 Köln, represented by Attorney-at-Law Jan Gerrit Kehbel  (group of small creditors)

4.   Measures of execution are enjoined pursuant to Article 21 Section 2 No. 3 Insolvency Act; already initiated measures are temporarily suspended - unless immovable objects are concerned.

5.   The provisional insolvency administrator is authorized to collect claims of the Applicant in a trust account.

6.   Pursuant to Article 22 Section 2 Insolvency Act, the provisional insolvency administrator is to

   a)   secure and maintain the assets of the Applicant
   b)   manage a company operated by the Applicant until an order is made regarding the opening of insolvency proceedings with the Applicant, unless the insolvency court agrees to a closure in order to avoid a significant reduction of the assets.

7.   The provisional insolvency administrator is authorized to enter the business premises of the Applicant; the Applicant has to grant the provisional insolvency administrator access to the books and business documents.

8.   In addition, the provisional insolvency administrator is instructed to review as an expert whether there is a reason to open insolvency proceedings and whether the assets are sufficient to cover the costs of the insolvency proceedings (Article 22 Section 1 Sentence 2 No. 3, Section 2 Insolvency Act); is it also to be reviewed to which extent there are prospects for the continuation of the company operated by the Applicant. Furthermore, the expert is to give information regarding the period in which the substantive insolvency maturity occurred, and insolvency-specific claims are to be presented.

.../3

Page 3

9.      The power of disposal regarding existing employment relationships continue to fall to the
        Applicant; the establishment, changing and termination of existing employment relationships
        require the consent of the provisional insolvency administrator.

10.     Pursuant to Articles 20, 97 Insolvency Act, the Applicant is instructed to immediately contact the
        provisional insolvency administrator and to present to him

        a)      a complete list of assets organized in view of assets and liabilities, while stating the
                respective current values and foreign rights (title retentions, transfers of ownership by
                way of security, liens),

        b)      a list each of the Applicant's creditors and debtors with complete address information
                (no abbreviations) while stating the existing liabilities or receivables as well as the
                reason (e.g. purchase contract, loan, etc.).

        The Applicant is made aware that the Applicant has to affirm the correctness of this information
        if the insolvency court deems this necessary in order to procure truthful information (Article 98
        Section 1 Insolvency Act). The criminal liability of a false affidavit is explained (Article 156
        German Code of Criminal Procedure).

11.     The order of the provisional administration is carried out upon the request of the Applicant.

        The order is necessary to prevent disadvantageous changes for the creditors in the financial
        situation of the Applicant or to clear up disadvantageous actions until an order is made
        regarding the petition.

        The order is necessary in order to continue to manage and maintain the company of the
        Applicant.

**Instruction on the right to appeal**
This order may be appealed against by the Applicant by means of an immediate appeal. The appeal is to be lodged
within a deadline of two weeks with the District Court of Lüneburg, - Insolvency Court -, Am Ochsenmarkt 3, 21335
Lüneburg.
The deadline starts with the notification or the pronouncement of the order. If the notification was carried out via
public announcement, it starts two days after the day of publication. Is a public announcement made in addition to
the notification, the earlier event is relevant for the start of the deadline.
The appeal may be lodged via submission of a notice of appeal with the above-mentioned court or declared
through recording at any district court's registry; compliance with the deadline depends on when the above-
mentioned court receives the submission. It has to be signed by the appellant or its authorized representative. The
appeal must indicate the appealed order as well as an explanation that an appeal is lodged against this order. If the
order is only partially appealed against, the scope of what is appealed is to be stated.

                                                                                                    .../4

Page 4

The appeal has to be substantiated.

Friedrichsen
Judge at the District Court

The above-mentioned order is herewith executed and
given to the provisional  insolvency administrator for
the purpose of taking possession.
Lüneburg, December 3, 2015

(Signature)

Beckmann, Justizobersekretärin [senior judicial secretary]
as clerk of the court office

> Rubber stamp
> District Court of Lüneburg

---

THIS IS TO CERTIFY THAT the above is a complete and correct translation of the German original.

Lüneburg, September 9, 2016

Wilfried Oppermann

Sworn interpreter and translator for the courts and
notaries of the judicial district of Hannover / Lower
Saxony



# A P O S T I L L E

(Convention de la Haye du 5 octobre 1961)

1. Land: Bundesrepublik Deutschland

   Diese Übersetzung

2. ist unterschrieben von Wilfried Oppermann in Lüneburg

3. in seiner Eigenschaft als

   allgemein ermächtigter Urkundenübersetzer  für

   das Gebiet des Landes Niedersachsen   für die

   englische Sprache

4. Bestätigt

5. in Hannover               6. am 13. September 2016


7. durch den Präsidenten des Landgerichts in Hannover

8. unter Nr. 91 a E 2 – 1729/16

9. Stempel                        10. Unterschrift

                     Der Präsident des Landgerichts

                              Im Auftrag

                              (Scherer)

                          Justizsekretärin

- Vollstreckbare Ausfertigung -

# Amtsgericht Lüneburg
**Insolvenzgericht**
**Geschäfts-Nr.: 56 IN 83/15**
(Bitte stets angeben)

03.12.2015

# B e s c h l u s s

In dem Insolvenzantragsverfahren

über das Vermögen der

Pickenpack Holding Germany GmbH, Lüner Rennbahn 9, 21339 Lüneburg (AG
Lüneburg, HRB 200209),
vertreten durch:
Finngobi A. Baldvinsson, Ihlow, (Geschäftsführer),

- Antragstellerin -

Verfahrensbevollmächtigte:
Rechtsanwälte Witthohn Aschmann Schellack, Partnerschaftsgesellschaft, Drehbahn
7, 20354 Hamburg,

wird gemäß §§ 21, 22 InsO zur Sicherung der Masse und zum Schutz der Gläubiger
gegen die Antragstellerin am **03.12.2015 um 11:00 Uhr** angeordnet:

1. Gemäß § 21 Abs. 2 Nr. 1 InsO wird die vorläufige Verwaltung des Vermögens der
   Antragstellerin angeordnet.
   **Zum vorläufigen Insolvenzverwalter wird bestellt:**

   Rechtsanwalt Friedrich von Kaltenborn-Stachau, c/o BRL Boege Rohde
   Luebbehuesen, Jungfernstieg 30, 20354 Hamburg, Tel.: 040/35006188, Fax:
   040/35006176, E-Mail: friedrich.von.kaltenborn@brlnet.com.

2. Gemäß § 21 Abs. 2 Nr. 2 InsO wird angeordnet, dass Verfügungen der
   Antragstellerin nur mit Zustimmung des vorläufigen Insolvenzverwalters wirksam
   sind.

3. Es wird gemäß § 21 Abs. 2 Nr. 1a InsO ein vorläufiger Gläubigerausschuss
   eingesetzt. Zu Mitgliedern des vorläufigen Gläubigerausschusses werden
   bestimmt:

   - die Coöperative Centrale Raiffeisen-Boerenleenbank B.A. Hongkong Branch
     (kurz Rabobank), Graadt van Roggenweg 400 (UG C13.020), AH Utrecht,
     Niederlande, vertr. durch Herrn Marc Nuhn (Gläubiger mit
     Absonderungsrechten und Gläubiger mit den höchsten Forderungen)
   - Herr Sascha Gawlik, Agentur für Arbeit Lüneburg-Uelzen, An den
     Reeperbahnen 2, 21335 Lüneburg

- die KPMG AG Wirtschaftsprüfungsgesellschaft, Barbarossaplatz 1a, 5(, Köln, vertr. durch Herrn Rechtsanwalt Jan Gerrit Kehbel (Gruppe Kleingläubiger)

4. Maßnahmen der Zwangsvollstreckung werden gem. § 21 Abs. 2 Nr. 3 InsO untersagt, bereits eingeleitete Maßnahmen werden einstweilen eingestellt - soweit nicht unbewegliche Gegenstände betroffen sind.

5. Der vorläufige Insolvenzverwalter wird ermächtigt, Forderungen der Antragstellerin auf ein Treuhandkonto einzuziehen.

6. Der vorläufige Insolvenzverwalter soll gemäß § 22 Abs. 2 InsO
   a) das Vermögen der Antragstellerin sichern und erhalten
   b) ein Unternehmen, das die Antragstellerin betreibt, bis zur Entscheidung über die Eröffnung des Insolvenzverfahrens mit der Antragstellerin fortführen, soweit nicht das Insolvenzgericht einer Stilllegung zustimmt, um eine erhebliche Verminderung des Vermögens zu vermeiden.

7. Der vorläufige Insolvenzverwalter ist berechtigt, die Geschäftsräume der Antragstellerin zu betreten; die Antragstellerin hat dem vorläufigen Insolvenzverwalter Einsicht in ihre Bücher und Geschäftspapiere zu gestatten.

8. Der vorläufige Insolvenzverwalter wird zusätzlich beauftragt, als Sachverständiger zu prüfen, ob ein Eröffnungsgrund vorliegt und ob das Vermögen zur Deckung der Kosten des Insolvenzverfahrens ausreicht (§ 22 Abs. 1 S. 2 Nr. 3, Abs. 2 InsO); außerdem ist zu prüfen, welche Aussichten für eine Fortführung des von der Antragstellerin betriebenen Unternehmens bestehen. Ferner soll der Sachverständige auch Angaben dazu machen, in welchem Zeitraum die materiell-rechtliche Insolvenzreife eingetreten ist und es sollen insolvenzspezifische Ansprüche dargestellt werden.

9. Die Verfügungsbefugnis über bestehende Arbeitsverhältnisse obliegen weiterhin der Antragstellerin; die Begründung, Änderung und Beendigung bestehender Arbeitsverhältnisse bedürfen der Zustimmung des vorläufigen Insolvenzverwalters.

10. Der Antragstellerin wird gemäß §§ 20, 97 InsO aufgegeben, sich unverzüglich mit dem vorläufigen Insolvenzverwalter in Verbindung zu setzen und ihm

   a) ein vollständiges Vermögensverzeichnis nach Aktiva und Passiva geordnet, unter Angabe der jeweiligen Zeitwerte und Fremdrechte (Eigentumsvorbehalte, Sicherungsübereignungen und Pfandrechte),

   b) je ein Verzeichnis ihrer Gläubiger und Schuldner mit vollständigen Anschriften (keine Abkürzungen) unter Angabe der bestehenden Verbindlichkeiten bzw. Forderungen sowie des Grundes (z. B. Kaufvertrag, Darlehen usw.),

vorzulegen.

Die Antragstellerin wird darauf aufmerksam gemacht, dass sie die Richtigkeit dieser Angaben an Eides statt zu versichern hat, wenn das Insolvenzgericht dieses zur Herbeiführung wahrheitsgemäßer Angaben für erforderlich hält (§ 98 Abs. 1 InsO). Auf die Strafbarkeit einer falschen eidesstattlichen Versicherung wird hingewiesen (§ 156 StGB).

le Anordnung der vorläufigen Verwaltung erfolgt auf Antrag der Antragstellerin.

Die Anordnung ist notwendig, um bis zur Entscheidung über den Antrag eine für die Gläubiger nachteilige Veränderung in der Vermögenslage der Antragstellerin zu verhindern oder nachteilige Handlungen aufzuklären.

Die Anordnung ist notwendig, um den Betrieb der Antragstellerin fortzuführen und zu erhalten.

## Rechtsmittelbelehrung

Diese Entscheidung kann durch die Antragstellerin mit der sofortigen Beschwerde angefochten werden. Sie ist innerhalb einer Notfrist von 2 Wochen bei dem Amtsgericht Lüneburg,- Insolvenzgericht-, Am Ochsenmarkt 3, 21335 Lüneburg einzulegen.
Die Frist beginnt mit der Zustellung bzw. mit der Verkündung der Entscheidung. Soweit die Zustellung durch öffentliche Bekanntmachung erfolgt ist, beginnt sie, sobald nach dem Tage der Veröffentlichung zwei weitere Tage verstrichen sind. Erfolgt die öffentliche Bekanntmachung neben der Zustellung ist für den Beginn der Frist das frühere Ereignis maßgebend.
Die Beschwerde kann durch Einreichung einer Beschwerdeschrift bei dem o. g. Gericht eingelegt oder auch zu Protokoll der Geschäftsstelle eines jeden Amtsgerichts erklärt werden, wobei es für die Einhaltung der Frist auf den Eingang bei dem o. g. Gericht ankommt. Sie ist von dem Beschwerdeführer oder seinem Bevollmächtigten zu unterzeichnen. Die Beschwerde muss die Bezeichnung des angefochtenen Beschlusses sowie die Erklärung enthalten, dass Beschwerde gegen diesen Beschluss eingelegt wird. Soll die Entscheidung nur zum Teil angefochten werden, so ist der Umfang der Anfechtung zu bezeichnen.
Die Beschwerde soll begründet werden.

Friedrichsen
Richter am Amtsgericht

Vorstehender Beschluss wird hiermit ausgefertigt und dem vorläufigen Insolvenzverwalter zum Zwecke der Inbesitznahme erteilt.
Lüneburg, den 08.12.2015

Beckmann, Justizobersekretärin
als Urkundsbeamtin der Geschäftsstelle



**<u>EXHIBIT C</u>**



**Certified Translation**

The following copy of the order is sent to you in advance via fax for information.

- Copy -

## District Court of Lüneburg
**Insolvency Court**
**File no.: 56 IN 83/15**
**(Please always indicate)**

**March 1, 2016**

O r d e r

In the insolvency matter regarding the assets of

Pickenpack Holding Germany  GmbH, Lüner Rennbahn 9, 21339 Lüneburg (District Court of Lüneburg, HRB [Commercial Register, Section B] 200209),
represented by:
Finngobi A. Baldvinsson, Ihlow, (Managing Director),

Legal counsel:
Rechtsanwälte (Attorneys-at-Law) Witthohn Aschmann Schellack, partnership company, Drehbahn 7, 20354 Hamburg,

insolvency proceedings are opened today, March 1, 2016, at 10:00 AM pursuant to Articles 2, 3, 11, 16 et seq. Insolvency Act.

As insolvency administrator, the following person is appointed:

**Rechtsanwalt (Attorney-at-Law) Friedrich von Kaltenborn-Stachau, c/o BRL Boege Rohde Luebbehuesen, Jungfernstieg 30, 20354 Hamburg, phone: +49 40 35006188, fax: +49 40 35006176, email: friedrich.von.kaltenborn@brlnet.com**

The debtor is prohibited to dispose of his current and future assets belonging to the insolvency estate for the duration of the insolvency proceedings. The power of disposal is transferred to the insolvency administrator.

Debt-satisfying payments to the debtor cannot be made after the date of opening. If payments are nevertheless made to the debtor and if such payments are not included in the insolvency estate, there is a danger of an additional obligation to pay towards the insolvency administrator.

.../2

Page 2

The insolvency administrator is ordered to execute the notifications pursuant to Article 8 Section 3 Insolvency Act.

**The creditors are prompted to do the following:**

a)    Announce insolvency claims (Article 38 Insolvency Act) to the insolvency administrator in writing while including deeds, invoices and, if applicable, additional documents exceeding the claim while observing Article 174 Insolvency Act until: **April 20, 2016**.

b)    Inform the insolvency administrator immediately of the liens they claim regarding movable objects or rights of the debtor. The object for which a lien is claimed, the nature and reason of the lien as well as the secured claim are to be stated. If a person culpably omits or delays such notification, he is liable for any damage resulting therefrom (Article 28 Section 2 Insolvency Act).

**Persons with obligations towards the debtor are prompted** to make payments to the insolvency administrator and no longer to the debtor (Article 28 Section 3 Insolvency Act).

The proceedings shall be oral proceedings.

The following hearings will be held before the Insolvency Court:

1.    On:
      **Tuesday, April 12, 2016, 10:00 AM, Lüner Rennbahn 9, 21339 Lüneburg**

      a creditors' meeting for the reporting via the insolvency administrator
      **(reporting date);**

      at the same time, the meeting also serves to decide on

      •    the insolvency administrator (Article 57 Insolvency Act).
      •    the implementation or retention and manning of a committee of creditors (Article 68 Insolvency Act)

      as well as potentially on:

      •    the effectiveness of the administrator's explanation regarding assets from self-employment (Article 35 Section 2 Insolvency Act).
      •    interim rendering of accounts towards the creditors' meeting (Article 66 Section 3 Insolvency Act),
      •    a depository and conditions regarding making investments and depositing money, securities and valuables (Article 149 Insolvency Act),
      •    the progression of the proceedings (Article 157 Insolvency Act); e.g. closure of the company, temporary continuation or insolvency plan,
      •    the utilization of the insolvency estate (Article 159 Insolvency Act),

.../3

Page 3

- especially significant legal acts of the insolvency administrator (Article 160 Insolvency Act); especially: the sale of the company of the debtor, the warehouse as a whole, the private sale of an immovable object, a participation of the debtor in another company serving to create a lasting connection to this company, the taking out of a loan that would burden the insolvency estate significantly, the institution, starting, settling or avoidance of a lawsuit with a significant amount in dispute,
- a sale of the company to specially interested parties or a sale of the company under value (Articles 162, 163 Insolvency Act),
- an application to order self-administration (Article 271 Insolvency Act),
- payment of alimony from the insolvency estate (Articles 100, 101 Insolvency Act),
- a suspension of the proceedings by the court pursuant to Article 207 Insolvency Act without calling a special creditors' meeting,

on:

**Wednesday, May 11, 2016, 11:00 AM, room 302, main building at the District Court of Lüneburg, Am Ochsenmarkt 3, 21335 Lüneburg**

a creditors' meeting (examination date) during which the announced claims are examined.

**Notes:**

> Consent of the creditors regarding especially significant legal acts pursuant to Article 160 Insolvency Act is also deemed granted even if a convened creditors' meeting does not have a quorum.
> Creditors whose claims are asserted will not be notified.

**Further instructions:**

The provisionally appointed **committee of creditors** is retained.
It comprises the following **members:**

- Coöperative Centrale Raiffeisen-Boerenleenbank B.A. Hong Kong Branch (in short: Rabo Bank), Graadt van Roggenweg 400 (UG C13.020), 3531 AH Utrecht, Netherlands, represented by Marc Nuhn (creditor with right of preferential satisfaction and creditor with the highest claims)
- Sascha Gawlik, Agentur für Arbeit [Federal Employment Office] Lüneburg-Uelzen, An den Reeperbahnen 2, 21335 Lüneburg
- KPMG AG Wirtschaftsprüfungsgesellschaft, Barbarossaplatz 1 a, 50674 Köln, represented by Attorney-at-Law Jan Gerrit Kehbel  (group of small creditors)

**Grounds:**

The debtor is insolvent and heavily indebted. This is the opinion of the court based on the executed investigations, especially due to the expert opinion of the expert Attorney-at-Law Friedrich von Kaltenborn-Stachau of February 24, 2016.

.../4

Page 4


**Instruction on the right to appeal**

The order may be appealed by the debtor, the Pension Security Association, the Federal Financial Supervisory Authority, as well as for legal entities and companies without legal personality by every member of the representative body or by every general partner by lodging an immediate appeal. The appeal is to be lodged within a deadline of two weeks with the District Court of Lüneburg, - Insolvency Court -, Am Ochsenmarkt 3, 21335 Lüneburg.

The deadline starts with the notification or the pronouncement of the order. If the notification was carried out via public announcement, it starts two days after the day of publication. Is a public announcement made in addition to the notification, the earlier event is relevant for the start of the deadline.

The appeal may be lodged via submission of a notice of appeal with the above-mentioned court or declared through recording at any district court's registry; compliance with the deadline depends on when the above-mentioned court receives the submission. It has to be signed by the appellant or its authorized representative. The appeal must indicate the appealed order as well as an explanation that an appeal is lodged against this order. If the order is only partially appealed against, the scope of what is appealed is to be stated.

The appeal has to be substantiated.


Friedrichsen
Judge at the District Court

---

THIS IS TO CERTIFY THAT the above is a complete and correct translation of the German original.


Lüneburg, September 9, 2016

Wilfried Oppermann

Sworn interpreter and translator for the courts and notaries of the judicial district of Hannover / Lower Saxony

# A P O S T I L L E

(Convention de la Haye du 5 octobre 1961)

1. Land: Bundesrepublik Deutschland

   Diese Übersetzung

2. ist unterschrieben von Wilfried Oppermann in Lüneburg

3. in seiner Eigenschaft als

   allgemein ermächtigter Urkundenübersetzer  für

   das Gebiet des Landes Niedersachsen   für die

   englische Sprache

4.   Bestätigt

5. in Hannover                6. am 13. September 2016

7. durch den Präsidenten des Landgerichts in Hannover

8. unter Nr. 91 a E 2 – 1729/16

9. Stempel                      10. Unterschrift

Der Präsident des Landgerichts

Im Auftrag

(Scherer)

Justizsekretärin

Nachstehende Beschlussabschrift wird Ihnen vorab per Fax zur
Kenntnis übermittelt.

- Abschrift -

# Amtsgericht Lüneburg                                     01.03.2016

Insolvenzgericht
Geschäfts-Nr.: 56 IN 83/15
(Bitte stets angeben)

# Beschluss

In dem Insolvenzverfahren über das Vermögen der

Pickenpack Holding Germany GmbH, Lüner Rennbahn 9, 21339 Lüneburg (AG
Lüneburg, HRB 200209),
vertreten durch:
Finngobi A. Baldvinsson, Ihlow, (Geschäftsführer),

Verfahrensbevollmächtigte:
Rechtsanwälte Witthohn Aschmann Schellack, Partnerschaftsgesellschaft, Drehbahn
7, 20354 Hamburg,

wird heute, am 01.03.2016 um 11:00 Uhr das Insolvenzverfahren gemäß §§ 2, 3, 11,
16 ff. InsO eröffnet.

Zum Insolvenzverwalter wird bestellt:

**Rechtsanwalt Friedrich von Kaltenborn-Stachau, c/o BRL Boege Rohde
Luebbehuesen, Jungfernstieg 30, 20354 Hamburg, Tel.: 040/35006188, Fax:
040/35006176, E-Mail: friedrich.von.kaltenborn@brlnet.com**

Der Schuldnerin wird die Verfügung über ihr zur Insolvenzmasse gehörendes
gegenwärtiges und zukünftiges Vermögen für die Dauer des Insolvenzverfahrens
verboten. Die Verfügungsbefugnis wird dem Insolvenzverwalter übertragen.

Schuldbefreiende Leistungen an die Schuldnerin können nach dem
Eröffnungszeitpunkt nicht mehr erfolgen. Wird gleichwohl an die Schuldnerin
geleistet und gelangen die Mittel nicht zur Masse, besteht die Gefahr der
nochmaligen Leistungsverpflichtung gegenüber dem Insolvenzverwalter.

Der Insolvenzverwalter wird mit der Durchführung der Zustellungen gemäß § 8
Abs. 3 InsO beauftragt.

**Die Gläubiger werden aufgefordert:**

a) Insolvenzforderungen (§ 38 InsO) bei dem Insolvenzverwalter schriftlich unter
   Beifügung von Urkunden, Rechnungen und ggf. weiterer über die Forderung
   bestehenden Unterlagen unter Beachtung des § 174 InsO anzumelden bis:
   **20.04.2016.**

b) dem Insolvenzverwalter unverzüglich mitzuteilen, welche Sicherungsrechte sie an beweglichen Sachen oder an Rechten der Schuldnerin in Anspruch nehmen. Der Gegenstand, an dem das Sicherungsrecht beansprucht wird, die Art und der Entstehungsgrund des Sicherungsrechts sowie die gesicherte Forderung sind zu bezeichnen. Wer die Mitteilung schuldhaft unterlässt oder verzögert, haftet für den daraus entstehenden Schaden (§ 28 Abs. 2 InsO).

**Personen, die Verpflichtungen gegenüber der Schuldnerin haben, werden aufgefordert,** nicht mehr an die Schuldnerin, sondern an den Insolvenzverwalter zu leisten (§ 28 Abs. 3 InsO).

Das Verfahren wird mündlich durchgeführt.

Vor dem Insolvenzgericht werden folgende Termine abgehalten:

1. am:

**Dienstag, 12.04.2016, 12:00 Uhr, Lüner Rennbahn 9, 21339 Lüneburg**

eine Gläubigerversammlung zur Berichterstattung durch den Insolvenzverwalter **(Berichtstermin);**

der Termin dient zugleich der Entscheidung der Gläubiger über

- die Person des Insolvenzverwalters (§ 57 InsO),
- die Einsetzung bzw. Beibehaltung und Besetzung eines Gläubigerausschusses (§ 68 InsO)

sowie gegebenenfalls über:

- die Wirksamkeit der Verwaltererklärung zu Vermögen aus selbstständiger Tätigkeit (§ 35 Abs. 2 InsO),
- Zwischenrechnungslegungen gegenüber der Gläubigerversammlung (§ 66 Abs. 3 InsO),
- eine Hinterlegungsstelle und Bedingungen zur Anlage und Hinterlegung von Geld, Wertpapieren und Kostbarkeiten (§ 149 InsO),
- den Fortgang des Verfahrens (§ 157 InsO); z. B. Unternehmensstilllegung, vorläufige Fortführung oder Insolvenzplan,
- die Verwertung der Insolvenzmasse (§ 159 InsO),
- besonders bedeutsame Rechtshandlungen des Insolvenzverwalters (§ 160 InsO); insbesondere: Veräußerung des Unternehmens oder des Betriebs der Schuldnerin, des Warenlagers im Ganzen, eines unbeweglichen Gegenstandes aus freier Hand, einer Beteiligung der Schuldnerin an einem anderen Unternehmen, die der Herstellung einer dauernden Verbindung zu diesem Unternehmen dienen soll, die Aufnahme eines Darlehens, das die Masse erheblich belasten würde, Anhängigmachung, Aufnahme, Beilegung oder Vermeidung eines Rechtsstreits mit erheblichem Streitwert,
- eine Betriebsveräußerung an besonders interessierte oder eine Betriebsveräußerung unter Wert (§§ 162, 163 InsO),
- eine Beantragung der Anordnung einer Eigenverwaltung (§ 271 InsO),
- Zahlung von Unterhalt aus der Insolvenzmasse (§§ 100, 101 InsO),
- eine Einstellung des Verfahrens durch das Gericht gem. § 207 InsO ohne Einberufung einer besonderen Gläubigerversammlung,

2. am:

## Mittwoch, 11.05.2016, 11:30 Uhr, 302, Hauptgebäude, Am Ochsenmarkt 3, 21335 Lüneburg

eine Gläubigerversammlung (Prüfungstermin), in der die angemeldeten Forderungen geprüft werden.

### Hinweise:

➤ Zustimmungen der Gläubiger zu besonders bedeutsamen Rechtshandlungen nach § 160 InsO gelten als erteilt, auch wenn eine einberufene Gläubigerversammlung nicht beschlussfähig ist.
➤ Gläubiger, deren Forderungen festgestellt werden, werden nicht benachrichtigt.

### Weitere Anordnungen:

Der im Insolvenzantragsverfahren bestellte vorläufige Gläubigerausschuss wird beibehalten.
Dieser besteht aus folgenden Mitgliedern:

- die Coöperative Centrale Raiffeisen-Boerenleenbank B.A. Hongkong Branch (kurz Rabo Bank), Graadt van Roggenweg 400 (UG C13.020) AH Utrecht, Niederlande, vertr. durch herrn Marc Nuhn (Gläubiger mit Absonderungsrechten und Gläubiger mit den höchsten Forderungen)
- Herr Sascha Gawklik, Agentur für Arbeit Lüneburg-Uelzen, An den Reeperbahnen 2 21335 Lüneburg
- die KPMG AG Wirtschaftsprüfungsgesellschaft, Barbarossaplatz 1 a, 50674 Köln, vertr. durch Herrn Rechtsanwalt Jan Gerrit Kehbel (Gruppe der Kleingläubiger)

### G r ü n d e :

Die Schuldnerin ist zahlungsunfähig und überschuldet. Dies steht zur Überzeugung des Gerichts fest aufgrund der durchgeführten Ermittlungen, insbesondere aufgrund des Gutachtens des Sachverständigen Rechtsanwalt Friedrich von Kaltenborn-Stachau vom 24.02.2016.

### Rechtsmittelbelehrung

Die Entscheidung kann von dem Schuldner, dem Pensions-Sicherungsverein, der Bundesanstalt für Finanzdienstleistungsaufsicht sowie bei juristischen Personen und Gesellschaften ohne Rechtspersönlichkeit von jedem Mitglied des Vertretungsorgans bzw. jedem persönlich haftenden Gesellschafter mit der sofortigen Beschwerde angefochten werden. Sie ist innerhalb einer Notfrist von 2 Wochen bei dem Amtsgericht Lüneburg,-Insolvenzgericht-, Am Ochsenmarkt 3, 21335 Lüneburg einzulegen.
Die Frist beginnt mit der Zustellung bzw. mit der Verkündung der Entscheidung. Soweit die Zustellung durch öffentliche Bekanntmachung erfolgt ist, beginnt sie, sobald nach dem Tage der Veröffentlichung zwei weitere Tage verstrichen sind. Erfolgt die öffentliche Bekanntmachung neben der Zustellung ist für den Beginn der Frist das frühere Ereignis maßgebend.
Die Beschwerde kann durch Einreichung einer Beschwerdeschrift bei dem o. g. Gericht eingelegt oder auch zu Protokoll der Geschäftsstelle eines jeden Amtsgerichts erklärt werden, wobei es für die Einhaltung der Frist auf den Eingang bei dem o. g. Gericht ankommt. Sie ist von dem Beschwerdeführer oder seinem Bevollmächtigten zu unterzeichnen. Die Beschwerde muss die Bezeichnung des angefochtenen Beschlusses sowie die Erklärung enthalten, dass Beschwerde gegen diesen Beschluss eingelegt wird. Soll die Entscheidung nur zum Teil angefochten werden, so ist der Umfang der Anfechtung zu bezeichnen.
Die Beschwerde soll begründet werden.

**EXHIBIT D**

**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
L. P. Harrison 3rd
Turner P. Smith
Peter J. Buenger

*Counsel for the Petitioner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                       :
In re:                                                                 :    Chapter 15
                                                                       :
PICKENPACK HOLDING GERMANY GMBH,                                       :    Case No. 16-_____(___)
                                                                       :
          Debtors in Foreign Proceedings.                              :
                                                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**STATEMENT OF FOREIGN REPRESENTATIVE**
**AS REQUIRED BY 11 U.S.C. § 1515**

I, Friedrich von Kaltenborn-Stachau, pursuant to 28 U.S.C. § 1746, hereby declare as

follows:

1.    I am over the age of 18 and, if called upon, could testify to all matters set forth in

this statement based upon my own personal knowledge except for those portions specified as

being otherwise.

2.    On March 1, 2016, the Local Court of Lüneburg, Germany made an order

appointing me as the Insolvency Administrator (*Insolvenzverwalter*) (the "Petitioner") in the

insolvency proceedings (the "German Proceedings") of Pickenpack Holding Germany GmbH,

Pickenpack Europe GmbH, Pickenpack Production Lüneburg GmbH and TST The Seafood

Traders GmbH (collectively, the "Pickenpack Entities").

3.      This statement is being submitted pursuant to section 1515(c) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), and in connection with the form petitions and accompanying verified petitions (together, the "Petitions") filed contemporaneously herewith under chapter 15 of the Bankruptcy Code.  The Petitions were filed with the United States Bankruptcy Court for the Southern District of New York (the "Court").

4.      The German Proceedings are the only foreign proceedings with respect to the Pickenpack Entities known to the Petitioner.

5.      The Pickenpack Entities are all incorporated as German limited liability companies and registered with the commercial register of the Local Court of Lüneburg, Germany, as follows:

(a)      Pickenpack Holding Germany GmbH (registered under HRB 200209): Incorporated as Eulenkrug elfte Vermögensverwaltung mbH.  On March 22, 2006, it changed its name to Icelandic Holding Germany GmbH.  On May 14, 2012, it changed to its current name, Pickenpack Holding Germany GmbH;

(b)      Pickenpack Europe GmbH (registered under HRB 203694): Incorporated as Blitz F11-fünf-drei GmbH on March 14, 2011.  On March 16, 2012, it changed its name to Pickenpack Europe GmbH. On February 1, 2013, it changed its name to Pickenpack Europe Services GmbH.  On July 1, 2013, it changed to its current name and back to Pickenpack Europe GmbH;

(c)      Pickenpack Production Lüneburg GmbH (registered under HRB 1964): Incorporated as "Goliath" Vierundachtzigste Beteiligungs- und Verwaltungsgesellschaft mbH on November 16, 1998.  On October 12, 2005, it changed its name to Pickenpack – Hussman & Hahn Seafood Gesellschaft mbH.  On October 6, 2011, it changed its name to Pickenpack GmbH.  On February 1, 2013, it changed its name to Pickenpack Europe GmbH.  On June 17, 2013, it changed to its current name, Pickenpack Production Lüneburg GmbH; and

(d)      TST The Seafood Traders GmbH (registered under HRB 205993): Incorporated on January 6, 2011.

3

6.      The principal place of business and registered office for each of the Pickenpack Entities is located in Germany, at Lüner Rennbahn 9, 21339 Lüneburg, Germany.  The books and records of the Pickenpack Entities are located at this location as well.  In addition, the Company historically has paid taxes directly to the German government and continues to do so.

7.      The vast majority of the Pickenpack Entities' operations appear to be located outside of the United States and are mostly located in Germany.  As reflected in the German Court Orders (as defined in the Petitions), the majority of the members for each of the Pickenpack Entities' respective creditors' committees are also located in Germany.

8.      I have read the Declaration of Bjoern Schwencke, German legal counsel to the Petitioner, dated September 15, 2016 and, therefore, believe that the German Proceedings are "foreign main proceedings."  This is based on my understanding of how that term is defined under sections 101(23) and 1502(4) of the Bankruptcy Code because, among other things, the primary activities concerning the liquidation of the Pickenpack Entities are taking place in Germany.

9.      If the Court determines that Germany is not the center of the Pickenpack Entities' main interests and, therefore, that the chapter 15 cases commenced by the Petitions may not be treated as foreign main proceedings, it is respectfully requested that the Court entertain the Petitions as seeking recognition of, and relief respecting, foreign non-main proceedings, as defined in section 1502(5) of the Bankruptcy Code.  The Pickenpack Entities have an establishment, as defined by section 1502(2) of the Bankruptcy Code, in Germany.

*[Remainder of page intentionally left blank.]*

26355239

IN WITNESS WHEREOF, I have executed this Statement under penalty of perjury under the laws of the United States of America this 22nd day of September, 2016.

*/s/ Friedrich von Kaltenborn-Stachau*

Friedrich von Kaltenborn-Stachau, Insolvency Administrator of Pickenpack Holding Germany GmbH, Pickenpack Europe GmbH, Pickenpack Production Lüneburg GmbH, and TST The Seafood Traders GmbH

26355239

**EXHIBIT E**

**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
L. P. Harrison 3rd
Turner P. Smith
Peter J. Buenger

*Counsel for the Petitioner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                :
In re:                                                          :      Chapter 15
                                                                :
PICKENPACK HOLDING GERMANY GMBH,                                :      Case No. 16-_____(___)
                                                                :
              Debtor in a Foreign Proceeding.                   :
                                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PETITIONER'S STATEMENT PURSUANT**
**TO FEDERAL RULE OF BANKRUPTCY RULE 1007(A)(4)**

I, Friedrich von Kaltenborn-Stachau, as Insolvency Administrator of Pickenpack Holding Germany GmbH (the "Company"), hereby files, as a duly authorized foreign representative, as defined by section 101(24) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), in the above-captioned case under chapter 15 of the Bankruptcy Code, the following information required pursuant to Rules 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

1.      The Petitioner is informed that Bankruptcy Rule 1007(a)(4) provides that a foreign representative filing a petition for recognition under chapter 15 of the Bankruptcy Code shall file with the petition:

> (A) a corporate ownership statement containing the information
> described in Rule 7007.1; and (B) unless the court orders otherwise,
> a list containing the names and addresses of all persons or bodies

authorized to administer foreign proceedings of the debtor, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and all entities against whom provisional relief is being sought under § 1519 of the [Bankruptcy] Code.

Fed. R. Bankr. P. 1007(a)(4).

2.      The Petitioner is informed that Bankruptcy Rule 7007.1(a) provides that:

Any corporation . . . shall file two copies of a statement that identifies any corporation, other than a governmental unit, that directly or indirectly owns 10% or more of any class of the corporation's equity interests, or states that there are no entities to report under this subdivision.

Fed. R. Bankr. P. 7007.1(a).

3.      The Petitioner is further informed that under section 101(9) of the Bankruptcy Code, a "corporation":

(A)     includes--
        (i)      association having power or privilege that a private corporation, but not an individual or a partnership, possesses;
        (ii)     partnership association organized under a law that makes only the capital subscribed responsible for the debts of such association;
        (iii)    joint-stock company;
        (iv)     unincorporated company or association; or
        (v)      business trust; but
(B)     does not include limited partnership.

11 U.S.C. § 101(9).

4.      In accordance with Bankruptcy Rule 1007(a)(4), the Petitioner hereby provides the following information.

**A.      Corporate Ownership Statement**

5.      The following "corporations" are known to the Petitioner to directly or indirectly own 10% of more of any class of the Company's equity interests:

- Asarmona Holdings Limited holds 94% of the Company's shares; and

- Pacific Andes International Holdings Ltd. holds a 19% indirect ownership.

2

26355239

6.      The Petitioner will file an updated list of shareholding positions to the extent that any additional information becomes known to the Petitioner after the date hereof.

**B.      List of Insolvency Administrators**

7.      On March 1, 2016, the Local Court of Lüneburg, Germany made an order placing the Company into a formal insolvency proceeding and appointing me as the Company's insolvency administrator (the "Petitioner").

The address of the Petitioner is as follows:

Friedrich von Kaltenborn-Stachau
Rechtsanwalt, Fachanwalt für Insolvenzrecht
Partnerschaft von
Rechtsanwälten, Wirtschaftsprüfern, Steuerberatern
mbB
Jungfernstieg 30
20354 Hamburg, Germany

**C.      Litigation Parties in the United States**

8.      As of the date of the filing of this Petition, I am unaware of any litigation pending in the United States against the Company.

**D.      Parties Against Whom Provisional Relief is Sought Under Section 1519**

9.      The Petitioner is not seeking provisional relief under section 1519 of the Bankruptcy Code.

*[Remainder of page intentionally left blank.]*

3

I, Friedrich von Kaltenborn-Stachau, hereby declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury under the laws of the United States of America that the information set forth above is, to the best of my knowledge, information, and belief, complete and correct.

Dated:  September 22, 2016

_/s/ Friedrich von Kaltenborn-Stachau_

Friedrich von Kaltenborn-Stachau, Insolvency Administrator of Pickenpack Holding Germany GmbH

26355239