**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile:  (212) 697-1559
L. P. Harrison 3rd
Turner P. Smith
Peter J. Buenger

*Counsel for the Petitioner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 15 |
| PICKENPACK HOLDING GERMANY GMBH, | : | Case No. 16-_____(____) |
| Debtor in a Foreign Proceeding. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 15 |
| PICKENPACK EUROPE GMBH, | : | Case No. 16-_____(____) |
| Debtor in a Foreign Proceeding. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 15 |
| PICKENPACK PRODUCTION LÜNEBURG GMBH, | : | Case No. 16-_____(____) |
| Debtor in a Foreign Proceeding. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 15 |
| TST THE SEAFOOD TRADERS GMBH, | : | Case No. 16-_____(____) |
| Debtor in a Foreign Proceeding. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DECLARATION OF BJOERN SCHWENCKE, GERMAN COUNSEL, IN**
**SUPPORT OF VERIFIED PETITIONS FOR RECOGNITION OF FOREIGN**
**PROCEEDINGS AND MOTION FOR ORDER GRANTING RELATED RELIEF**

I, Bjoern Schwencke, pursuant to 28 U.S.C. § 1746, hereby declares under

penalty of perjury under the laws of the United States of America as follows:

1.      I am attorney at law in Germany.  I am German counsel to Friedrich von

Kaltenborn-Stachau, as Insolvency Administrator (*Insolvenzverwalter*) (the "Petitioner")

of (i) Pickenpack Holding Germany GmbH ("PP Holding"), (ii) Pickenpack Europe

GmbH ("PP Europe"), (iii) Pickenpack Production Lüneburg GmbH ("PP Production"),

and (iv) TST The Seafood Traders GmbH ("TST", together with PP Holding, PP Europe

and PP Production, the "Pickenpack Entities"), with respect to the German Proceedings

(as defined below) and generally on issues related to German law, including the

Insolvency Statute of October 5, 1994, as last amended by Article 19 of the Act of

December 20, 2011 (the "German Insolvency Act").  Attached hereto as **Exhibit A** is an

English copy of the German Insolvency Act.

2.      I submit this declaration in support of the form petitions (together, the

"Petitions") and accompanying verified petitions filed under chapter 15 of title 11 of the

United States Code, as amended (the "Bankruptcy Code") by the Petitioner, the duly

authorized foreign representative of the Pickenpack Entities, seeking recognition of the

Pickenpack Entities' insolvency proceedings in Germany (the "German Proceedings")

pending before the Local Court of Lüneburg, Germany (the "German Court").

3.      This declaration is comprised of both statements of legal opinion and

statements of fact.  Where the matters stated in this declaration are statements of legal

opinion, such statements represent my view of German law as a practicing lawyer.

4.      Where the matters stated in this declaration are statements of fact that are

within my personal knowledge, they are true.  Where the matters stated in this declaration

are statements of fact that are not within my personal knowledge, they are derived from

documents and/or information supplied to me by or on behalf of the Petitioner and are

true to the best of my knowledge, information, and belief.

26358454

## I.     Professional Background

5.     BRL BOEGE RHODE LUEBBEHUESEN ("BRL") is a consulting company consisting of lawyers, financial advisors and tax advisors.  BRL was founded in 2006 as a partnership and advises medium to large sized companies in a variety of industries, including insolvency law, M&A in crisis and insolvency, restructuring services, investigation of causes of insolvency and advisory services for stakeholders.  In such practice, the firm provides practical advice based upon an in-depth knowledge of the legal regulatory and commercial environment in Germany.

6.     I was admitted to the German bar in 2009.  My practice focuses on insolvency law advice and restructuring as well as commercial and corporate law.  I am also an active litigator in all the aforementioned areas.  I attended law school in Hamburg, Germany and studied commercial law at the University of Auckland, New Zealand.  After qualifying to practice in Germany in 2009, I worked at "Rechtsanwälte Reinfeld & Dr. Hellgardt," in Hamburg before joining BRL in 2012.  In 2016, I was made partner at BRL.

7.     The firm has been engaged by the Petitioner as counsel to provide advice on issues regarding German law in connection with the liquidation of the Pickenpack Entities.

## II.     The German Proceedings:  Procedural Background

8.     As stated above, I am familiar with the German Proceedings and German law governing those proceedings.

9.     On December 2, 2015, the Pickenpack Entities filed a request with the German Court to open the insolvency proceedings under the German Insolvency Act.

-3-

10.    On December 3, 2015, the German Court issued an order, copies of which along with a certified English translation are attached to the Petitions as <u>Exhibit B</u> ("the <u>Preliminary Court Orders</u>"), for each of the Pickenpack Entities, appointing Friedrich von Kaltenborn-Stachau as the preliminary insolvency administrator and instructing him to determine whether the statutory requirements for the opening of insolvency proceedings was fulfilled.[1]  In his report dated February 24, 2016, Friedrich von Kaltenborn-Stachau, in his capacity as the preliminary insolvency administrator, determined that the Pickenpack Entities were "illiquid" (*zahlungsunfähig*) and "over-indebted" (*überschuldet*) and that, therefore, the statutory requirements under the German Insolvency Act for the opening of insolvency proceedings were met.

11.    Based, in large part, on Friedrich von Kaltenborn-Stachau's findings, the German Court found that the Pickenpack Entities were "insolvent and heavily indebted" and issued an order on March 1, 2016 opening the German Proceedings for each of the Pickenpack Entities and appointing Friedrich von Kaltenborn-Stachau as the Insolvency Administrator of the Pickenpack Entities (the "<u>German Insolvency Orders</u>", together with the Preliminary Court Orders, the "<u>German Court Orders</u>").  *See* German Insolvency Order.  Copies of the German Insolvency Orders and a certified English translation are attached to the Petitions as <u>Exhibit C</u>.

## III.    <u>The Law Governing the German Proceedings</u>

12.    As set forth above, the German Proceedings were commenced pursuant to the German Insolvency Act.  This is the law governing corporate insolvencies in

---

[1] In addition, on December 8, 2015, at the request of the Petitioner as preliminary insolvency administrator, the German Court entered orders in the German Proceedings of the three operating companies, PP Production, PP Europe and TST, providing that the right to alienate assets was removed from the management and provided to the preliminary insolvency administrator in order to be in a position to order goods and services required to continue operation of the companies.

-4-

Germany.  Pursuant to section 1 of the German Insolvency Act, titled "Objectives of the

Insolvency Proceedings," the "insolvency proceedings shall serve the purpose of

collective satisfaction of a debtor's creditors by liquidation of the debtor's assets and by

distribution of the proceeds, or by reaching an arrangement in an insolvency plan,

particularly in order to maintain the enterprise."  German Insolvency Act § 1.

A.    Duties of the Insolvency Administrator

13.    Under section 80 of the German Insolvency Act, upon the opening of the

German Proceeding, as the duly appointed Insolvency Administrator, the Petitioner is

vested with the right to administer the assets of the insolvency estates (*Insolvenzmasse*)

of the Pickenpack Entities and to dispose of any of the assets.  *See* German Insolvency

Act § 80.  The Petitioner is the sole person entitled to act on behalf of the Pickenpack

Entities with respect to all matters regarding the insolvency estates.

14.    As Insolvency Administrator, the Petitioner is responsible for, among

other things:

(a)    Identifying the assets of the Pickenpack Entities worldwide, safeguarding these assets, managing and administering the insolvency estate, seeking and accepting payments due to the Pickenpack Entities and disposing of the Pickenpack Entities' assets pursuant to sections 35 and 80 of the German Insolvency Act;

(b)    Immediately assuming possession and management of the assets of the Pickenpack Entities pursuant to section 148 of the German Insolvency Act;

(c)    Establishing a record of the assets of the Pickenpack Entities pursuant to section 151 of the German Insolvency Act;

(d)    Creating a record of all of the creditors of the Pickenpack Entities based upon an inspection of the books and records or other information obtained from the Pickenpack Entities pursuant to section 152 of the German Insolvency Act;

26358454

(e)    Creating a balance sheet or similar overview reflecting the Pickenpack Entities' assets and liabilities pursuant to section 153 of the German Insolvency Act; and

(f)    Disposing of the assets of the Pickenpack Entities to maximize value for distribution to their respective creditors, and defending the insolvency estates against any unjustified claims.

15.    In addition, the Preliminary Court Orders provide that the Petitioner is authorized to collect claims of the Pickenpack Entities in a trust account, secure and maintain assets of the Pickenpack Entities, manage the Pickenpack Entities, and be provided access to the books and business documents. The German Insolvency Orders further provide that the ability to dispose of the current or future assets of the insolvency estate for each Pickenpack Entity is transferred to the Petitioner for the duration of the German Proceedings.

16.    Pursuant to section 58 of the German Insolvency Act, the Petitioner is subject to supervision by the German Court and may be required at any time to provide specific information or to report on the progress of the proceedings and on the management of the insolvency estate. *See* German Insolvency Act § 58. As set forth in the German Insolvency Orders, various hearings were held before the German Court in which the Petitioner provided reports to the German Court and respective creditors' committees regarding, in part, progression of the proceedings, operation of the insolvency estates, and significant legal acts of the Petitioner, including the sale of the Pickenpack Entities' assets.

**B.**    The German Court Has Jurisdiction Over the
        Pickenpack Entities' Assets Wherever Located

17.    Pursuant to sections 35(1), 80 and 148 of the German Insolvency Act, the Petitioner is empowered to preserve, collect and liquidate all assets of the Pickenpack

-6-

Entities for distribution, wherever those assets may be located.  The general purpose of the German Proceedings is to:  (a) protect the interests of and treat equally all of the creditors of the Pickenpack Entities worldwide; and (b) prevent impairment of the Pickenpack Entities' assets.  To achieve this purpose, pursuant to section 35 of the German Insolvency Act, the German Proceedings encompass all of the Pickenpack Entities' assets worldwide, regardless of whether they are located in Germany or abroad. In addition, pursuant to sections 80 and 148, property of the Pickenpack Entities that is held by other parties must be turned over to the Petitioner, and all debts owed to the Pickenpack Entities must be discharged by payment into the Petitioner's custody.

     C.     <u>The German Proceedings Claims Process</u>

     18.     All creditors of the Pickenpack Entities are entitled to file a claim in the German Proceedings in the same manner and, as a general rule, with the same rights. Under the German Insolvency Orders, the creditors for each of the Pickenpack Entities were prompted to file insolvency claims in writing along with supporting documentation and inform the Petitioner immediately of any liens they may have.

     19.     Under the German Insolvency Act, the German Court does not establish a bar date for filing claims.  Instead, claims may be filed up until the final distribution of the Pickenpack Entities assets to their respective creditors.  Such final distribution of assets will ultimately occur pursuant to a distribution list, deposited with the German Court for inspection, in which all claims will be listed and considered for the distribution of assets realized.  All creditors which have filed a claim have a right to inspect the distribution list.

20.     Pursuant to sections 9(1) and 188 of the German Insolvency Act, the German Court publishes the distribution list on the website www.insolvenzbekanntmachugen.de.  In accordance with section 9(1) of the German Insolvency Act, any documents published on the aforementioned website are deemed to have been made two days after the publication.  Any creditor whose claim is not listed and does not provide sufficient supporting documentation of its claim must submit, within two weeks of the publication, evidence of its claim to the Petitioner, at which time the claim will be determined in the civil court.  However, if not timely submitted, such creditor's claim will not be entitled to distribution from the assets of the Pickenpack Entities.

        D.      <u>Equal Treatment of the Pickenpack Entities' Creditors</u>

21.     The German Proceedings are not for the benefit of any single creditor. Rather, they operate to resolve and determine the rights of all claimants and stakeholders vis-à-vis the Pickenpack Entities.  As a general matter, the German Insolvency Act contains priority and equality of distribution provisions similar to the Bankruptcy Code.

22.     The German Insolvency Act provides for equal treatment of all creditors with similarly situated claims and does not favor or provide special treatment for creditors based in Germany, the European Union, or the European Economic Area. Additionally, the German Insolvency Act respects creditors' liens and security interests.

**IV.    The German Proceedings are "Foreign Proceedings" within the Meaning of Section 101(23) of the Bankruptcy Code**

23.     I understand that the term "foreign proceeding," is defined in section 101(23) of the Bankruptcy Code, as "a collective judicial or administrative proceeding in a foreign country . . . under a law relating to insolvency or adjustment of debt in which

26358454

proceeding the assets and affairs of the Company are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation." 11 U.S.C. § 101(23).

24.     On the basis of that definition it would appear to me that the German Proceedings qualify as "foreign proceedings." They are judicial proceedings in which the assets and affairs of a company are subject to control or supervision by the German Court, in which the rights of creditors and stakeholders will be determined together pursuant to the German Insolvency Act, a law relating to the insolvency and winding-up of companies.

**V.     The Petitioner is a "Foreign Representative" within the
Meaning of Section 101(24) of the Bankruptcy Code**

25.     I further understand that the term "foreign representative," is defined in section 101(24) of the Bankruptcy Code, as "[a] person or body . . . authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding." 11 U.S.C. § 101(24).

26.     On the basis of that definition it would appear to me that the Petitioner qualifies as a "foreign representative." The Petitioner is duly authorized and empowered by the German Court by reason of the German Court Orders to administer the German Proceedings, as well as to act as a duly authorized representative of the German Proceedings.

**VI.     The German Proceedings are "Foreign Main Proceedings"**

27.     I also understand that, for a foreign proceeding to be classified as a "foreign main proceeding" under section 1517(b)(1) of the Bankruptcy Code, the foreign

proceeding must be "pending in the country where the debtor has the center of its main interests." 11 U.S.C. § 1517(b)(1)-(2).

28.    I have been advised by Petitioner's United States counsel that a company's center of main interests ("COMI") is presumed to be wherever its registered office is located. 11 U.S.C. § 1516(c). Because each of the Pickenpack Entities has its registered office in Lüneburg, Germany, the Pickenpack Entities receive the benefit of this presumption.

29.    I have been further advised by the Petitioner's United States counsel that such presumption is rebuttable and a court may consider any other relevant factors to determine a foreign debtor's COMI. In that regard, certain provisions of German law are relevant to the determination of where each of the Pickenpack Entities' COMI is under section 1517 of the Bankruptcy Code. Based on consultation with Petitioner's United States counsel and applicable facts as set forth in the *Declaration of Friedrich von Kaltenborn-Stachau, Insolvency Administrator, in Support of Verified Petitions for Recognition of Foreign Proceedings and Motion for Order Granting Related Relief* (the "Kaltenborn-Stachau Declaration"), filed contemporaneously herewith, the facts support a finding that Germany is the COMI for each of the Pickenpack Entities.

30.    As an initial matter, the Pickenpack Entities are all incorporated as German limited liability companies and registered with the commercial register of the Local Court of Lüneburg, Germany as follows:

> (a)    Pickenpack Holding Germany GmbH (registered under HRB 200209): Incorporated as Eulenkrug elfte Vermögensverwaltung mbH. On March 22, 2006, it changed its name to Icelandic Holding Germany GmbH. On May 14, 2012, it changed to its current name, Pickenpack Holding Germany GmbH;

-10-

26358454

(b)    Pickenpack Europe GmbH (registered under HRB 203694): Incorporated as Blitz F11-fünf-drei GmbH on March 14, 2011. On March 16, 2012, it changed its name to Pickenpack Europe GmbH. On February 1, 2013, it changed its name to Pickenpack Europe Services GmbH. On July 1, 2013, it changed to its current name and back to Pickenpack Europe GmbH;

(c)    Pickenpack Production Lüneburg GmbH (registered under HRB 1964): Incorporated as "Goliath" Vierundachtzigste Beteiligungs- und Verwaltungsgesellschaft mbH on November 16, 1998. On October 12, 2005, it changed its name to Pickenpack – Hussman & Hahn Seafood Gesellschaft mbH. On October 6, 2011, it changed its name to Pickenpack GmbH. On February 1, 2013, it changed its name to Pickenpack Europe GmbH. On June 17, 2013, it changed to its current name, Pickenpack Production Lüneburg GmbH; and

(d)    TST The Seafood Traders GmbH (registered under HRB 205993): Incorporated on January 6, 2011.

See Kaltenborn-Stachau Declaration at ¶ 7.

31.    The principal place of business and registered office for each of the Pickenpack Entities is located in Germany, at Lüner Rennbahn 9, 21339 Lüneburg, Germany. See Kaltenborn-Stachau Declaration at ¶ 8. The books and records of the Pickenpack Entities are located at this location as well. See Kaltenborn-Stachau Declaration at ¶ 8. In addition, the Pickenpack Entities historically have paid taxes directly to the German government and continue to do so. See Kaltenborn-Stachau Declaration at ¶ 9.

32.    The Pickenpack Entities also have assets located in Germany, including funds in German bank accounts, and machinery, equipment and real estate located in Germany, the majority of which have been liquidated by the Petitioner in his capacity as Insolvency Administrator. See Kaltenborn-Stachau Declaration at ¶ 8. In addition, the majority of the Pickenpack Entities' creditors are located in Germany. See Kaltenborn-Stachau Declaration at ¶ 8. As reflected in the German Court Orders, the majority of the

-11-

members for each of the Pickenpack Entities' respective creditors' committees are also located in Germany. *See* Kaltenborn-Stachau Declaration at ¶ 8.

33.    Further, the Petitioner, pursuant to section 80 of the German Insolvency Act, as a result of his appointment, is the sole person entitled to act on behalf of the Pickenpack Entities with respect to all matters regarding the German Proceedings.  The Petitioner is responsible for, among other things, identifying all assets of the Pickenpack Entities, safeguarding these assets, managing and administering the German Proceedings and disposing of the assets to maximize value for distribution to the Pickenpack Entities' creditors.  Accordingly, because the Petitioner is located in Hamburg, Germany, all decisions related to the German Proceedings and these chapter 15 cases are made in Germany.

34.    I am advised by the Petitioner's United States counsel that under the law of the United States, these facts support a finding that Germany is the COMI for each of the Pickenpack Entities.

[*Remainder of page intentionally left blank.*]

## CONCLUSION

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed on this 15th day of September, 2016.

**EXHIBIT A**

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

Übersetzung durch Ute Reusch

Translation provided by Ute Reusch

Stand: Die Übersetzung berücksichtigt die Änderung(en) des Gesetzes durch Artikel 19 des Gesetzes vom 20.12.2011 (BGBl. I S. 2854) und die mittelbare Änderung durch Artikel 18 des Gesetzes vom 20.12.2011 (BGBl. I S. 2854)

Version information: The translation includes the amendment(s) to the Act by Article 19 of the Act of 20.12.2011 (Federal Law Gazette I p. 2854) and the indirect amendment to the Act by Article 18 of the Act of 20.12.2011 (Federal Law Gazette I p. 2854)

© 2015 juris GmbH, Saarbrücken

# Insolvency Statute

Insolvency Statute of 5 October 1994 (Federal Law Gazette I page 2866), as last amended by Article 19 of the Act of 20 December 2011 (Federal Law Gazette I page 2854)

## Part One
## General Provisions

### Section 1
### Objectives of the Insolvency Proceedings

The insolvency proceedings shall serve the purpose of collective satisfaction of a debtor's creditors by liquidation of the debtor's assets and by distribution of the proceeds, or by reaching an arrangement in an insolvency plan, particularly in order to maintain the enterprise. Honest debtors shall be given the opportunity to achieve discharge of residual debt.

### Section 2
### Jurisdiction of the Local Court as Insolvency Court

(1) The local court in whose district a regional court is located shall have exclusive jurisdiction for insolvency proceedings as the insolvency court for the district of such regional court.

(2) The governments of the Länder shall be empowered to designate other or additional local courts as insolvency courts by means of a statutory instrument for the purposes of expedient furtherance or expedited conduct of proceedings, and to determine different districts of insolvency courts. The governments of the Länder may delegate such power to the judicial administrations of the Länder.

### Section 3
### Local Jurisdiction

(1) The insolvency court in whose district the debtor has his place of general jurisdiction shall have exclusive local jurisdiction. If the centre of the debtor's self-employed business activity is located elsewhere, the insolvency court in whose district such place is located shall have exclusive jurisdiction.

(2) If several courts have jurisdiction, the court first requested to open the insolvency proceedings shall exclude any other jurisdiction.

### Section 4
### Applicability of the Code of Civil Procedure (Zivilprozessordnung)

Unless this Statute provides otherwise, the provisions contained in the Code of Civil Procedure shall apply to the insolvency proceedings mutatis mutandis.

### Section 4a
### Deferment of the Costs of the Insolvency Proceedings

(1) If the debtor is a natural person and if he has made a request for discharge of residual debt, the costs of the insolvency proceedings shall be deferred on request until such time as discharge of residual debt is awarded, insofar as his assets are likely not to be sufficient to cover these costs. Deferment in accordance with the first sentence shall also cover the costs

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

of the proceedings regarding the plan for the settlement of debts and the proceedings for
discharge of residual debt. The debtor shall enclose with the request a declaration as to
whether one of the grounds for refusal contained in section 290 subsection (1) nos. 1 and 3
pertains. Deferment shall be ruled out if such a reason pertains.

(2) If the costs of the proceedings are deferred to the debtor, on request a lawyer of his
choice shall be appointed who is willing to represent him if representation by counsel
appears to be necessary in spite of the duty of assistance incumbent on the court.
Section 121 subsections (3) to (5) of the Code of Civil Procedure shall apply mutatis
mutandis.

(3) The effect of deferment shall be as follows:

1.       the Federal or Land cash office may claim

a)   court costs in arrears and those arising,

b)   the claims of the appointed lawyer which transfer to the cash office

against the debtor only in accordance with the provisions made by the court;

2.       the appointed lawyer is unable to assert claims for fees against the debtor.

Deferment shall be effected separately in respect of each stage of the proceedings. Until
such time as a decision is made regarding deferment, the effects specified in the first
sentence shall apply on an interim basis. Section 4b subsection (2) shall apply mutatis
mutandis.

## Section 4b
### Repayment and Adjustment of Deferred Amounts

(1) If the debtor is unable, once discharge of residual debt has been awarded, to pay the
deferred amount from his income and his assets, the court may extend deferment and set
the monthly instalments to be paid. Section 115 subsections (1) to (3), as well as section 120
subsection (2) of the Code of Civil Procedure shall apply mutatis mutandis.

(2) The court may alter the ruling regarding the deferment and the monthly instalments at
any time insofar as any personal or economic circumstances relevant to the deferment have
undergone major changes. The debtor shall be obliged to report to the court a major change
in these circumstances without delay. Section 120a subsection (1), second and third
sentences, of the Code of Civil Procedure shall apply mutatis mutandis. A change placing
the debtor at a disadvantage shall be ruled out if four years have passed since termination of
the proceedings.

## Section 4c
### Rescission of Deferment

The court may rescind deferment if

1.       the debtor intentionally or with gross negligence has provided incorrect
information regarding circumstances relevant to the opening of the insolvency
proceedings or to the deferment, or has not submitted a declaration required by the court
regarding his circumstances;

2.       the personal or economic preconditions for deferment did not apply; in such a
case, rescission shall be ruled out if four years have passed since termination of the
proceedings;

3.       the debtor is more than three months in arrears in respect of payment of a
monthly instalment or of the payment of another amount and such arrears are his fault;

4.       the debtor is not in suitable gainful employment and, if he is unemployed, is not
looking for employment or rejects acceptable employment; section 296 subsection (2),
second and third sentences, shall apply mutatis mutandis;

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

5.       discharge of residual debt is refused or revoked.

### Section 4d
### Legal Recourse

(1) Immediate appeal shall be available to the debtor against refusal to defer or rescission of deferment, as well as against refusal to appoint a lawyer.

(2) If deferment is approved, the state cash office shall be entitled to file an immediate appeal. The latter may only be based on the fact that deferment should have been rejected given the personal or economic circumstances of the debtor.

### Section 5
### Principles of the Insolvency Proceedings

(1) The insolvency court shall investigate ex officio all circumstances relevant to insolvency proceedings. In particular, the court may hear witnesses and experts for this purpose.

(2) If the debtor's financial circumstances are comprehensible and the number of creditors or the amount of the obligations are low, the insolvency court may order that the proceedings or individual stages in the proceedings be conducted as written proceedings. It may rescind or amend such order at any time. Such order, rescission or amendment shall be published.

(3) The court may render its decisions without an oral hearing. If an oral hearing is held, section 227 subsection (3), first sentence, of the Code of Civil Procedure shall not apply.

(4) Tables and records may be prepared and processed automatically. The governments of the Länder shall be empowered to establish more detailed provisions by means of a statutory instrument regarding the keeping of such tables and records, their electronic submission, as well as the electronic submission of accompanying documents and their storage. They may also establish requirements regarding the data formats required for electronic submission. The governments of the Länder may delegate such power to the judicial administrations of the Länder.

### Section 6
### Immediate Appeal

(1) Decisions of the insolvency court shall be subject to an appellate remedy only in those cases where this Statute provides for an immediate appeal. The immediate appeal shall be filed with the insolvency court.

(2) The period within which an immediate appeal has to be brought shall begin on the day when the court announces its decision or when a decision is served on the parties if not announced.

(3) The decision regarding the appeal shall only be effective when it becomes final. However, the court hearing the appeal may order immediate effectiveness of the decision.

### Section 7
### (deleted)

### Section 8
### Service

(1) Documents shall be served ex officio without the document to be served requiring certification. Service may be effected by posting the documents to the addressee under his address; section 184 subsection (2), first, second and fourth sentences, of the Code of Civil Procedure shall apply mutatis mutandis. Where the service is to be made on domestic territory, the document shall be deemed to have been served three days after being dispatched.

(2) Service shall not be made to persons with unknown residence. If such persons have a representative empowered to receive any documents to be served, the documents shall be served on such representative.

(3) The insolvency court may charge the insolvency administrator with serving the documents in accordance with subsection (1). He may use a third party, in particular his own staff, to serve the documents and to file them. The insolvency administrator shall add the

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

notices given in accordance with section 184 subsection (2), fourth sentence, of the Code of Civil Procedure, to the court files without delay.

### Section 9
### Publication

(1) Publication shall by made by notification in a central and national publication on the Internet*, such publication may be restricted to excerpts. Documents to be published shall mention the debtor's particulars with special reference to his address and his branch of business. Such publication shall be deemed to have been effected when two additional days following the day of publication have expired.

(2) The insolvency court may occasion additional publications where this is laid down in Land legislation. The Federal Ministry of Justice shall be empowered to regulate the details of the central and national publication on the Internet by means of a statutory instrument which shall require the approval of the Bundesrat. In doing so, in particular deletion periods shall be provided for, as shall regulations ensuring that the publications

    1.        remain intact, complete and up to date,

    2.        can be traced to their source at any time.

(3) Publication shall suffice as evidence of service on all parties to the proceedings even if any provision additionally orders individual service.

\* www.insolvenzbekanntmachungen.de

### Section 10
### Hearing of the Debtor

(1) If any provision requires a hearing of the debtor, such hearing may be waived if the debtor is resident in a foreign country and such hearing would unreasonably delay the proceedings, or if the debtor's residence is unknown. In such a case a representative or relation of the debtor should be heard.

(2) If the debtor is not a natural person, subsection (1) shall apply mutatis mutandis to the hearing of persons entitled to represent the debtor or holding his shares. If the debtor is a legal person and such legal person has no organ representatives (no management), the persons with a participating interest in it may be heard; subsection (1), first sentence, shall apply mutatis mutandis.

### Part Two
### Opening of the Insolvency Proceedings.
### Involved Assets and Parties

### Chapter One
### Prerequisites of Opening and Opening Proceedings

### Section 11
### Admissibility of Insolvency Proceedings

(1) Insolvency proceedings may be opened for the assets owned by any natural person or legal person. An unincorporated association in this respect shall be deemed equivalent to a legal person.

(2) Insolvency proceedings may also be opened for:

    1.        the assets owned by a company without legal personality (general commercial company, limited partnership, professional partnership, company under the Civil Code (Bürgerliches Gesetzbuch), shipping company, EEIG);

    2.        under sections 315 to 334, the estate of a deceased person, the joint marital property of a continued community or the marital property of a community jointly administered by both spouses.

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

(3) After liquidation of a legal person or a company without legal personality, insolvency proceedings may be opened as long as the assets have not been distributed.

### Section 12
### Legal Persons under Public Law

(1) Insolvency proceedings may not be opened for the assets owned by

    1.       the Federation or a Land;

    2.       a legal person under public law under the supervision of a Land if the law

of the Land exempts such legal person from insolvency proceedings.

(2) If the law of a Land exempts the assets owned by a legal person from insolvency proceedings under subsection (1) no. 2, the employees of such legal person in case of its insolvency or overindebtedness may apply to the Land for benefits due to them in case of insolvency proceedings opened under the provisions of the Third Book of the Social Code (Drittes Buch Sozialgesetzbuch) governing insolvency substitute benefits from the Employment Agency and under the provisions of the Act to Improve Occupational Pensions (Gesetz zur Verbesserung der betrieblichen Altersversorgung) from the institution ensuring insolvency insurance.

### Section 13
### Request to Open Insolvency Proceedings

(1) Insolvency proceedings shall be opened on written request only. Such request may be filed by the creditors and by the debtor. The debtor shall enclose with his request a list of creditors and their claims. If the debtor has a business which has not been discontinued, the list must specifically indicate

    1.       the largest claims,

    2.       the largest secured claims,

    3.       claims of the revenue administration,

    4.       claims of the social insurance agencies and

    5.       claims resulting from employee pension schemes.

In such cases the debtor must also state the balance sheet total, sales revenues and the average number of employees in the previous business year. The debtor shall be obliged to provide the information referred to in the fourth sentence if

    1.       the debtor files a request for debtor-in-possession management,

    2.       the debtor fulfils the criteria set out in section 22a subsection (1) or

    3.       the appointment of a provisional creditors' committee has been requested.

The list referred to in the third sentence and the information referred to in the fourth and fifth sentences shall be accompanied by a declaration that the information is correct and complete.

(2) Such request may be withdrawn until the insolvency court opens the insolvency proceedings or the request has been refused with final effect.

(3) The Federal Ministry of Justice shall be empowered, by means of a statutory instrument which shall require the approval of the Bundesrat, to introduce a form to be used by the debtor to file a request. Where such a form has been introduced in accordance with the first sentence, the debtor must use that form. Separate forms may be used for proceedings which courts process automatically and for those they do not process automatically.

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

## Section 14
## Request by the Creditor

(1) A creditor's request shall be admissible if he has a legal interest in the opening of the insolvency proceedings, and shows his claim and the reason why insolvency proceedings should be opened to the satisfaction of the court. If a request for the opening of insolvency proceedings on the debtor's assets was already filed in the two years prior to the request being filed, the request shall not become inadmissible solely on account of the claim being satisfied. In such cases the creditor must also show the previous request to the satisfaction of the court.

(2) If a request is admissible, the insolvency court shall hear the debtor.

(3) If the creditor's claim is satisfied after filing of the request, the debtor shall carry the costs of the proceedings in the event of the request being rejected as unfounded.

## Section 15
## Right of Request in the Case of Legal Persons and Associations Without Legal Personality

(1) As well as the creditors, any member of the representative entity or, in the case of a company without legal personality or of a public partly limited partnership, any general partner, and any liquidator shall be entitled to request the opening of insolvency proceedings for the assets owned by such legal person or company without legal personality. In the absence of management of a legal person, each shareholder, in the case of a public limited company or a cooperative also each member of the supervisory board, shall be entitled to file a request.

(2) If such request is not filed by all members of the board of directors, all general partners, all the partners of a legal person, all the members of the supervisory board, or all liquidators, it shall be admissible if the reason why insolvency proceedings should be opened is shown to the satisfaction of the court. In addition, if a request is filed by the partners of a legal person or by the members of the supervisory board, the lack of management must also be shown to the satisfaction of the court. The insolvency court shall hear the other members of the board of directors, general partners, partners of the legal person, members of the supervisory board or liquidators.

(3) If in the case of a company without legal personality none of the general partners is an natural person, subsections (1) and (2) shall apply mutatis mutandis to the members of the board of directors, to the general partners and to the liquidators of the partners empowered to represent the company. The same shall apply if the grouping of companies continues in this way.

## Section 15a
## Obligation to Request in the Case of Legal Persons and Associations Without Legal Personality

(1) Where a legal person becomes illiquid or overindebted, the members of the board of directors or the liquidators shall file a request for the opening of proceedings without culpable delay, at the latest, however, three weeks after the commencement of insolvency or overindebtedness. The same shall apply to the organ representatives of the partners authorized to represent the company or the liquidators in the case of a company without legal personality where none of the general partners is a natural person; this shall not apply if one of the general partners is another company in which a general partner is a natural person.

(2) In the case of a company within the meaning of subsection (1), second sentence, subsection (1) shall apply correspondingly if the organ representatives of the partners authorized to represent the company are, in turn, companies in which none of the general partners is a natural person, or the grouping of companies continues in this way.

(3) Where a private limited company lacks a management, each partner, in the case of lack of management of a public limited company or a cooperative each member of the

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

supervisory board, is also obligated to file a request, unless that person is not aware of the insolvency or overindebtedness or the lack of management.

(4) Whoever, contrary to subsection (1), first sentence, also in conjunction with the second sentence or subsection (2) or subsection (3), does not file a request for the opening of proceedings, does not correctly file a request or does not file a request in good time shall be punished with imprisonment for not more than three years or a fine.

(5) If the perpetrator under subsection (4) acts negligently, the punishment shall be imprisonment for not more than one year or a fine.

## Section 16
## Reason to Open Insolvency Proceedings

The opening of insolvency proceedings shall require the existence of a reason to open such proceedings.

## Section 17
## Insolvency

(1) Insolvency shall be the general reason to open insolvency proceedings.

(2) The debtor shall be deemed illiquid if he is unable to meet his mature obligations to pay. Insolvency shall be presumed as a rule if the debtor has stopped payments.

## Section 18
## Imminent Insolvency

(1) If the debtor requests the opening of insolvency proceedings, imminent insolvency shall also be a reason to open.

(2) The debtor shall be deemed to be faced with imminent insolvency if he is likely to be unable to meet his existing obligations to pay on the date of their maturity.

(3) If in the case of a legal person, or of a company without legal personality, the request is not filed by all members of the board of directors, all general partners or all liquidators, subsection (1) shall only apply if the person or persons filing the request are empowered to represent the company or the partnership.

## Section 19
## Overindebtedness

(1) Overindebtedness shall also be a reason to open insolvency proceedings for a legal person.

(2) Overindebtedness shall exist if the debtor's assets no longer cover his existing obligations to pay, unless it is highly likely, considering the circumstances, that the enterprise will continue to exist. As regards claims in respect of the restitution of shareholder loans or claims deriving from legal transactions corresponding in economic terms to such a loan, for which the creditors and the debtor have agreed, in accordance with section 39 subsection (2), that they shall rank lower behind the claims set out in section 39 subsection (1), nos. 1 to 5 in the insolvency proceedings, consideration shall not be given to the obligations under the first sentence.

(3) If none of the general partners of a company without legal personality is a natural person, subsections (1) and (2) shall apply mutatis mutandis. This shall not apply if the general partners include another company with a natural person as general partner.

## Section 20
## Obligation of Disclosure and Cooperation During the Opening Proceedings.
## Reference to Discharge of Residual Debt

(1) If the request to open insolvency proceedings is admissible, the debtor shall disclose to the insolvency court such information as is necessary for a decision on the request, and otherwise to support the court in the fulfilment of his duties. Sections 97, 98 and 101 subsection (1), first and second sentences, and subsection (2) shall apply mutatis mutandis.

(2) If the debtor is a natural person, he shall be informed that he may obtain discharge of residual debt in accordance with sections 286 to 303.

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

## Section 21
## Decisions Ordering Provisional Measures

(1) The insolvency court shall take all measures appearing necessary in order to avoid any detriment to the financial status of the debtor for the creditors until the insolvency court decides on the request. The debtor shall be entitled to file an immediate appeal against the ordering of the measure.

(2) In particular, the court may

1.　　　　designate a provisional insolvency administrator to whom section 8 subsection (3), as well as sections 56, 56a and 58 to 66 shall apply mutatis mutandis;

1a.　　　appoint a provisional creditors' committee, to which section 67 subsection (2) and sections 69 to 73 shall apply mutatis mutandis; persons who become creditors only upon the opening of insolvency proceedings may also be appointed as members of the creditors' committee;

2.　　　　impose a general prohibition on making dispositions on the debtor or order that the debtor's dispositions shall require the consent of the provisional insolvency administrator in order to become effective;

3.　　　　order a prohibition or provisional restriction on measures of execution against the debtor unless immovables are involved;

4.　　　　order provisional interception of the debtor's mail, in respect of which sections 99 and 101 subsection (1), first sentence, shall apply mutatis mutandis.

5.　　　　order that objects which would be covered by section 166 or their separate satisfaction could be requested if proceedings were to be opened may not be used or collected by the creditors and that such objects may be used to continue the enterprise insofar as they are of considerable significance therefor; section 169, second and third sentences, shall apply mutatis mutandis; the creditor shall be recompensed by current payments for any loss in value on account of such use. Such obligation to make recompensing payments shall only exist to the extent to which the loss in value accruing him from such use impairs the security of the creditor with a right to separate satisfaction. Where the provisional insolvency administrator includes a claim transferred to secure a claim rather than the creditor, sections 170 and 171 shall apply mutatis mutandis.

The ordering of preservation measures shall not affect the legal validity of disposition over financial securities pursuant to section 1 subsection (17) of the Banking Act (Kreditwesengesetz) and the legal validity of setting off claims and benefits from payment orders, orders between payment service providers or intermediary bodies or orders for the transfer of securities which have been incorporated into systems pursuant to section 1 subsection (16) of the Banking Act. This shall also apply where a legal transaction of the debtor is effected and set off on the day on which the order is effected or a financial security is ordered and the other party provides proof that he neither knew of the order nor should have known about it; if the other party is a system operator or participant in a system, the day on which the order is effected shall be deemed to be that business day within the meaning of section 1 subsection (16b) of the Banking Act.

(3) If other measures prove to be insufficient, the court may sub poena the debtor and have him detained after hearing him. If the debtor is not a natural person, the same shall apply mutatis mutandis to his directors or general partners. Section 98 subsection (3) shall apply mutatis mutandis to the ordering of detention.

## Section 22
## Legal Status of the Provisional Insolvency Administrator

(1) If the insolvency court designates a provisional insolvency administrator and imposes a general prohibition on making dispositions on the debtor, the right to manage and transfer

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

the debtor's property shall be vested in the provisional insolvency administrator. In such cases the provisional insolvency administrator shall:

1.      see to the arrestment and preservation of the debtor's property;

2.      continue an enterprise operated by the debtor until the insolvency court decides on the opening of the insolvency proceedings, unless the insolvency court consents to a close-down of such enterprise in order to avoid a considerable loss of the debtor's property;

3.      verify whether the debtor's property will cover the costs of the insolvency proceedings; in addition, the insolvency court may charge him as an expert with verification of whether a reason to open insolvency proceedings exists, and which prospects exist for the continuation of the debtor's enterprise.

(2) If the insolvency court designates a provisional insolvency administrator without imposing a general prohibition on making dispositions on the debtor, the court shall determine the duties of such provisional insolvency administrator. Such duties may not exceed the duties under subsection (1), second sentence.

(3) The provisional insolvency administrator shall be entitled to enter the debtor's business premises and to investigate there. The debtor shall grant the provisional insolvency administrator inspection of his books and business documents. The debtor shall disclose to him any necessary information and support him in the fulfilment of his duties; sections 97, 98 and 101 subsection (1), first and second sentences, and subsection (2) shall apply mutatis mutandis.

## Section 22a
## Appointment of a Provisional Creditors' Committee

(1) The insolvency court shall appoint a provisional creditors' committee in accordance with section 21 subsection (2) no. 1a if the debtor satisfied at least two out of the three following criteria in the previous business year:

1.      A minimum balance sheet total of 4,840,000 euros after deduction of an amount entered erroneously on the asset side within the meaning of section 268 subsection (3) of the Commercial Code (Handelsgesetzbuch);

2.      A minimum of 9,680,000 euros sales revenues in the twelve months prior to the balance sheet date;

3.      At least fifty employees on an annual average.

(2) Upon the request of the debtor, of the provisional insolvency administrator or of a creditor, the court shall appoint a provisional creditors' committee in accordance with section 21 subsection (2) no. 1a where the names are put forward of persons who may be considered for membership of the provisional creditors' committee and the declarations of consent of the persons named are enclosed with the request.

(3) A provisional creditors' committee shall not be established if the debtor's business has been discontinued, if the appointment of a provisional creditors' committee is disproportionate in view of the expected insolvency estate or if the delay arising on account of its appointment leads to a detrimental change in the debtor's financial status.

(4) Upon being requested to do so by the court, the debtor or the provisional insolvency administrator shall put forward the names of persons who may be considered for membership of the provisional creditors' committee.

## Section 23
## Publication of Restriction on Property Transfers

(1) The decision ordering any of the restrictions on property transfers mentioned at section 21 subsection (2) no. 2 and designating a provisional insolvency administrator shall

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

be published. It shall be individually served on the debtor, on any person with an obligation to the debtor, and on the provisional insolvency administrator. At the same time the debtor's obligors shall be required to meet their obligations to the debtor exclusively in compliance with the order.

(2) If the debtor is registered in a Commercial Register, in a Register of Cooperatives, in a Register of Partnerships or in a Register of Associations, the registry of the insolvency court shall send a copy of such order to the register court.

(3) Sections 32 and 33 shall apply mutatis mutandis to the registration of restrictions on property transfers in the land register, the register of ships and the register of ships under construction, as well as in the register of liens on aircraft.

## Section 24
### Effects of Restrictions on Property Transfers

(1) Sections 81 and 82 shall apply mutatis mutandis to any contravention of the restrictions on property transfers mentioned at section 21 subsection (2) no. 2.

(2) If the right to transfer the debtor's property has been vested in a provisional insolvency administrator, section 85 subsection (1), first sentence, and section 86 shall apply mutatis mutandis to pending actions.

## Section 25
### Repeal of Preservation Measures

(1) If the preservation measures are repealed, section 23 shall apply mutatis mutandis to the publication of the repeal of a restriction on property transfer.

(2) If the right to transfer the debtor's property has been vested in a provisional insolvency administrator, he shall settle any costs incurred using the property administered by him and meet any obligation entered into by him before his appointment is repealed. The same shall apply to obligations under continuing obligations if the provisional insolvency administrator has received the consideration under such contract for the property administered by him.

## Section 26
### Refusal for Insufficiency of Assets

(1) The insolvency court shall refuse a request to open insolvency proceedings if the debtor's assets will probably be insufficient to cover the costs of the proceedings. Such refusal shall be excluded if a sufficient amount of money is advanced, or the costs have been deferred in accordance with section 4a. The order shall be published without delay.

(2) The court shall order that a debtor with respect to whom a request to open insolvency proceedings has been refused for insufficiency of assets shall be entered into the record of debtors in accordance with section 882b of the Code of Civil Procedure and shall transmit the order electronically without delay to the central enforcement court in accordance with section 882h subsection (1) of the Code of Civil Procedure. Section 882c subsection (3) of the Code of Civil Procedure shall apply mutatis mutandis.

(3) Anyone advancing an amount of money under subsection (1), second sentence, may claim reimbursement of the advanced amount by any person who, in contravention of the provisions of insolvency or company law, as well as in contravention of his duties and wrongfully, has not requested the opening of insolvency proceedings. Failing agreement as to whether such person has acted in contravention of his duties and wrongfully in refraining from such request, the burden of proof shall shift to him.

(4) Any person who, contrary to the provisions of insolvency or company law, has in breach of their duties and culpably not filed a request for the opening of insolvency proceedings shall be obliged to pay the advance referred to in subsection (1), second sentence. The provisional insolvency administrator or any person who has a well-founded claim against the debtor may demand payment of the advance.

## Section 26a
### Provisional Insolvency Administrator's Remuneration

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

(1) Where insolvency proceedings are not opened, the insolvency court shall make an order determining the remuneration to be paid, and the expenses to be reimbursed, to the provisional insolvency administrator in respect of the debtor. The order shall be served individually on the provisional administrator and debtor.

(2) The provisional insolvency administrator and the debtor may file an immediate appeal against the court order. Section 567 subsection (2) of the Code of Civil Procedure shall apply mutatis mutandis.

## Section 27
## Order Opening the Insolvency Proceedings

(1) If insolvency proceedings are opened, the insolvency court shall designate an insolvency administrator. Sections 270 and 313 subsection (1) shall remain unaffected.

(2) The order opening the insolvency proceedings shall specify:

1.      the business name or name and first name, date of birth, register court and registration number under which the debtor has been entered in the Commercial Register, branch of business or occupation, commercial establishment or place of abode of the debtor;

2.      the name and address of the insolvency administrator;

3.      the hour when the insolvency proceedings were opened;

4.      whether the debtor has filed for discharge of residual debt;

5.      the reasons why the court did not choose to appoint the insolvency administrator proposed unanimously by the provisional creditors' committee; the name of the person proposed as insolvency administrator shall not be mentioned.

(3) If the order does not specify the hour when the insolvency proceedings were opened, the moment of opening shall be deemed the noon of the day when the order was issued.

## Section 28
## Requirements Incumbent on the Creditors and Debtors

(1) In the order opening the insolvency proceedings the creditors shall be required to file their claims in compliance with section 174 with the insolvency administrator within a definite period of time. Such period of time shall be fixed to extend over not less than two weeks and not more than three months.

(2) In the order opening the insolvency proceedings the creditors shall be required immediately to inform the insolvency administrator which security interests they claim to have in personal property or rights of the debtor. Details are to be provided of the object of the claimed security interest, the nature and causal origin of the security interest, as well as the secured claim. Any person who by fault omits to provide this information, or provides it late, shall be liable for the consequent damage.

(3) In the order opening the insolvency proceedings, those persons having obligations to the debtor shall be required no longer to fulfil these obligations to the debtor, but to the administrator.

## Section 29
## Docketing of Meetings

(1) In the order opening the insolvency proceedings the insolvency court shall docket meetings for:

1.      a creditors' assembly deciding on the continuation of the insolvency proceedings based on the insolvency administrator's report (report meeting); such meeting shall be docketed within six weeks and must not be docketed more than three months later;

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

2.        a creditors' assembly verifying the filed claims (verification meeting); the period of time between expiry of the period to file claims and the verification meeting shall extend over not less than one week and not more than two months.

(2) The meetings may coincide.

## Section 30
### Publication of the Order Opening the Insolvency Proceedings

(1) The registry of the insolvency court shall publish the order opening the insolvency proceedings immediately. If the debtor has filed a request pursuant to section 287, this shall also be published, insofar as notice pursuant to section 27 subsection (2) no. 4 has not been given.

(2) The order shall be served individually on the debtor's creditors and obligors and on the debtor himself.

## Section 31
### Commercial Register, Register of Cooperatives, Register of Partnerships and Register of Associations

If the debtor is registered in a Commercial Register, in a Register of Cooperatives, in a Register of Partnerships or in a Register of Associations, the registry of the insolvency court shall send to the register court:

1.        a copy of the order opening the insolvency proceedings if insolvency proceedings have been opened;

2.        a copy of the order refusing the opening of insolvency proceedings if the opening of insolvency proceedings has been refused for insufficiency of assets, and if the debtor is a legal person or a company without legal personality liquidated by such refusing order.

## Section 32
### Land Register

(1) The opening of insolvency proceedings shall be entered in the land register:

1.        for any parcel of real estate with the debtor registered as owner;

2.        for the debtor's registered rights to real estate or to registered rights if the type of such rights and the circumstances give rise to the suspicion that the insolvency creditors would be placed at a disadvantage without such entry.

(2) If the insolvency court is aware of such parcels of real estate or such rights, it shall request entry by the land register ex officio. Such entry may also be requested from the Land Registry by the insolvency administrator.

(3) If the administrator releases or sells a parcel of real estate or a right for which the opening of the insolvency proceedings has been registered, the insolvency court shall request the land register to delete such entry. Such deletion may also be requested from the Land Registry by the administrator.

## Section 33
### Ship/Aircraft Register

Section 32 shall apply mutatis mutandis to the registration of the opening of insolvency proceedings in the register of ships and the register of ships under construction, as well as in the register of liens on aircraft. In such a case the parcels of real estate shall be replaced by the ships, ships under construction and aircraft entered in such registers, and the land register by the register court, respectively.

## Section 34
### Appeal

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

(1) If the opening of the insolvency proceedings is refused, the requesting party, and the debtor if the request was refused under section 26, may bring an immediate appeal.
(2) If the insolvency proceedings are opened, the debtor may bring an immediate appeal.
(3) As soon as a decision repealing the order opening insolvency proceedings has become effective such termination of the insolvency proceedings shall be published. Section 200 subsection (2), second sentence, shall apply mutatis mutandis. The legal effects of transactions executed by the insolvency administrator or by third parties with respect to him shall remain unaffected by such termination.

## Chapter Two
## Insolvency Estate.
## Classification of Creditors

### Section 35
### Definition of the Insolvency Estate

(1) The insolvency proceedings shall involve all of the assets owned by the debtor on the date when the proceedings were opened and those acquired by him during the proceedings (insolvency estate).
(2) If the debtor is self-employed or if he intends to become self-employed in the near future, the insolvency administrator shall declare to him whether the assets from the non-dependent employment are part of the insolvency estate and whether claims resulting from this business activity may be asserted in the insolvency proceedings. Section 295 subsection (2) shall apply mutatis mutandis. Upon request from the creditors' committee or, if none has been appointed, the creditors' assembly, the insolvency court shall declare such declaration legally invalid.
(3) The insolvency administrator shall give notice to the court of such declaration. The court shall publish the declaration and the order concerning its legal invalidity.

### Section 36
### Objects not Subject to Attachment

(1) Objects not subject to execution shall not form part of the insolvency estate.
Sections 850, 850a, 850c, 850e, 850f subsection (1), sections 850g to 850k, 851c and 851d of the Code of Civil Procedure shall apply mutatis mutandis.
(2) However, the insolvency estate shall involve

1.        the debtor's business records; any legal obligation governing storage of such documents shall remain unaffected;

2.        objects not subject to execution under section 811 subsection (1) nos. 4 and 9 of the Code of Civil Procedure.

(3) Objects forming part of the debtor's usual household and used in his household shall not form part of the insolvency estate if their disposition would obviously yield not more than proceeds largely disproportionate to their value.
(4) The insolvency court shall have jurisdiction in respect of rulings as to whether an object is subject to coercive execution in accordance with the provisions specified in subsection (1), second sentence. Instead of a creditor, the insolvency administrator shall be entitled to make a request. The first and second sentences shall apply mutatis mutandis in respect of the opening proceedings.

### Section 37
### Joint Marital Property of a Community

(1) If the joint marital property of a community is administered by one spouse only and insolvency proceedings are opened for the assets owned by such spouse, the insolvency estate shall involve the joint marital property. The joint marital property shall not be distributed among the spouses. Insolvency proceedings opened for the assets owned by the other spouse shall leave the joint marital property unaffected.

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

(2) If the joint marital property is administered by both spouses, insolvency proceedings opened for the assets owned by any spouse shall leave the joint marital property unaffected.

(3) Subsection (1) shall apply to a continued community with the proviso that the spouse administering the joint marital property alone shall be replaced by the surviving spouse, and the late spouse by his descendants, respectively.

## Section 38
### Definition of the Insolvency Creditors

The insolvency estate shall serve to satisfy the well-founded claims held by the personal creditors against the debtor on the date when the insolvency proceedings were opened (insolvency creditors).

## Section 39
### Lower-ranking Insolvency Creditors

(1) The following claims shall be satisfied ranking below the other claims of insolvency creditors in the order given below, and according to the proportion of their amounts if ranking with equal status:

1.　　　the interest and penalties for late payment accruing on the claims of the insolvency creditors from the opening of the insolvency proceedings;

2.　　　the costs incurred by individual insolvency creditors due to their participation in the proceedings;

3.　　　fines, regulatory fines, coercive fines and administrative fines, as well as such incidental legal consequences of a criminal or administrative offence binding the debtor to pay money;

4.　　　claims to the debtor's gratuitous performance of a consideration;

5.　　　pursuant to subsections (4) and (5) claims for restitution of a loan replacing equity capital or claims resulting from legal transactions corresponding in economic terms to such a loan.

(2) Claims which the creditor and the debtor agreed to be non-privileged in insolvency proceedings shall be satisfied after the claims mentioned at subsection (1) if the agreement does not provide otherwise.

(3) Interest accruing on the claims of non-privileged insolvency creditors, and the costs incurred by such creditors due to their participation in the proceedings shall rank with equal status as the claims of such creditors.

(4) Subsection (1) no. 5 shall apply to companies which neither have a natural person nor a company as general partner in which a general partner is a natural person. If, in the case of the company's impending or existing insolvency or its overindebtedness, a creditor acquires shares for the purpose of the company's rehabilitation, this shall, until the company has been rehabilitated to become sustainable, not lead to the application of subsection (1) no. 5 to his claims from existing or newly granted loans or to claims from legal transactions which correspond in economic terms to such a loan.

(5) Subsection (1) no. 5 shall not apply to the non-managing partner of a company within the meaning of subsection (4), first sentence, who holds ten per cent or less of the liable equity capital.

## Section 40
### Claims to Maintenance

Claims to maintenance under family law against the debtor may be filed in insolvency proceedings for the period after the opening of such proceedings only to the extent to which the debtor would be held liable as the heir of the obligated person. Section 100 shall remain unaffected.

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

### Section 41
### Immature Claims

(1) Immature claims shall be deemed to be mature.
(2) If such claims do not bear interest, they shall be discounted at the statutory rate of interest. Thereby they shall be reduced to the amount corresponding to the full amount of such claim if the statutory rate of interest for the period from the opening of the insolvency proceedings to its maturity is added.

### Section 42
### Claims Subject to a Resolutory Condition

Claims subject to a resolutory condition shall be taken into account in the insolvency proceedings as claims not subject to a resolutory condition as long as such condition is not accomplished.

### Section 43
### Liability Incumbent on Several Persons

A creditor holding claims against several persons for the whole of one single payment may file the full amount in insolvency proceedings against any debtor until he is fully satisfied if he had a claim to such full amount on the date when the insolvency proceedings were opened.

### Section 44
### Rights of Obligors Liable Jointly

and Severally and of Guarantors
Obligors liable jointly and severally and guarantors may file a claim to be acquired by them in the future against the debtor by satisfaction of the creditor only if the creditor does not file his claim.

### Section 44a
### Secured Loans

In the insolvency proceedings concerning the assets of a company, a creditor may, in accordance with section 39 subsection (1) no. 5, only request proportionate satisfaction from the insolvency estate for a claim for restitution of a loan or for a claim of equal rank for which a partner has provided security or for which he is liable as guarantor insofar as he is no longer able to claim the security or to be liable as guarantor.

### Section 45
### Conversion of Claims

Non-liquidated claims or contingent claims shall be filed at the value estimated for the date when the insolvency proceedings were opened. Claims expressed in foreign currency or in a mathematical unit shall be converted into German currency according to the exchange value applicable at the time of the opening of the proceedings at the place of payment.

### Section 46
### Recurring Payments

Claims to recurring payments with a definite amount and for a definite period shall be filed with the amount resulting from the addition of all open payments reduced by the discount mentioned at section 41. If the period of such payments is indefinite, section 45, first sentence, shall apply mutatis mutandis.

### Section 47
### Right to Separation

Anyone entitled to claim the separation of an object from the insolvency estate under a right in rem or in personam shall not form part of the insolvency creditors. Entitlement to separation of such object shall be governed by the legal provisions applying outside the insolvency proceedings.

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

### Section 48
### Right to Separation Extending to the Consideration Received as a Substitute for the Object of Separation

If, prior to opening of the insolvency proceedings by the debtor or subsequent to the opening, an object for which separation might have been claimed has been sold by the insolvency administrator without entitlement, anyone with a right to separation may claim assignment of the right to its consideration as long as such consideration has not been paid. He may claim such consideration from the insolvency estate to the extent to which such consideration continues to exist in a distinct form among the insolvency estate.

### Section 49
### Separate Satisfaction from Immovables

Creditors with a right to satisfaction from objects subject to execution into immovables (immovable objects) shall be entitled to separate satisfaction under the provisions of the Act Governing Auctions and Sequestrations of Immovables (Gesetz über die Zwangsversteigerung und die Zwangsverwaltung).

### Section 50
### Separate Satisfaction of Pledgees

(1) Creditors holding a contractual pledge, a pledge acquired by attachment or a legal lien in an object forming part of the insolvency estate shall be entitled to separate satisfaction in respect of the main claim, interest and costs from the pledged object under sections 166 to 173.

(2) The landlord's or lessor's legal lien may not be claimed in insolvency proceedings for rent or lease payments covering an earlier period than the last twelve months foregoing the opening of the insolvency proceedings, and for any damages to be paid due to the termination of such lease by the insolvency administrator. Liens held by lessors of agricultural land shall not be subject to such restriction with respect to the lease payment.

### Section 51
### Other Creditors with a Claim to Separate Satisfaction

The following creditors shall be deemed equal with those specified under section 50:

1.        creditors to whom the debtor has assigned a movable item or a right in order to secure a claim;

2.        creditors with a right to withhold an object in consideration of their improvement of the object as far as their claim from such improvement does not exceed the still existing improvement;

3.        creditors with a right to withhold an object under the provisions of the Commercial Code (Handelsgesetzbuch);

4.        the Federation, the Länder, the communes and commune associations with regard to objects subject to custom duties and tax under legal provisions to secure the payment of public dues.

### Section 52
### Elimination of Creditors with a Right to Separate Satisfaction

Creditors with a right to separate satisfaction shall be deemed insolvency creditors if they also have a personal claim against the debtor. However, they shall be entitled to proportionate satisfaction of their claim from the insolvency estate only to the extent that they waive their right to separate satisfaction, or that such separate satisfaction has failed.

### Section 53
### Preferential Creditors

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

The insolvency estate shall be used to settle in advance the costs of the insolvency proceedings and the other debts incumbent on the estate.

### Section 54
### Costs of the Insolvency Proceedings

The following shall be deemed costs of the insolvency proceedings:

1.      the court fees in respect of the insolvency proceedings;

2.      the remuneration earned and the expenses incurred by the provisional insolvency administrator, by the insolvency administrator and by the members of the creditors' committee.

### Section 55
### Other Debts Incumbent on the Estate

(1) The following debts shall be deemed as further debts incumbent on the estate:

1.      debts created by activities of the insolvency administrator or in another way by the administration, disposition and distribution of the insolvency estate without belonging to the costs of the insolvency proceedings;

2.      obligations under mutual contracts claimed to be performed to the credit of the insolvency estate or to be settled after the opening of the insolvency proceedings;

3.      obligations due to restitution for unjust enrichment of the insolvency estate.

(2) Obligations created by a provisional insolvency administrator in whom the right to transfer the debtor's property was vested after the opening of the insolvency proceedings shall be deemed as debts incumbent on the estate. The same shall apply to obligations under a continuing obligation if the provisional insolvency administrator has received the consideration to the credit of the assets administered by him.

(3) If in accordance with subsection (2) reasoned wage claims in accordance with section 169 of the Third Book of the Social Code transfer to the Federal Employment Agency, the Federal Agency may only claim these as an insolvency creditor. The first sentence shall apply mutatis mutandis in respect of the claims specified in section 175 subsection (1) of the Third Book of the Social Code to the extent that these are upheld against the debtor.

(4) Obligations of the insolvency debtor resulting from the tax debtor-creditor relationship which were created by a provisional insolvency administrator or by the debtor with the consent of the provisional insolvency administrator shall be deemed as debts incumbent upon the estate after the opening of the insolvency proceedings.

### Chapter Three
### Insolvency Administrator.
### Bodies Representing the Creditors

### Section 56
### Appointment of an Insolvency Administrator

(1) From among all those persons prepared to take on insolvency administration work the insolvency court shall select and appoint as insolvency administrator an independent natural person who is suited to the case at hand, who is particularly experienced in business affairs and independent of the creditors and of the debtor. The willingness to take on insolvency administration work may be restricted to certain proceedings. The requisite independence shall not already be ruled out on account of the fact that

1.      the person's name was put forward by the debtor or by a creditor,

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

2.      the person in question had given the debtor advice of a general nature on the course and consequences of the insolvency proceedings prior to the request for the opening of insolvency proceedings being filed.

(2) The insolvency administrator shall receive a letter documenting his appointment. Upon termination of his office he shall return such letter to the insolvency court.

## Section 56a
## Involvement of the Creditors in the Appointment of the Administrator

(1) Before the administrator is appointed, the provisional creditors' committee must be given the opportunity to comment on the professional and personal requirements to be met by the administrator, insofar as this is not obviously to the detriment of the debtor's financial status.

(2) The court may choose not to appoint the administrator proposed unanimously by the provisional creditors' committee only if the person proposed is not suited to taking on the office. The court must base its choice of administrator on the requirements to be met by the administrator as agreed by the provisional creditors' committee.

(3) If the court waives the hearing in accordance with subsection (1) out of concern for a detrimental change in the debtor's financial status, the provisional creditors' committee may in its first meeting unanimously elect a person other than the person appointed as insolvency administrator.

## Section 57
## Election of a Different Insolvency Administrator

During the first meeting of creditors subsequent to the appointment of the insolvency administrator the creditors may elect a different person to replace him. The different person shall be elected if, in addition to the majority specified in section 76 subsection (2), the majority of the voting creditors has also voted for him. The court may refuse the appointment only of a person unqualified to assume such an office. Any insolvency creditor may bring an immediate appeal against a refusal of appointment.

## Section 58
## Supervision by the Insolvency Court

(1) The insolvency administrator shall be subject to supervision by the insolvency court. The court may require him at any time to give specific information or to report on the progress of the proceedings and on the management.

(2) If the insolvency administrator does not fulfil his duties, subsequent to a warning the court may impose an administrative fine on him. An individual administrative fine may not exceed the sum of twenty-five thousand euros. The administrator may bring an immediate appeal against the decision.

(3) Subsection (2) shall apply mutatis mutandis to the implementation of the obligation to return assets in respect of an administrator who has been dismissed.

## Section 59
## Dismissal of the Insolvency Administrator

(1) The insolvency court may dismiss the insolvency administrator for an important reason. Such dismissal may be ordered ex officio or at the request of the administrator, of the creditors' committee or of the creditors' assembly. The court shall hear the administrator before taking its decision.

(2) The administrator may bring an immediate appeal against his dismissal. The administrator himself, the creditors' committee or any creditor of the insolvency proceedings, if the creditors' assembly requested the administrator's dismissal, may bring an immediate appeal against an order refusing the dismissal of the administrator.

## Section 60
## Liability of the Insolvency Administrator

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

(1) The insolvency administrator shall be held liable to damages for all parties to the proceedings if he wrongfully violates the duties incumbent on him under this Statute. He shall ensure the careful action of a proper and diligent insolvency administrator.

(2) If for the fulfilment of the duties incumbent on him as administrator he has to employ any not obviously unqualified employees of the debtor within the scope of their former activities, pursuant to section 278 of the Civil Code the administrator shall not be responsible for errors made by these persons, but shall be responsible for supervising them, as well as for decisions of particular importance.

## Section 61
### Non-performance of Debts Incumbent on the Estate

If a debt incumbent on the estate created by a legal transaction of the insolvency administrator cannot be fully satisfied from the insolvency estate, the administrator shall be held liable to damages for the preferential creditor. This shall not apply if the administrator in creating such debt could not be aware of the probable insufficiency of the insolvency estate for performance.

## Section 62
### Period of Limitation

The right to claim damages arising from a breach of duty on the part of the insolvency administrator shall be subject to the regulations governing the regular period of limitation under the Civil Code. Such claim shall be subject to limitation at the latest after three years beginning on the date of termination of the insolvency proceedings or when the order discontinuing such proceedings became final. The second sentence shall apply to any violation of duties committed under delayed distribution (section 203) or monitoring of implementation of the plan (section 260) with the proviso that termination of the insolvency proceedings shall be replaced by the execution of delayed distribution or the termination of monitoring, respectively.

## Section 63
### Remuneration of the Insolvency Administrator

(1) The insolvency administrator shall be entitled to remuneration in consideration of execution of his office and to reimbursement of his adequate expenses. The ordinary rate of such remuneration shall be calculated based on the value of the insolvency estate when the proceedings are terminated. The scope and complexity of the administrator's execution of his office shall be taken into account by derogating from the ordinary rate.

(2) If the costs of the proceedings have been deferred in accordance with section 4a, the insolvency administrator shall have a claim against the state cash office in respect of his payment and his expenses insofar as the insolvency assets are insufficient therefor.

(3) The provisional insolvency administrator shall be remunerated separately for his services. He shall generally receive twenty-five per cent of the remuneration paid to the insolvency administrator based on the assets to which his services referred during the opening proceedings. When determining the value of the assets, the point in time at which the provisional administration ended shall be decisive, alternatively the point in time from which the object is no longer subject to provisional administration. Where the difference between the actual value of the basis for calculating the remuneration and the value on which the remuneration is based is more than twenty per cent, the court may amend the decision concerning the provisional insolvency administrator's remuneration until the decision concerning the insolvency administrator's remuneration has become binding.

## Section 64
### Determination by the Insolvency Court

(1) The insolvency court shall determine by means of an order the insolvency administrator's remuneration and the expenses to be reimbursed to him.

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

(2) Such order shall be published and individually served on the administrator, the debtor and the members of the creditors committee, if appointed. The determined amounts shall not be published; the public notification should point out that the complete order may be consulted in the registry.

(3) The administrator, the debtor and any creditor of the insolvency proceedings may bring an immediate appeal against the order. Section 567 subsection (2) of the Code of Civil Procedure shall apply mutatis mutandis.

## Section 65
## Empowerment to Issue an Order

The Federal Ministry of Justice shall be empowered to arrange the details of remunerations and refunding of the costs of the insolvency administrator by means of an ordinance.

## Section 66
## Rendering of Accounts

(1) Upon expiry of his office the insolvency administrator shall render account to an assembly of creditors. The insolvency plan may derogate from this rule.

(2) Prior to such assembly of creditors the insolvency court shall verify the administrator's rendering of accounts. The court shall lay out the administrator's final account with supporting documents, with a remark indicating verification of the account and with any comments of the creditors' committee if appointed to the parties' inspection; it may set a deadline for the creditors' committee to make a statement. The period between the laying out of such documents and the date of the creditors' assembly shall extend for at least one week.

(3) The creditors' assembly may charge the administrator with intermediate accounts to be rendered on certain dates during the proceedings. Subsections (1) and (2) shall apply mutatis mutandis.

## Section 67
## Establishment of the Creditors' Committee

(1) Prior to the first creditors' assembly the insolvency court may establish a creditors' committee.

(2) Such creditors' committee shall represent the creditors with a right to separate satisfaction, the insolvency creditors holding the maximum claims and the small sum creditors. The committee shall include a representative of the debtor's employees.

(3) Persons not holding the status of creditors may also be appointed as members of the creditors' committee.

## Section 68
## Election of Different Members

(1) The creditors' assembly shall decide on the establishment of a creditors' committee. If the insolvency court has already established a creditors' committee, the creditors' assembly shall decide whether it is to be maintained in office.

(2) It may vote the dismissal of members designated by the insolvency court or the appointment of additional members to the creditors' committee.

## Section 69
## Duties Incumbent on the Creditors' Committee

The members of the creditors' committee shall support and monitor the insolvency administrator's execution of his office. They shall demand information on the progress of business affairs, have the books and business documents inspected and the monetary transactions and the available cash verified.

## Section 70
## Dismissal

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

The insolvency court may dismiss a member of the creditors' committee for an important reason. Such dismissal may be ordered ex officio or at the request of such member of the creditors' committee or of the creditors' assembly. The court shall hear such member of the creditors' committee prior to issuing such order; he may bring an immediate appeal against the decision.

## Section 71
### Liability of the Members of the Creditors' Committee

The members of the creditors' committee shall be held liable to damages for the creditors with a right to separate satisfaction and for the insolvency creditors if they wrongfully violate the duties incumbent on them under this Statute. Section 62 shall apply mutatis mutandis.

## Section 72
### Decisions of the Creditors' Committee

A decision of the creditors' committee shall be valid if the majority of members attended the meeting voting on such decision and backed such decision with the majority of voting members.

## Section 73
### Remuneration of the Members of the Creditors' Committee

(1) The members of the creditors' committee shall be entitled to remuneration in consideration of execution of their offices and to reimbursement of their adequate expenses. The time and scope of execution of their office on the part of the members shall be taken into account.

(2) Section 63 subsection (2), as well as sections 64 and 65 shall apply mutatis mutandis.

## Section 74
### Convening the Creditors' Assembly

(1) The creditors' assembly shall be convened by the insolvency court. All creditors with a right to separate satisfaction, all insolvency creditors, the insolvency administrator, the members of the creditors' committee and the debtor shall be entitled to attend such assembly.

(2) The time, place and agenda of the creditors' assembly shall be published. Such publication may be waived if a creditors' assembly adjourns its transactions.

## Section 75
### Request to Convene a Creditors' Assembly

(1) A creditors' assembly shall be convened if requested by

1.      the insolvency administrator;

2.      the creditors' committee;

3.      at least five creditors with a right to separate satisfaction or non-lower-ranking insolvency creditors whose rights to separate satisfaction and claims together are assessed by the insolvency court to represent one fifth of the sum resulting from the value of all rights to separate satisfaction and of the claims of all non-lower-ranking insolvency creditors;

4.      one or more creditors with a right to separate satisfaction or non-lower-ranking insolvency creditors whose rights to separate satisfaction and claims together are assessed by the insolvency court to represent two fifths of the sum mentioned at no. 3.

(2) The period between receipt of such request and the date of the creditors' assembly shall extend no longer than three weeks.

(3) If the insolvency court refuses an order convening a creditors' assembly, the requesting party may bring an immediate appeal.

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

### Section 76
### Decisions of the Creditors' Assembly

(1) The creditors' assembly shall be presided by the insolvency court.

(2) A decision of the creditors' assembly shall be valid if the sum of the claims held by backing creditors exceeds one half of the sum of claims held by the creditors with voting rights; for creditors with a right to separate satisfaction to whom the debtor is not personally liable, the claim shall be replaced by the value of such right.

### Section 77
### Determination of Voting Right

(1) A voting right shall be vested in claims filed by the creditor and not disputed by the insolvency administrator or by a creditor with a voting right. Lower-ranking creditors shall have no voting rights.

(2) Creditors with disputed claims shall have a voting right to the extent to which the administrator and the attending creditors with a right to vote have agreed such vote during the creditors' assembly. If the parties cannot reach an agreement, the decision of the insolvency court shall prevail. The insolvency court may modify its decision at the request of the administrator or of a creditor attending the creditors' assembly.

(3) Subsection (2) shall apply mutatis mutandis to

1.       creditors holding claims subject to a condition precedent;

2.       creditors with a right to separate satisfaction.

### Section 78
### Repeal of a Decision taken by the Creditors' Assembly

(1) If a decision taken by the creditors' assembly is against the common interest of the insolvency creditors, the insolvency court shall repeal such decision at the request of a creditor with a right to separate satisfaction, of a non-lower-ranking creditor of the insolvency proceedings or of the insolvency administrator if such request is brought during the creditors' assembly.

(2) Such repeal of a decision shall be published. Any creditor with a right to separate satisfaction and any non-lower-ranking creditor may bring an immediate appeal against a repeal. The requesting party may bring an immediate appeal against an order refusing such repeal.

### Section 79
### Information to the Creditors' Assembly

The creditors' assembly may require the insolvency administrator to give specific information and a report on the progress of the proceedings and on the management. If a creditors' committee has not been appointed, the creditors' assembly may have the administrator's monetary transactions and the available cash verified.

### Part Three
### Effects of the Opening of Insolvency Proceedings

### Chapter One
### General Effects

### Section 80
### Right to Manage and Transfer the Insolvency Estate Vested in the Insolvency Administrator

(1) Upon the opening of the insolvency proceedings the debtor's right to manage and transfer the insolvency estate shall be vested in the insolvency administrator.

(2) An existing prohibition of transfers imposed on the debtor and purporting to protect only certain persons (section 135 and 136 of the Civil Code) shall have no binding effect on the

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

proceedings. The provisions governing the effects of an attachment or seizure by way of execution shall remain unaffected.

## Section 81
### Dispositions by the Debtor

(1) If the debtor after the opening of the insolvency proceedings transfers an object forming part of the insolvency estate, such transfer shall be legally invalid. Sections 892 and 893 of the Civil Code, sections 16 and 17 of the Act Governing Rights in Registered Ships and Ships under Construction (Gesetz über Rechte an eingetragenen Schiffen und Schiffsbauwerken) and sections 16 and 17 of the Act Governing Rights in Aircraft (Gesetz über Rechte an Luftfahrzeugen) shall remain unaffected. The consideration shall be restituted to the other party to the transfer from the insolvency estate if such assets received enrichment by it.

(2) With respect to an assignment of future claims to emoluments due to the debtor under an employment relationship or to recurring emoluments replacing them, subsection (1) shall also apply to the extent to which such assignment covers any emoluments to be received by the debtor subsequent to termination of the insolvency proceedings. The debtor's right to assign such emoluments to a trustee for the purpose of collective satisfaction of the insolvency creditors shall remain unaffected.

(3) If the debtor transferred an object forming part of the insolvency estate on the day on which the insolvency proceedings were opened, such transfer shall be presumed to have been effected after the opening of the insolvency proceedings. Any transfer by the debtor in respect of financial securities within the meaning of section 1 subsection (17) of the Banking Act following the opening of insolvency proceedings shall, notwithstanding sections 129 to 147, be legally valid if it occurred on the day of the opening and the other party proves that he was neither aware of nor had to be aware of the opening of the proceedings.

## Section 82
### Performance in Favour of the Debtor

If the debtor received performance to settle an obligation after the opening of the insolvency proceedings although such obligation had to be performed to the credit of the insolvency estate, the performing party shall be discharged of his obligation if he was unaware of the opening of the proceedings at the time of his performance. If such party performed his obligation prior to publication of the order opening the proceedings, he shall be presumed to have been unaware of the opening of the proceedings.

## Section 83
### Decedent's Estate. Continued Community

(1) If the debtor prior to the opening of the insolvency proceedings succeeded or during the insolvency proceedings succeeds to a decedent's estate or to a legacy, only the debtor shall be entitled to accept or disclaim such estate or legacy. The same shall apply to the disclaimer of a continued community.

(2) If the debtor is a limited heir, the insolvency administrator may not transfer any object forming part of the decedent's estate if such transfer would be invalid under section 2115 of the Civil Code with respect to the revisionary heir if the revisionary heir succeeds to the decedent's estate.

## Section 84
### Liquidation of a Company or a Community

(1) If a community, another ownership in common or a company without legal personality exists between the debtor and third parties, any distribution or other liquidation shall be effected outside the insolvency proceedings. The third parties may claim separate satisfaction from the debtor's share determined under such distribution or liquidation to settle any claims arising from the community, ownership in common or company without legal personality.

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

(2) An agreement excluding the right to liquidate a community for ever, for a limited period or for a period of notice to be given shall have no binding effect upon the insolvency proceedings. The same shall apply to a clause in the decedent's will with a similar content and binding on the community of heirs, and to a similar agreement among the members of a community of heirs.

### Section 85
### Joinder of Pending Actions as Plaintiff

(1) Actions affecting the property forming part of the insolvency estate and pending for the debtor as plaintiff on the date when the insolvency proceedings are opened may be joined by the insolvency administrator with their existing status. If such joinder is delayed, section 239 subsections (2) to (4) of the Code of Civil Procedure shall apply mutatis mutandis.
(2) If the administrator refuses such joinder, the debtor and the defendant may continue the action.

### Section 86
### Joinder of Certain Pending Actions as Defendant

(1) Actions pending against the debtor as defendant on the date when the insolvency proceedings are opened may be joined by the insolvency administrator or continued by the plaintiff if they cover:

   1.      the separation of an object from the insolvency estate;

   2.      separate satisfaction; or

   3.      a debt incumbent on the estate.

(2) If the administrator acknowledges such claim immediately, the plaintiff may claim reimbursement of the costs incurred for such action only as an insolvency creditor.

### Section 87
### Claims held by the Insolvency Creditors

The insolvency creditors shall only be permitted to enforce their claims under the provisions governing the insolvency proceedings.

### Section 88
### Execution prior to the Opening of Insolvency Proceedings

If an insolvency creditor during the last month preceding the request to open the insolvency proceedings or after such request acquired by virtue of execution a security attaching the debtor's property forming part of the insolvency estate, such security shall become legally invalid when the insolvency proceedings are opened.

### Section 89
### Prohibition of Execution

(1) Individual insolvency creditors may not execute into the insolvency estate or into the debtor's other property during the insolvency proceedings.
(2) Even creditors without the status of insolvency creditors may not execute during the proceedings into future claims to emoluments due to the debtor under an employment relationship or into recurring emoluments replacing them. This shall not apply to execution under a claim for maintenance or under a claim arising from wilful tort into the amount of emoluments not subject to attachment by other creditors.
(3) The insolvency court shall decide on any relief to be granted against execution under subsections (1) or (2). Prior to its decision the court may issue a restraining order; in particular, it may order a provisional suspension of such execution with or without providing a security and its continuation subject to a security.

### Section 90
### Prohibition of Execution under Debts Incumbent on the Estate

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

(1) Execution in respect of debts incumbent on the estate not caused by a transaction of the administrator shall be inadmissible for a period of six months from the opening of the insolvency proceedings.

(2) The following liabilities shall not be considered as such debts incumbent on the estate:

1.    obligations under a mutual contract for whose performance the administrator opted;

2.    obligations under a continuing obligation for the period after the first date when the administrator might have terminated such contract;

3.    obligations under a continuing obligation insofar as the administrator receives its consideration for the insolvency estate.

## Section 91
## Exclusion of other Acquisition of Rights

(1) After the opening of the insolvency proceedings rights in objects forming part of the insolvency estate cannot be acquired with legal effect even if such acquisition of rights is not based on the debtor's transfer or effected by way of execution.

(2) Sections 878, 892 and 893 of the Civil Code, sections 3 subsection (3), 16 and 17 of the Act Governing Rights in Registered Ships and Ships Under Construction, sections 5 subsection (3), 16 and 17 of the Act Governing Rights in Aircraft and section 20 subsection (3) of the Maritime Distribution Statute (Schiffahrtsrechtliche Verteilungsordnung) shall remain unaffected.

## Section 92
## General Damage

Rights held by the insolvency creditors for reimbursement of damage suffered jointly by such creditors due to a reduction of the property forming part of the insolvency estate before or after the opening of the insolvency proceedings (general damage) may be claimed only by the insolvency administrator during the insolvency proceedings. If such rights are sought against the administrator, they may be claimed only by another, newly appointed insolvency administrator.

## Section 93
## Personal Liability of Partners

If insolvency proceedings have been opened for the assets owned by a company without legal personality or by a partnership limited by shares, only the insolvency administrator may claim a partner's personal liability to the company's debts during the insolvency proceedings.

## Section 94
## Preservation of the Right to Set Off a Claim

If by force of law or on the basis of an agreement an insolvency creditor had a right to set off a claim on the date when the insolvency proceedings were opened, such right shall remain unaffected by the proceedings.

## Section 95
## Acquisition of the Right to Set Off a Claim During the Proceedings

(1) If on the date when the insolvency proceedings were opened one or more of the claims to be set off against each other were conditioned, were immature or did not cover similar types of performance, such set-off may not be effected before its conditions are met. Sections 41 and 45 shall not apply. Set-off shall be excluded if the claim against which a set-off is to be effected will be unconditioned and mature before it may be set off.

(2) Set-off shall not be excluded by the claims being expressed in different currencies or mathematical units if these currencies or mathematical units are freely exchangeable at the place of payment of the claim against which a set-off is to be effected. They shall be

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

converted according to the exchange value applicable to this place at the time of receipt of the declaration of set-off.

## Section 96
## Prohibition of Set-Off

(1) Set-off shall be prohibited if

    1.      an insolvency creditor has become an obligor to the credit of the insolvency estate only after the opening of the insolvency proceedings;

    2.      an insolvency creditor acquired his claim from another creditor only after the opening of the insolvency proceedings;

    3.      an insolvency creditor acquired the opportunity to set off his claim by a transaction subject to contest;

    4.      a creditor with a claim to be satisfied from the debtor's free property is an obligor to the credit of the insolvency estate.

(2) Subsection (1), as well as section 95 subsection (1), third sentence, shall not be a hindrance to disposition over financial securities within the meaning of section 1 subsection (17) of the Banking Act or the set-off of claims and benefits from payment orders, orders between payment service providers or intermediary bodies or orders for the transfer of securities which were introduced into systems within the meaning of section 1 subsection (16) of the Banking Act which serve to implement such agreements, insofar as the set-off is effected at the latest on the day of opening of the insolvency proceedings; if the other party is a system operator or participant in a system, the day of the opening of the insolvency proceedings shall be deemed to be that business day within the meaning of section 1 subsection (16b) of the Banking Act.

## Section 97
## The Debtor's Obligation to Disclosure and Cooperation

(1) The debtor shall disclose any circumstances relating to the insolvency proceedings to the insolvency court, the insolvency administrator, the creditors' committee and, if so ordered by the insolvency court, to the creditors' assembly. He shall also disclose any facts able to bring about criminal prosecution for commission of a criminal or administrative offence. However, any fact disclosed by the debtor under his obligation in accordance with the first sentence may not be used against the debtor without his consent in trial or proceedings under the Administrative Offences Act (Gesetz über Ordnungswidrigkeiten) brought against the debtor or a relation mentioned at section 52 subsection (1) of the Code of Criminal Procedure.
(2) The debtor shall support the administrator in the latter's execution of his duties.
(3) Under an order issued by the court the debtor shall be obligated to be available at any time to meet his obligations to disclosure and cooperation. He shall forbear any activity contradicting the execution of such duties.

## Section 98
## Imposition of the Duties of the Debtor

(1) If necessary to provide truthful statements, the insolvency court shall order the debtor's affidavit for the records that he disclosed any demanded facts truly, correctly and completely. Sections 478 to 480 and 483 of the Code of Civil Procedure shall apply mutatis mutandis.
(2) The court may sub poena the debtor and detain him after hearing him

    1.      if the debtor refuses to give information or to provide an assurance under oath or to support the fulfilment of the duties of the insolvency administrator,

    2.      if the debtor attempts to evade the execution of his obligations to disclosure and cooperation, in particular by preparing his flight, or

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

3.      if such sub poena and detainment are necessary to avoid the debtor's activities contradicting the execution of his obligations to disclosure and cooperation, in particular to secure the insolvency estate.

(3) Section 802g subsection (2), sections 802h and 802j subsection (1) of the Code of Civil Procedure shall apply mutatis mutandis in respect of the ordering of detention. The order imposing detention shall be rescinded ex officio as soon as the preconditions for the ordering of detention no longer exist. Immediate appeal shall be available against the ordering of detention, as well as against refusal of an application for rescission of the order imposing detention if its conditions no longer exist.

### Section 99
### Interception of the Debtor's Mail

(1) If such measure seems necessary in order to investigate or prevent the debtor's legal transactions disadvantaging the creditors, the insolvency court at the insolvency administrator's request or ex officio shall, by order and giving grounds, order that the companies referred to in the order shall redirect to the administrator certain or all mail consignments addressed to the debtor. The order shall be issued after the debtor is heard unless this would endanger the purpose of the order due to the particular circumstances of the case. If the debtor is not previously heard, grounds for this must be given in the order and the hearing carried out immediately afterwards.

(2) The administrator shall be entitled to open any mail consignment redirected to him. Mail consignments with a content unrelated to the insolvency estate shall be forwarded to the debtor immediately. Any other mail consignments may be inspected by the debtor.

(3) The debtor may bring an immediate appeal against the ordering of interception of his mail. After hearing the administrator the insolvency court shall repeal such order if its conditions have ceased to exist.

### Section 100
### Maintenance Payments using the Insolvency Estate

(1) The creditors' assembly shall determine whether and to what extent the debtor and his family are to be granted maintenance using the insolvency estate.

(2) Until the creditors' assembly reaches a decision, with the agreement of the creditors' committee if appointed, the insolvency administrator may grant necessary maintenance to the debtor. In the same way it shall be possible to grant maintenance to the debtor's minor unmarried children, spouse, former spouse, civil partner, former civil partner and the other parent of his child regarding a claim under sections 1615l and 1615n of the Civil Code.

### Section 101
### Members of the Body Representing the Debtor. Employees

(1) If the debtor is not a natural person, sections 97 to 99 shall apply mutatis mutandis to the members of the body representing or supervising the debtor, as well as to his general partners who are entitled to represent him. In addition, sections 97 subsection (1) and 98 shall apply mutatis mutandis to persons who left a position mentioned in the first sentence no earlier than two years before the opening of the insolvency proceedings was requested; if the debtor has no representative, this shall also apply to those persons holding a participating interest in him. Section 100 shall apply mutatis mutandis to the general partners of the debtor who are entitled to represent him.

(2) Section 97 subsection (1), first sentence, shall apply mutatis mutandis to the debtor's employees and previous employees, insofar as these did not leave earlier than two years prior to the opening of the insolvency proceedings was requested.

(3) If the persons referred to under subsections (1) and (2) do not meet their duties of disclosure and cooperation, they may, if the request to open insolvency proceedings is rejected, be required to carry the costs of the proceedings.

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

### Section 102
### Restriction of a Basic Right

Section 21 subsection (2) no. 4, as well as sections 99 and 101 subsection (1), first sentence, shall authorize a limitation of the basic right of privacy (letters, telecommunications) (Article 10 of the Basic Law (Grundgesetz)).

### Chapter Two
### Performance of Transactions.
### Cooperation of the Works Council

### Section 103
### Option to be Exercised by the Insolvency Administrator

(1) If a mutual contract was not or not completely performed by the debtor and its other party at the date when the insolvency proceedings were opened, the insolvency administrator may perform such contract replacing the debtor and claim the other party's consideration.

(2) If the administrator refuses to perform such contract, the other party shall be entitled to its claims for non-performance only as an insolvency creditor. If the other party requires the administrator to opt for performance or non-performance, the administrator shall state his intention to claim performance without negligent delay. If the administrator does not give his statement, he may no longer insist on performance.

### Section 104
### Fixed-date Transactions. Financial Services

(1) If the delivery of goods with a market or stock exchange price was agreed to take place exactly on a definitely fixed date or within a definitely fixed period, and if such date or expiry of the period occurs after the insolvency proceedings were opened, performance may not be claimed, but only claims for non-performance.

(2) If financial performance with a market or stock exchange price was agreed to take place at a fixed date or within a fixed period, and if such date or expiry of the period occurs after the insolvency proceedings were opened, performance may not be claimed, but only claims for non-performance. In particular the following shall be regarded as financial performance

1.      the delivery of precious metals,

2.      the delivery of securities or comparable rights if it is not intended to obtain a participation in a company in order to establish a long-term association,

3.      performances in specie which have to be effected in foreign currency or in a mathematical unit,

4.      performances in specie the amount of which is indirectly or directly determined by the exchange rate of a foreign currency or mathematical unit, by the interest rate prevailing for claims or by the price of other goods or services,

5.      options and other rights to deliveries or performances in specie in the meaning of nos. 1 to 4.

6.      financial securities within the meaning of section 1 subsection (17) of the Banking Act.

If transactions on financial services are combined in a framework contract for which agreement has been reached that if grounds for insolvency exist it may only be terminated uniformly, the totality of these transactions shall be regarded as a mutual contract in the meaning of sections 103 and 104.

(3) Such claim for non-performance shall cover the difference between the agreed price and the market or stock exchange price prevailing at a point in time agreed by the parties, at the latest, however, on the fifth working day after the opening of the insolvency proceedings at the place of performance for a contract with the agreed period of performance. If the parties

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

do not enter into such an agreement, the second working day after the opening of the insolvency proceedings shall be decisive. The other party may bring such claim only as an insolvency creditor.

## Section 105
### Severable Contracts

If the contractual performances due to the parties are severable, and if the other party already had performed part of the services incumbent on it on the date when the insolvency proceedings were opened, such other party shall be deemed an insolvency creditor for the amount of its claim to consideration corresponding to the part of the services already performed by it, even if the insolvency administrator claims performance of the services not yet performed. The other party shall not be entitled to claim restitution for non-performance of its claim to the consideration of the part of services transferred to the debtor's assets before the insolvency proceedings were opened.

## Section 106
### Priority Notice

(1) If a priority notice was entered into the land register in order to secure a claim to grant or terminate a right in the debtor's real estate or in a right registered for the debtor, or in order to secure a claim to modify the contents or priority of such right, the creditor may claim satisfaction of his claim from the insolvency estate. The same shall apply if the debtor undertook additional obligations with respect to the creditor and such obligations have not been met or have not been completely met.
(2) Subsection (1) shall apply mutatis mutandis to a priority notice entered into the register of ships, the register of ships under construction or into the register of liens on aircraft.

## Section 107
### Retention of Title

(1) If the debtor, before the insolvency proceedings were opened, has sold a movable article while retaining title and transferring its possession to the purchaser, the purchaser may claim performance of the sales contract. The same shall apply if the debtor has undertaken additional obligations with respect to the purchase and such obligations have not been met or have not been completely met.
(2) If the debtor, before the insolvency proceedings were opened, has purchased a movable article in which the seller has retained title and whose possession was transferred to the debtor by the seller, the insolvency administrator, required by the seller to opt for performance or non-performance, need not submit his declaration pursuant to section 103 subsection (2), second sentence, until without negligent delay after the report meeting. This shall not apply if in the period preceding the report meeting a considerable reduction is to be expected in the value of the movable article and the creditor has notified the administrator of this circumstance.

## Section 108
### Continuity of Certain Continuous Obligations

(1) Contracts concluded by the debtor for the lease and tenancy of immovables or premises and employment relationships of the debtor shall continue to exist, but to the credit of the insolvency estate. This shall also apply in respect of rental and lease contracts concluded by the debtor as landlord or lessor relating to other effects assigned as a security to a third party who had financed their acquisition or production.
(2) A loan relationship entered into by the debtor as the lender shall continue with effect for the assets insofar as the object owed is made available to the borrower.
(3) Claims arising before the insolvency proceedings were opened may be brought by the other party only as an insolvency creditor.

## Section 109
### Debtor's Status as Tenant or Lessee

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

(1) A contract for the tenancy or lease of immovables or premises concluded by the debtor as tenant or lessee may be terminated by the insolvency administrator without regard to the agreed term of the contract or an agreed exclusion of a right to the legal period of notice; the period of notice shall be three months to the end of the month unless another shorter period is applicable. If the dwelling of the debtor is the subject-matter of the lease agreement, termination shall be replaced by the right of the insolvency administrator to declare that claims becoming due on expiry of the period specified in the first sentence may not be asserted in the insolvency proceedings. If the administrator terminates under the first sentence or if he submits the declaration in accordance with the second sentence, the other party may claim damages as an insolvency creditor for premature termination of such contract.

(2) If the debtor had not yet entered into possession of the immovables or premises when the insolvency proceedings were opened, the administrator and the other party may withdraw from such contract. If the administrator withdraws from the contract, the other party may claim damages as an insolvency creditor for premature termination of the contract. At the other party's request each party shall state within two weeks whether it intends to withdraw from the contract; if any of the parties does not give their statement, they shall lose the right to withdraw.

### Section 110
### Debtor's Status as Landlord or Lessor

(1) If the debtor as landlord or lessor of immovables or premises assigned his future claim to tenancy or lease fees to a third party before the insolvency proceedings were opened, the validity of such assignment shall be limited to tenancy or lease fees to be received for the current month of the opening of the insolvency proceedings. If the insolvency proceedings were opened after the fifteenth day of a month, the validity of such assignment shall also be valid in respect of the following month.

(2) In particular, collection of the tenancy or lease fees shall be deemed an assignment for the purpose of subsection (1). An assignment under contract shall be deemed equivalent to a transfer effected by way of execution.

(3) The tenant or lessee may set off any claim entitling him against the debtor against the claim to tenancy or lease fees covering the period mentioned at subsection (1). Sections 95 and 96 nos. 2 to 4 shall remain unaffected.

### Section 111
### Sale of Property Let by the Debtor

If the insolvency administrator sells immovables or premises let by the debtor, and if the purchaser replaces the debtor as a party of the tenancy or lease, the purchaser may terminate the tenancy or lease with the legal period of notice. Such notice may be given only for the first date of the legal period of notice.

### Section 112
### Prohibition to Terminate Tenancy or Lease Contracts

Tenancy or lease contracts concluded by the debtor as tenant or lessee may not be terminated by the other party after the opening of the insolvency proceedings was requested:

1.      because of default in the payment of tenancy or lease fees arising before the opening of the insolvency proceedings was requested,

2.      because of degradation of the debtor's financial situation.

### Section 113
### Termination of Employment

An employment relationship may be terminated by the insolvency administrator and by the other party irrespective of any agreed duration of such contract or agreed exclusion of the right to routine termination. If no shorter period has been agreed, the period of notice shall

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

be three months to month's end. If the administrator terminates such contract, the other party may claim damages as an insolvency creditor for premature termination of the employment.

### Section 114
### Emoluments from Employment

(1) If the debtor prior to the opening of the insolvency proceedings assigned or pledged a future claim to emoluments due to him on account of his employment or to recurring emoluments replacing them, the validity of such assignment or pledge shall be limited to the emoluments to be received by the debtor prior to the end of two years following the end of the current calendar month on the date of the opening of the proceedings.

(2) Against the claim to emoluments covering the period mentioned at subsection (1) the obligated person may set off any claim entitling him against the debtor. Sections 95 and 96 nos. 2 to 4 shall remain unaffected.

(3) If future emoluments were transferred prior to the opening of the insolvency proceedings by way of execution, the validity of such transfer shall be limited to emoluments to be received by the debtor for the current calendar month on the date of the opening of the proceedings. If the insolvency proceedings were opened after the fifteenth day of the month, the validity of such transfer shall extend to the subsequent calendar month. Section 88 shall remain unaffected; section 89 subsection (2), second sentence, shall apply mutatis mutandis.

### Section 115
### Expiry of Mandates

(1) Any mandate ordered by the debtor referring to the property forming part of the insolvency estate shall expire upon the opening of the insolvency proceedings.

(2) If suspension of such mandate would cause a risk, the mandatory shall continue to perform the mandated transaction until the insolvency administrator is able to otherwise take care of such transaction himself. For this purpose the mandate shall be deemed to continue. The mandatory may claim reimbursement of his expenses incurred for such continuation as a preferential creditor.

(3) As long as the mandatory is not at fault in being unaware of the opening of insolvency proceedings he shall benefit from the presumption that the mandate continues. The mandatory shall rank among the insolvency creditors with his reimbursement claims arising from such continuation.

### Section 116
### Expiry of Management Contracts

If anyone is obligated under a service or work contract with the debtor to manage a business transaction for the latter, section 115 shall apply mutatis mutandis. The provisions governing reimbursement claims arising from a continuation of such management contract shall also apply to claims to remuneration. The first sentence shall not apply to payment orders or to orders between payment service providers or intermediary bodies and orders for the transfer of securities; these shall continue to exist with effect for the assets.

### Section 117
### Expiry of Proxies

(1) A proxy granted by the debtor with respect to the property forming part of the insolvency estate shall expire upon the opening of the insolvency proceedings.

(2) As far as a mandate or a management contract is deemed to continue under section 115 subsection (2), the related authority shall also be deemed to continue.

(3) As long as the authorized person is not at fault in being unaware of the opening of insolvency proceedings he shall not be held liable under section 179 of the Civil Code.

### Section 118
### Liquidation of Companies

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

If a company without legal personality or a partnership limited by shares is liquidated by the opening of insolvency proceedings for the property owned by one partner, the managing partner shall rank among the preferential creditors with his claims arising from the provisional continuation of urgent business transactions. As long as the managing partner is not at fault in being unaware of the opening of insolvency proceedings he shall rank among the insolvency creditors with his claims arising from the continuation of business transactions; section 84 subsection (1) shall remain unaffected.

### Section 119
### Invalidity of Agreements Derogating from the Foregoing Provisions

Agreements excluding or limiting the application of sections 103 to 118 in advance shall be invalid.

### Section 120
### Termination of Plant Agreements

(1) If a plant agreement provides for benefits incumbent on the insolvency estate, the insolvency administrator shall consult the works council about agreement on a reduction of such benefits. Such plant agreement may be terminated by giving three months' notice even if a longer period of notice has been agreed.

(2) The right to terminate a plant agreement for an important reason without a period of notice shall remain unaffected.

### Section 121
### Modifications to the Enterprise and Conciliatory Proceedings

In insolvency proceedings opened for the property owned by the entrepreneur, section 112 subsection (2), first sentence, of the Industrial Constitution Act (Betriebsverfassungsgesetz) shall apply with the proviso that the conciliatory proceedings shall only be preceded by an attempt to settle the matter if both the insolvency administrator and the works council request such an attempt.

### Section 122
### Judicial Approval of a Modification of the Enterprise

(1) If modification of the enterprise is envisaged, and if the insolvency administrator and the works council cannot reach an agreement pursuant to section 112 of the Industrial Constitution Act on reconciliation of interests within three weeks from the beginning of negotiations or written request to begin negotiations although the administrator has provided comprehensive information in good time to the works council, the administrator may request a decision on the part of the labour court approving such modification of the enterprise without prior proceedings under section 112 subsection (2) of the Industrial Constitution Act. Section 113 subsection (3) of the Industrial Constitution Act shall not be applied in this respect. The administrator's right to bring about a reconciliation of interests pursuant to section 125 or to file a request for a court decision pursuant to section 126 shall remain unaffected.

(2) The court shall approve such modification of the enterprise if the economic condition of the enterprise, also taking into account the social concerns of the employees, warrants the execution of such modification of the enterprise, without previous proceedings in accordance with section 112 subsection (2) of the Industrial Constitution Act. The provisions contained in the Labour Court Act (Arbeitsgerichtsgesetz) on decisions by order shall apply mutatis mutandis; the insolvency administrator and the works council shall be the parties involved in the proceedings. Pursuant to section 61a subsections (3) to (6) of the Labour Court Act, the application is to be dealt with as a matter of priority.

(3) No complaint to the regional labour court may be brought against the court order. A complaint may be made to the Federal Labour Court if this is permitted in the order of the labour court; section 72 subsections (2) and (3) of the Labour Court Act shall apply mutatis

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

mutandis. The appeal is to be filed with the Federal Labour Court with grounds within a month of receipt of the decision of the labour court in its final form.

## Section 123
### Scope of the Social Plan

(1) A social plan established subsequent to the opening of insolvency proceedings may provide for a total amount of up to two and a half month's wages (section 10 subsection (3) of the Dismissals Protection Act (Kündigungsschutzgesetz)) of the dismissed employees to recompense for or to attenuate their economic disadvantages under the envisaged modification of the enterprise.

(2) The obligations under such social plan are obligations incumbent on the insolvency estate. However, if no insolvency plan comes into being, no more than one third of the insolvency estate available for distribution among the insolvency creditors without such social plan may be used for the settlement of social plan claims. If the total amount of all social plan claims exceeds such limit, each claim shall be reduced on a proportionate basis.

(3) Whenever adequate cash funds are available in the insolvency estate the insolvency administrator shall make advance payments on social plan claims with the consent of the insolvency court. No execution into the insolvency estate for social plan claims shall be permitted.

## Section 124
### Social Plan Established Prior to the Opening of Insolvency Proceedings

(1) A social plan established prior to the opening of insolvency proceedings, but not earlier than three months before the opening of insolvency proceedings was requested, may be revoked by both the insolvency administrator and the works council.

(2) If such social plan is revoked, the employees entitled to claims under the social plan may be taken into account when a social plan is established during the insolvency proceedings.

(3) Benefits received by an employee on his claim under a revoked social plan before the opening of insolvency proceedings may not be claimed to be restituted due to the revocation. Upon the establishment of a new social plan such benefits received by a dismissed employee shall be set off against the calculation of the total amount of social plan claims under section 123 subsection (1) up to two and a half months' wages.

## Section 125
### Reconciliation of Interests and Dismissals Protection

(1) If modification of the enterprise is envisaged (section 111 of the Industrial Constitution Act) and if the insolvency administrator and the works council reach an agreement on reconciliation of interests in which the employees who are to receive notice are listed by name, section 1 of the Dismissals Protection Act shall be applied, subject to the following provisos:

1.        it shall be presumed that termination of the employment of the employees who are listed by name depends on urgent operational requirements which stand in the way of further employment on this site or of further employment under unchanged working conditions;

2.        the social selection of the employees shall only be examined on the basis of duration of service, age and maintenance obligations, and in this respect only for gross errors; it shall not be regarded as grossly in error if a balanced personnel structure is maintained or created.

The first sentence shall not apply if the circumstances have changed considerably since the reconciliation of interests was brought into being.

(2) Reconciliation of interests pursuant to subsection (1) shall replace the statement of the works council pursuant to section 17 subsection (3), second sentence, of the Dismissals Protection Act.

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

### Section 126
### Judicial Orders Deciding on Dismissal Protection

(1) If the plant did not elect a works council or if for other reasons reconciliation of interests pursuant to section 125 subsection (1) is not achieved within three weeks of opening of the negotiations or a written request to open negotiations, in spite of the fact that the administrator provided comprehensive information in good time to the works council, the insolvency administrator may request a decision on the part of the labour court to the effect that termination of contracts covering certain employees designated in his request is conditioned by urgent operational requirements and justified under social aspects. The social selection of the employees shall only be examined on the basis of duration of service, age and maintenance obligations.

(2) The provisions of the Labour Court Act governing decisions by order shall apply mutatis mutandis; the insolvency administrator, the works council and those designated employees not recognizing the termination of their contracts or the change in their working conditions as justified shall be parties to the proceedings. Section 122 subsection (2), third sentence, and subsection (3) shall apply mutatis mutandis.

(3) Section 12a subsection (1), first and second sentences, of the Labour Court Act shall apply mutatis mutandis to the costs incurred by the parties concerned during the first instance. During proceedings before the Federal Labour Court the provisions contained in the Code of Civil Procedure governing the reimbursement of costs shall apply mutatis mutandis.

### Section 127
### Action brought by an Employee

(1) If the insolvency administrator gives notice to an employee listed in the application pursuant to section 126 subsection (1), and if the employee files an action to determine that employment has not been terminated by dismissal, or that the change in the working conditions is socially unjustified, the legally binding decision in proceedings pursuant to section 126 shall be binding on the parties. This shall not apply if the circumstances have changed considerably since the last oral hearing.

(2) If the employee has already filed an action prior to the decision taken in proceedings pursuant to section 126 becoming legally binding, at the request of the administrator the proceedings on the action shall be suspended until this time.

### Section 128
### Sale of Enterprise

(1) Application of sections 125 to 127 shall not be excluded by the modification of the enterprise on which the reconciliation of interests or application for determination is based not being carried out until subsequent to sale of plant. The plant buyer shall be a party to the proceedings pursuant to section 126.

(2) In the case of a transfer of an enterprise, the presumption in accordance with section 125 subsection (1), first sentence, no. 1 or the court decision pursuant to section 126 subsection (1), first sentence, shall also imply that termination of employment does not occur because of the transfer of an enterprise.

### Chapter Three
### Contest of Debtor's Transactions in Insolvency Proceedings

### Section 129
### Policy

(1) Transactions made prior to the opening of insolvency proceedings and disadvantaging the insolvency creditors may be contested by the insolvency administrator under sections 130 to 146.

(2) An omission shall be deemed equivalent to an active transaction.

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

## Section 130
## Congruent Coverage

(1) A transaction granting or facilitating an insolvency creditor a security or satisfaction may be contested

    1.      if it was made during the last three months prior to the request to open insolvency proceedings, if the debtor was illiquid on the date of the transaction, and if the creditor was aware of his insolvency on this date, or

    2.      if it was made after the request to open insolvency proceedings, and if the creditor was aware of the debtor's insolvency on the date of the transaction, or of the request to open insolvency proceedings.

This shall not apply insofar as the transaction is based on a security agreement containing the obligation to create a financial security, another or an additional financial security within the meaning of section 1 subsection (17) of the Banking Act in order to reinstate the relationship between the value of the secured obligation and the value of the performed securities set out in the security agreement (margin security).

(2) Awareness of circumstances pointing directly to insolvency or to a request to open insolvency proceedings shall be considered equivalent to awareness of insolvency or of the request to open insolvency proceedings.

(3) A person with a close relationship to the debtor existing on the date of such transaction (section 138) shall be presumed to have been aware of the debtor's insolvency or of the request to open insolvency proceedings.

## Section 131
## Incongruent Coverage

(1) A transaction granting or facilitating an insolvency creditor a security or satisfaction without his entitlement to such security or satisfaction, or to the kind or date of such security or satisfaction, may be contested if such transaction was made

    1.      during the last month prior to the request to open insolvency proceedings or after such request;

    2.      within the second or third month prior to the request to open insolvency proceedings, and the debtor was illiquid on the date of the transaction;

    3.      within the second or third month prior to the request to open insolvency proceedings, and the creditor was aware of the disadvantage to the insolvency creditors arising from such transaction on its date.

(2) For application of subsection (1) no. 3, awareness of circumstances pointing directly to the disadvantage shall be considered equivalent to awareness of the disadvantage to the insolvency creditors. A person with a close relationship to the debtor on the date of such transaction (section 138) shall be presumed to have been aware of the disadvantage to the insolvency creditors.

## Section 132
## Transactions Immediately Disadvantaging the Insolvency Creditors

(1) Legal transactions on the part of the debtor constituting a direct disadvantage to insolvency creditors may be contested if they were made

    1.      during the last three months prior to the request to open insolvency proceedings, if the debtor was illiquid on the date of such transaction, and if the other party was aware of such insolvency on this date, or

    2.      subsequent to the request to open insolvency proceedings, and if at the time when the legal transaction was made the other party was aware of such insolvency or of the request to open insolvency proceedings.

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

(2) Legal transactions constituting a direct disadvantage to insolvency creditors shall be deemed equivalent to any other transaction of the debtor divesting the debtor of a right or barring the debtor's claim to such right for the future or maintaining a property claim against the debtor or rendering such claim enforceable against the debtor.

(3) Section 130 subsections (2) and (3) shall apply mutatis mutandis.

## Section 133
### Wilful Disadvantage

(1) A transaction made by the debtor during the last ten years prior to the request to open insolvency proceedings, or subsequent to such request, with the intention to disadvantage his creditors may be contested if the other party was aware of the debtor's intention on the date of such transaction. Such awareness shall be presumed if the other party knew of the debtor's imminent insolvency, and that the transaction constituted a disadvantage for the creditors.

(2) An onerous contract entered into by the debtor with a person with a close relationship to him (section 138) directly constituting a disadvantage for the insolvency creditors may be contested. Such contest shall be excluded if the contract was entered into earlier than two years prior to the request to open insolvency proceedings, or if the other party was not aware of the debtor's intention to disadvantage the creditors on the date of such contract.

## Section 134
### Gratuitous Benefit

(1) A gratuitous benefit granted by the debtor may be contested unless it was made earlier than four years prior to the request to open insolvency proceedings.

(2) If such benefit comprises a usual casual gift of minor value, the gift may not be contested.

## Section 135
### Loans Replacing Equity Capital

(1) A transaction may be contested which, in consideration of a partner's claim to restitution of his loan replacing equity capital within the meaning of section 39 subsection (1) no. 5 or in consideration of an equivalent claim,

1. provided a security if such transaction was made during the last ten years prior to the request to open insolvency proceedings or subsequent to such request; or

2. provided satisfaction if such transaction was made during the last year prior to the request to open insolvency proceedings or subsequent to such request.

(2) A transaction may be contested by means of which a company has provided satisfaction to a third party for a claim to restitution of a loan within the period quoted in subsection (1) no. 2 if a partner has provided security for the claim or was liable as guarantor; this shall apply correspondingly to benefits which correspond in economic terms to a loan.

(3) If a partner entrusted the debtor with an object for use or exercise, the right to separate satisfaction may not be claimed for the duration of the insolvency proceedings, at most, however, for a period of one year from the date on which the insolvency proceedings are opened if the object is of considerable significance for the continued existence of the debtor's enterprise. The partner shall be recompensed for the use or exercise of the object; when calculating such compensation, the average paid in the last year prior to the opening of the proceedings shall be applied, if the period of surrender is shorter, the average during that period.

(4) Section 39 subsection (4) and (5) shall apply mutatis mutandis.

## Section 136
### Silent Partnership

(1) A transaction may be contested by means of which a part or all of a silent partner's interest was restituted to him or by means of which a part or all of a silent partner's share in accrued losses was waived if the basic agreement was made during the last year prior to the

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

request to open insolvency proceedings for the property owned by the manager of the business or subsequent to such request. This shall also apply if such agreement resulted in the liquidation of the silent partnership.

(2) Contention shall be excluded if a reason to open insolvency proceedings became existent only subsequent to the agreement.

## Section 137
### Payments on Bills of Exchange and Cheques

(1) The debtor's payment on bills of exchange may not be claimed to be restituted by the recipient under section 130 if the law governing bills of exchange would have barred the recipient's claims arising from the bill against other indorsers, the drawer or drawee if he had refused the debtor's payment.

(2) However, the amount paid on a bill shall be restituted by the last indorser or, if he indorsed the bill on account of a third party, by such party if the last indorser or the third party was aware or, due to gross negligence, unaware of the debtor's insolvency or of the request to open insolvency proceedings on indorsing the bill or having it indorsed. Section 130 subsections (2) and (3) shall apply mutatis mutandis.

(3) Subsections (1) and (2) shall apply mutatis mutandis to payments on cheques on the part of the debtor.

## Section 138
### Persons with a Close Relationship to the Debtor

(1) If the debtor is a natural person, persons with a close relationship to the debtor shall be:

1.        the debtor's spouse, even if the marriage was contracted only after the transaction or was dissolved during the last year prior to the transaction;

1a        the debtor's civil partner, even if the civil partnership was contracted only after the transaction or was dissolved during the last year prior to the transaction;

2.        the ascendants or descendants of the debtor or of the spouse designated at no. 1, or the civil partner designated at no. 1a, the debtor's full and half-blood siblings, or the spouse designated at no. 1, or the civil partner designated at no. 1a, and the spouses of such persons;

3.        persons living in the debtor's household or having lived in the debtor's household during the last year prior to the transaction, as well as persons who can provide information on the debtor's financial circumstances on the grounds of a relationship based on a contract of employment or service with the debtor.

4.        a legal person or a company without legal personality if the debtor or one of the persons referred to at nos. 1 to 3 is a member of the body representing or supervising the debtor, a general partner or persons holding more than one quarter of the debtor's capital, or is able, on the basis of a comparable relationship under company law or a contract of employment or service, of providing information regarding the debtor's financial circumstances.

(2) If the debtor is a legal person or a company without legal personality, the persons with a close relationship to the debtor shall be:

1.        the members of the body representing or supervising the debtor, as well as his general partners and persons holding more than one quarter of the debtor's capital;

2.        a person or a company having on the basis of a comparable association with the debtor under company law or under a service contract the opportunity to become aware of the debtor's financial circumstances;

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

3.        a person having a personal relationship detailed at subsection (1) with a person named at no. 1 or 2; this shall not apply if the persons named at no. 1 or 2 are legally bound to secrecy regarding the debtor's affairs.

## Section 139
### Calculation of Time Periods Prior to the Request to Open Insolvency Proceedings

(1) The periods of time given in sections 88 and 130 to 136 shall commence on the beginning of the day corresponding by its number to the day when the request to open insolvency proceedings was received by the insolvency court. During a month lacking such day the time period shall commence on the beginning of the following day.

(2) If several requests to open insolvency proceedings have been received, the first admissible request containing grounds for opening insolvency proceedings shall be relevant even if the proceedings were opened due to a subsequent request. A request refused with final effect shall be taken into account only if such request was refused for insufficiency of assets.

## Section 140
### Date of Performance of Transaction

(1) A transaction shall be deemed performed on the date when its legal effects become existent.

(2) If legal effectiveness of a transaction requires registration in the land register, in the ship or shipbuilding register or in the register of liens on aircraft, such transaction shall be deemed performed as soon as the other conditions of its legal effectiveness are met, the debtor's declaration of intent has become binding upon him, and the other party has requested registration of such transaction. If the registration of a priority notice was requested in order to secure the claim on the transaction, the first sentence shall apply with the proviso that such request for priority notice shall replace the request to register the transaction.

## Section 141
### Executable Deed

Contestation shall not be excluded if an executable deed was acquired for the transaction, or if the transaction was performed by way of execution.

## Section 142
### Cash Transactions

Payments on the part of the debtor in return for which his property benefited directly from an equitable consideration may only be contested under the conditions of section 133 subsection (1).

## Section 143
### Legal Consequences

(1) Any property of the debtor sold, transferred or relinquished under the transaction subject to contest must be restituted to the insolvency estate. The provisions governing the legal consequences of unjust enrichment with the recipient being aware of a lacking legal justification shall apply mutatis mutandis.

(2) The recipient of a gratuitous benefit shall restitute such benefit only to the extent of his enrichment. This shall not apply as soon as he is aware or must be aware under the circumstances that the gratuitous benefit places the creditors at a disadvantage.

(3) In the case of a contestation pursuant to section 135 subsection (2), the partner who provided the security or was liable as guarantor shall return the benefit granted the third party to the insolvency estate. The obligation shall only exist up to that amount to which the partner was liable as guarantor or which corresponds to the value of the security he provided at the point of the restitution of the loan or the performance on the claim of the same rank. The partner shall be free of the obligation if he makes the object which served the creditor as security available to the insolvency estate.

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

### Section 144
### Claims of the Party to the Contested Transaction

(1) If the recipient of a benefit under a transaction subject to contest restitutes the property received, his claim shall revive.

(2) Considerations shall be refunded from the insolvency estate to the extent to which such consideration continues to exist in a distinct form among the insolvency estate, or to which such assets were augmented by its value. Further claims of the recipient of a benefit under a transaction which is subject to contest in respect of restitution of his consideration may be brought by such recipient only as an insolvency creditor.

### Section 145
### Transactions Contested and Enforced against Legal Successors

(1) A transaction may be contested against the heir or other comprehensive legal successor of the other party to such transaction.

(2) A transaction may be contested against another legal successor if such legal successor

1.        was aware of the circumstances giving rise to the enrichment of his predecessor being subject to contention on the date of his enrichment;

2.        belonged to the persons with a close relationship to the debtor (section 138) on the date of his enrichment unless he was unaware of the circumstances giving rise to the enrichment of his predecessor being subject to contest on such date;

3.        received the enrichment by way of a gratuitous transfer.

### Section 146
### Limitation of the Right to Contest

(1) The right to contest a transaction shall be subject to the regulations governing regular limitation under the Civil Code.

(2) Even if the right to contest has become subject to limitation, the insolvency administrator may refuse performance of an obligation in consideration of a benefit under a transaction subject to contest.

### Section 147
### Transactions Carried out Subsequent to the Opening of Insolvency Proceedings

Transactions carried out after the opening of the insolvency proceedings and having legal effect pursuant to section 81 subsection (3), second sentence, sections 892 and 893 of the Civil Code, sections 16 and 17 of the Act Governing Rights in Registered Ships and Ships Under Construction and sections 16 and 17 of the Act Governing Rights in Aircraft may be contested in accordance with the provisions governing the contest of transactions carried out before the insolvency proceedings were opened. The first sentence shall apply to transactions underlying the claims and performances referred to in section 96 subsection (2), with the proviso that the set-off, including the settlement of balance, shall not be cancelled on account of the contestation or the affected payment orders, orders between payment service providers or intermediary bodies or orders for the transfer of securities becoming legally invalid.

### Part Four
### Management and Disposition of the Insolvency Estate

### Chapter One
### Preservation of the Insolvency Estate

### Section 148
### Transfer of the Insolvency Estate

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

(1) Subsequent to the opening of the insolvency proceedings the insolvency administrator shall immediately assume possession and management of the whole property forming part of the insolvency estate.

(2) Using an executable certified copy of the order opening the insolvency proceedings the administrator shall be entitled to enforce by way of execution the dereliction of the objects held in the debtor's custody. Section 766 of the Code of Civil Procedure shall apply with the proviso that the enforcement court shall be replaced by the insolvency court.

## Section 149
## Objects of Value

(1) The creditors' committee may determine the agency and conditions of deposit or investment of currency, securities and objects of value. If a creditors' committee has not been appointed or has not yet taken a decision to this effect, the insolvency court may give such orders.

(2) The creditors' assembly may decide otherwise.

## Section 150
## Sealing

In order to secure property forming part of the insolvency estate the insolvency administrator may have seals applied by the sheriff or any other legally authorized person. The document evidencing such sealing or the removal of seals shall be deposited by the administrator with the registry of the court for the parties' inspection.

## Section 151
## Record of the Insolvency Estate

(1) The insolvency administrator shall establish a record of each object forming part of the insolvency estate. The debtor shall attend the establishment of such record if his attendance does not delay the proceedings to their detriment.

(2) The value of each object shall be indicated. If the value depends on whether the debtor's enterprise is continued or closed down, both amounts shall be indicated. An expert may be charged with the assessment of objects whose value may be assessed only with particular difficulty.

(3) At the administrator's request the insolvency court may waive the establishment of the record; grounds are to be given for the request. If a creditors' committee was appointed, the administrator may submit such request only with the consent of the creditors' committee.

## Section 152
## Record of Creditors

(1) The insolvency administrator shall establish a record of all the debtor's creditors of whom he is aware by inspection of the debtor's records and business documents, by any other indication of the debtor, by filing their claims or in any other way.

(2) The record shall itemize the creditors with a claim to separate satisfaction and each category of lower-ranking insolvency creditors. The address of each creditor as well as the reason and the amount of claim shall be indicated. For creditors with a claim to separate satisfaction also the object subject to the claim of separate satisfaction and the amount of their probable non-satisfaction shall be indicated; section 151 subsection (2), second sentence, shall apply mutatis mutandis.

(3) In addition, the record shall indicate any situation enabling the set-off of claims against each other. The amount of the obligations incumbent on the insolvency estate shall be estimated if the debtor's property is disposed of in an expeditious way.

## Section 153
## Survey of Property

(1) As of the date when the insolvency proceedings were opened the insolvency administrator shall establish an ordered survey indicating the objects forming part of the insolvency estate and the debtor's obligations and balancing them. Section 151

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

subsection (2) shall apply mutatis mutandis to the assessment of the value of objects; section 152 subsection (2), first sentence, shall apply mutatis mutandis to the itemization of the debtor's obligations.

(2) After the establishment of the survey of property the insolvency court, at the administrator's or a creditor's request, may order the debtor's affidavit regarding the completeness of the survey of property. Sections 98 and 101 subsection (1), first and second sentences, shall apply mutatis mutandis.

### Section 154
### Deposit with the Registry of the Insolvency Court

The record of the insolvency estate, the record of creditors and the survey of property shall be deposited with the registry of the insolvency court for the parties' inspection at the latest one week prior to the report meeting.

### Section 155
### Accounting under Commercial and Fiscal Laws

(1) The debtor's obligations under commercial and fiscal law to keep and render accounts shall remain unaffected. With respect to the insolvency estate such obligations shall be incumbent on the insolvency administrator.

(2) A new financial year shall begin when the insolvency proceedings are opened. However, the period which has elapsed prior to the report meeting shall not be taken into account in legal periods provided for the establishment or publication of financial statements.

(3) Section 318 of the Commercial Code shall apply to the appointment of the balance sheet auditor in the insolvency proceedings with the proviso that such auditor shall be appointed exclusively by the register court at the administrator's request. If an auditor was appointed for the financial year prior to the opening of the insolvency proceedings, the validity of such appointment shall remain unaffected by the opening of the insolvency proceedings.

### Chapter Two
### Decision on Disposition

### Section 156
### Report Meeting

(1) At the report meeting the insolvency administrator shall report on the economic situation of the debtor and its causes. He shall assess any prospects of maintaining the debtor's enterprise as a whole or in part, indicate any possibility of drawing up an insolvency plan and describe the effects of each solution on the satisfaction of the creditors.

(2) The debtor, the creditors' committee, the works council and the spokesmen of officers shall be given the opportunity at the report meeting to make their statements on the administrator's report. If the debtor is a trader, craftsman or farmer, the competent official professional representative body of industry, trade, the craft or of agriculture may also be given the opportunity to express their views at the report meeting.

### Section 157
### Decision on the Further Proceedings

At the report meeting the creditors' assembly shall decide whether the debtor's enterprise should be closed down or temporarily continued. The assembly may commission the administrator to draw up an insolvency plan and determine the plan's objective for him. The assembly may modify its decisions at subsequent meetings.

### Section 158
### Measures taken prior to the Decision

(1) If the insolvency administrator intends to close or sell the debtor's enterprise prior to the report meeting, he shall obtain the consent of the creditors' committee if appointed.

(2) Before the creditors' committee takes its decision or, if no such committee has been appointed, before closing down or selling the enterprise the administrator shall inform the

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

debtor thereof. At the request of the debtor and after hearing the administrator the insolvency court shall refuse such close-down or sale of the enterprise if the close-down or sale can be suspended until the report meeting without considerably reducing the insolvency estate.

### Section 159
### Disposition of the Insolvency Estate

After the report meeting the administrator shall immediately liquidate the property forming the insolvency estate, unless such disposition contradicts any decisions taken by the creditors' assembly.

### Section 160
### Transactions of Particular Importance

(1) The insolvency administrator shall obtain the consent of the creditors' committee if he intends to engage in transactions which are of particular importance to the insolvency proceedings. If no creditors' committee has been appointed, he shall obtain the consent of the creditors' assembly. If a creditors' assembly which has been convened is without a quorum, consent shall be deemed to have been given; the creditors shall be informed of these consequences in the invitation to the creditors' assembly.

(2) Consent under subsection (1) shall be required in particular

1.    if such transaction purports to sell the enterprise, plant, the entire stock, a part of real property to be disposed of by private sale, the debtor's shares in another enterprise if such shares are intended to bring about a permanent affiliation to such other enterprise or the entitlement to receive recurring earnings;

2.    if such transaction purports to enter into a loan contract with considerable burdens on the insolvency estate;

3.    if such transaction purports to bring or join a court action amounting to a considerable value in dispute, to refuse the bringing of such action, or to negotiate a settlement or compromise to settle or avoid any such action.

### Section 161
### Provisional Prohibition of the Transaction

In any of the cases covered by section 160 the insolvency administrator shall inform the debtor before the creditors' committee or assembly take a decision if such information is possible without delaying the insolvency proceedings to their detriment. If the creditors' assembly has not given its consent, at the request of the debtor or of a majority of creditors qualifying under section 75 subsection (1) no. 3 and after hearing the administrator the insolvency court may provisionally prohibit the transaction and convene a creditors' assembly for a decision to be taken on the transaction.

### Section 162
### Sale of Enterprise to Persons with Specific Interests

(1) The sale of the enterprise or plant shall require the approval of the creditors' assembly if the purchaser or a person holding at least one fifth of the purchaser's capital

1.    belongs to the persons with a close relationship to the debtor (section 138);

2.    is a creditor with a right to separate satisfaction or an insolvency creditor with non-lower-ranking claims whose rights to separate satisfaction and claims are assessed by the insolvency court to reach a total of one fifth of the sum of the value of all rights to separate satisfaction and of the amounts of the claims of all insolvency creditors with non-lower-ranking claims.

(2) A person shall also be deemed to hold shares of the purchaser for the purpose of subsection (1) if an enterprise controlled by the person or a third party holds shares of the purchaser on behalf of the person or of the controlled enterprise.

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

### Section 163
### Sale of Enterprise below Value

(1) At the request of the debtor or of a majority of creditors qualifying under section 75 subsection (1) no. 3 and after hearing the insolvency administrator the insolvency court may order that the envisaged sale of the enterprise or plant shall require the approval of the creditors' assembly if the requesting party proves to the satisfaction of the court that a sale to another purchaser would be more beneficial to the insolvency estate.

(2) If the requesting party has incurred costs for such request, he shall be entitled to reimbursement of such costs by the insolvency estate as soon as the court issues its order.

### Section 164
### Legal Validity of the Transaction

A contravention of sections 160 to 163 shall leave the validity of the acts of the insolvency administrator unaffected.

### Chapter Three
### Objects Subject to a Right to Separate Satisfaction

### Section 165
### Disposition of Immovables

The insolvency administrator may initiate with the competent court auctions or sequestrations of immovables forming part of the insolvency estate even if such immovables are subject to a right to separate satisfaction.

### Section 166
### Disposition of Movables

(1) The insolvency administrator may dispose of a movable item to which he has a right to separate satisfaction without restriction if it is in his possession.

(2) The insolvency administrator may collect or in another way dispose of a claim assigned by the debtor in order to secure a claim.

(3) Subsections (1) and (2) shall not apply

1.    to items to which a security in favour of the operator or the participant in a system pursuant to section 1 subsection (16) of the Banking Act exists to secure his claims under the system,

2.    to items to which a security in favour of the central bank of a Member State of the European Union or a Contracting Party of the Agreement on the European Economic Area or in favour of the European Central Bank exists,

3.    to a financial security within the meaning of section 1 subsection (17) of the Banking Act.

### Section 167
### Notification of the Creditor

(1) If the insolvency administrator is entitled to dispose of a movable item under section 166 subsection (1), he shall notify the condition of the movable item to the creditor with a right to separate satisfaction at the latter's request. Instead of such notification the administrator may allow the creditor to inspect the object.

(2) If the administrator is entitled to collect a claim under section 166 subsection (2), he shall notify the claim to the creditor with a right to separate satisfaction at the latter's request. Instead of such notification he may allow the creditor to inspect the debtor's books and business documents.

### Section 168
### Notification of Envisaged Sale

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

(1) Before the insolvency administrator sells to a third party an object with regard to which he is entitled to disposition under section 166 he shall notify how such envisaged sale is to be carried out to the creditor with a right to separate satisfaction. He shall give the creditor the opportunity of pointing out within a week another means of selling the object which would be more beneficial to the creditor.

(2) If such notification is given within a week or in good time before the sale, the administrator shall take advantage of such opportunity or recompense the creditor as if he had taken advantage of it.

(3) Such other opportunity of disposition may also consist in the object's devolution to the creditor himself. An opportunity to sell shall also be deemed more beneficial if savings are made on expenses.

### Section 169
### Protection of the Creditor Against Delayed Disposition

So long as an object with regard to which the insolvency administrator is entitled to disposition under section 166 is not disposed of by him, the creditor shall be paid the current interest due to him from the insolvency estate beginning from the report meeting. If the insolvency court issued an order under section 21 prohibiting the creditor to dispose of the object before the insolvency proceedings were opened, the interest due shall be paid at the latest from the date three months after such order by the court. The first and second sentences shall not apply to the extent to which, in view of the amount of the creditor's claim, the value and any other right encumbering the object will probably not be sufficient in order to satisfy the creditor by the proceeds of the disposition.

### Section 170
### Distribution of Proceeds

(1) Subsequent to disposition of a movable item or a claim by the insolvency administrator the costs of determining and disposing of the object shall be credited to the insolvency estate in advance using the proceeds. The remaining amount shall be used without delay to satisfy the creditor with a right to separate satisfaction.

(2) If the insolvency administrator transfers an object with regard to which he is entitled to disposition under section 166 to the creditor to be disposed of by the latter, the creditor shall contribute an amount covering the costs of determination and turnover tax (section 171 subsection (2), third sentence) in advance to the insolvency estate using the proceeds gained by him.

### Section 171
### Calculation of the Contribution to Costs

(1) The costs of determination comprise the costs of the actual identification of the object and of the determination of any rights encumbering the object. Such costs shall be rated as a lump sum of four per cent of the proceeds.

(2) The costs of disposition shall be rated as a lump sum of five per cent of the proceeds. If the costs actually incurred which were necessary for the disposition were considerably lower or considerably higher, these costs shall be taken as a basis. If disposition entails the insolvency estate incurring turnover tax, this amount shall be charged in addition to the lump sum pursuant to the first sentence or the costs actually incurred pursuant to the second sentence.

### Section 172
### Other Use of Movables

(1) The insolvency administrator may use a movable item with regard to which he is entitled to disposition for the insolvency estate if the loss in value accruing from such use is recompensed by current payments to the creditor beginning from the opening of the insolvency proceedings. Such obligation to recompensing payments shall only exist to the

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

extent to which the loss in value accruing from such use impairs the security of the creditor
with a right to separate satisfaction.

(2) The administrator shall be entitled to combine, merge and transform such object with
other property so long as such change of the condition of the object does not impair the
security of the creditor with a right to separate satisfaction. If the creditor's right devolves to
other property, the creditor shall transfer such new security to the administrator to the extent
to which its value exceeds the previous value.

### Section 173
### Disposition by the Creditor

(1) If the insolvency administrator is not entitled to dispose of a movable item or a claim
subject to a claim to separate satisfaction, the creditor's right to dispose of such object shall
remain unaffected.

(2) At the administrator's request and after hearing the creditor the insolvency court may
determine a period of time during which the creditor has to dispose of the object. Upon
expiry of such period of time the administrator shall be entitled to its disposition.

### Part Five
### Satisfaction of the Insolvency Creditors.
### Discontinuation of the Proceedings

### Chapter One
### Determination of Claims

### Section 174
### Filing of Claims

(1) The insolvency creditors must file their claims in writing with the insolvency administrator.
Such filing shall be accompanied by copies of the documents evidencing the claim. Persons
providing collection services (registered persons pursuant to section 10 subsection (1), first
sentence, no. 1 of the Act on Legal Services (Rechtsdienstleistungsgesetz)) shall also be
authorized to represent the creditor in the proceedings pursuant to this section.

(2) Upon its filing the reason and the amount of the claim shall be indicated, as shall the
facts from which in the view of the creditor it emerges that it is based on an unauthorized act
on the part of the debtor committed with intent.

(3) Lower-ranking creditors shall file their claims only if specifically requested by the
insolvency court to do so. Upon filing such claims their lower-ranking status shall be
indicated, and the creditor's lower rank shall be designated.

(4) The claims may be filed by transmitting an electronic document if the insolvency
administrator has explicitly consented to such transmission of electronic documents. In such
a case, the documents evidencing the claim shall be filed subsequently without delay.

### Section 175
### Schedule

(1) The insolvency administrator shall enter every registered claim into a schedule with the
indications under section 174 subsections (2) and (3). Such schedule shall be deposited with
the registry of the insolvency court together with the applications and enclosed certificates
for the parties' inspection within the first third of the period of time between the expiry of the
filing period and the verification meeting.

(2) If a creditor has registered a claim from an unauthorized act committed with intent, the
insolvency court shall indicate to the debtor the legal consequences of section 302 and the
possibility of an objection.

### Section 176
### Proceedings of the Verification Meeting

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

During the verification meeting the filed claims shall be verified in accordance with their amount and rank. Claims contested by the insolvency administrator, by the debtor or by an insolvency creditor shall be discussed individually.

### Section 177
### Subsequent Filings

(1) During the verification meeting verification shall also include claims filed after expiry of the filing period. However, if the insolvency administrator or an insolvency creditor objects to the verification of such claims, or if a claim is filed only after the verification meeting, the insolvency court shall either docket a special verification meeting or order verification in written proceedings, and burden the defaulter with the costs. The first and second sentences shall apply mutatis mutandis to subsequent amendments to filed claims.

(2) If the insolvency court requested lower-ranking creditors to file their claims in accordance with section 174 subsection (3) and if the period of time determined for such filings expires later than one week prior to the verification meeting, the court shall either docket a special verification meeting or order verification in written proceedings, and burden the insolvency estate with its costs.

(3) The date of the special verification meeting shall be published. The insolvency creditors filing claims, the insolvency administrator and the debtor shall receive individual summons to such meeting. Section 74 subsection (2), second sentence, shall apply mutatis mutandis.

### Section 178
### Prerequisites and Effects of the Determination of Claims

(1) A claim shall be deemed to have been determined if no objection is raised by the insolvency administrator or by an insolvency creditor during the verification meeting, or in the written proceedings (section 177) or if any objection raised by a party is removed. The debtor's objection shall not bar determination of a claim.

(2) For each filed claim the insolvency court shall enter in the schedule the extent to which a claim was determined with its amount or rank, or which party objected to its determination. An objection on the part of the debtor shall also be entered in the schedule. Determination shall be marked on bills of exchange and any other debt instruments by the registrar of the insolvency court.

(3) For claims determined with their amount and rank, entry into the schedule shall have the legal effect of a final judgment with respect to the insolvency administrator and all insolvency creditors.

### Section 179
### Contested Claims

(1) If a claim was contested by the insolvency administrator or by an insolvency creditor, initiation of proceedings to determine such claim against the denying party shall be left to the creditor.

(2) If such claim is based on an executable deed or a final judgment, following up the denial shall be incumbent on the denying party.

(3) The insolvency court shall provide the creditor whose claim was contested with a certified extract from the schedule. In the case mentioned at subsection (2) the denying party shall also receive such extract. The creditors whose claims have been determined shall not be notified; the creditors' attention shall be drawn to this prior to the verification meeting.

### Section 180
### Competence for the Determination of Claims

(1) An action for the determination of a claim shall be brought under the provisions governing ordinary civil proceedings. The local court where the insolvency proceedings are or were pending shall have exclusive jurisdiction for such action. If the subject-matter of the action does not fall under the jurisdiction of the local courts, the regional court in whose district the insolvency court is located shall have exclusive jurisdiction.

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

(2) If an action concerning such claim was pending on the date when the insolvency proceedings were opened, determination of the claim shall be initiated by the joinder of such action.

### Section 181
### Scope of Determination

Determination of a claim with its grounds, amount and rank may only be applied for to the extent indicated when it was filed or during the verification meeting.

### Section 182
### Value of Action

The value of an action to determine a claim whose legal validity was contested by the insolvency administrator or by an insolvency creditor shall depend on the amount to be expected for the claim as a result of distribution of the insolvency estate.

### Section 183
### Effect of the Decision

(1) A decision with final and binding effect determining a claim or sustaining an objection shall be effective with respect to the insolvency administrator and all insolvency creditors.
(2) The prevailing party shall request amendment of the schedule with the insolvency court.
(3) If only individual creditors have pursued the action but not the insolvency administrator, these creditors may claim reimbursement of their costs from the insolvency estate to the extent to which such assets have benefited from the judicial decision.

### Section 184
### Action to Enforce a Claim Contested by the Debtor

(1) If the debtor contested a claim during the verification meeting or in the written proceedings (section 177), the creditor may bring an action against the debtor in order to determine such claim. If an action concerning such claim was pending on the date when the insolvency proceedings were opened, the creditor may continue such action against the debtor.
(2) If an executable deed or a final judgment exists for such a claim, the debtor shall be obligated to pursue the claim within a period of one month beginning on the date of the verification meeting or in written proceedings when the claim is contested. After the ineffectual lapse of time, an objection shall be deemed not to have been raised. The insolvency court shall provide the debtor and the creditor whose claim was contested with a certified excerpt of the schedule and shall indicate to the debtor the consequences of failing to meet a deadline. The debtor shall provide proof to the court that he has pursued the claim.

### Section 185
### Special Jurisdiction

If an action for the determination of a claim could not be brought under the provisions governing ordinary civil proceedings, its determination shall be initiated with any other court having jurisdiction or with the competent administrative agency. Section 180 subsection (2) and sections 181, 183 and 184 shall apply mutatis mutandis. If another court has jurisdiction to determine such claim, section 182 shall also apply mutatis mutandis.

### Section 186
### Restitutio in Integrum

(1) If the debtor did not attend the verification meeting, the insolvency court, at his request, shall grant him restitutio in integrum. Sections 51 subsection (2), 85 subsection (2) and 233 to 236 of the Code of Civil Procedure shall apply mutatis mutandis.
(2) The writs concerning a request of restitutio in integrum shall be served on the creditor whose claim is to be subsequently contested. Contestation in such writs shall be deemed equivalent to denial during the verification meeting if restitutio in integrum is granted.

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

## Chapter Two
## Distribution

### Section 187
### Satisfaction of the Insolvency Creditors

(1) Satisfaction of the insolvency creditors may be initiated only after the general verification meeting.

(2) Funds may be distributed among the insolvency creditors whenever sufficient cash is available in the insolvency estate. Lower-ranking insolvency creditors shall not be considered for advance distributions.

(3) Distributions shall be carried out by the insolvency administrator. Before each distribution he shall obtain the consent of the creditors' committee if one has been appointed.

### Section 188
### Distribution Record

Prior to distribution the insolvency administrator shall draw up a record of the claims to be considered in respect of distribution. The record shall be deposited with the registry of the insolvency court for the parties' inspection. The administrator shall inform the court of the total amount of the claims and the amount available for distribution from the insolvency estate; the court shall publish the total amount of the claims and the amount available for distribution from the insolvency estate.

### Section 189
### Consideration of Contested Claims

(1) An insolvency creditor whose claim has not been determined and is not based on an executable deed or a final judgment shall, at the latest within a limitation period of two weeks from publication, prove to the insolvency administrator that and for which amount he has brought an action to determine the claim or joindered the proceedings to a previously pending action.

(2) If proof is provided in good time, the share allocated to such claim shall be retained from distribution as long as such action is pending.

(3) If proof is not provided in good time, the claim shall not be taken into account in distribution.

### Section 190
### Consideration of Creditors with a Right to Separate Satisfaction

(1) A creditor with a right to separate satisfaction shall, at the latest within the limitation period under section 189 subsection (1), prove to the insolvency administrator that and for which amount he has waived separate satisfaction or his claim was not met by such separate satisfaction. If proof is not provided in good time, the claim shall not be taken into account in distribution.

(2) The creditor shall be deemed to have met his obligation under subsection (1) in order to share in advance distribution if he, at the latest within such limitation period, proves to the insolvency administrator that disposition of the object subject to a right to separate satisfaction is being initiated, and which amount of his claim is likely not to be satisfied. In such a case the share covering the amount of his claim shall be retained in distribution. If the conditions under subsection (1) are not met at final distribution, the retained share shall be free to flow into the final distribution.

(3) If only the insolvency administrator is entitled to dispose of an object subject to a right to separate satisfaction, subsections (1) and (2) shall not apply. In the case of advance distribution, if the administrator has not yet disposed of the object, he shall estimate the extent to which the creditor's claim will not be met by separate satisfaction and retain the share covering such claim.

### Section 191
### Consideration of Claims Subject to a Condition Precedent

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

(1) The full amount of claims subject to a condition precedent shall be taken into account in the case of advance distribution. The share covering the claim shall be retained in distribution.

(2) Claims subject to a condition precedent shall not be taken into account during final distribution if the possibility of accomplishment of the condition is so distant that the claim is valueless on the date of distribution. In such a case the share retained under subsection (1), second sentence, shall be free to flow into final distribution.

## Section 192
## Subsequent Consideration

Creditors not taken into account in advance distribution who subsequently meet the conditions under sections 189 and 190 shall in the next distribution be advanced an amount from the remainder of the insolvency estate placing them on an equal footing with the other creditors.

## Section 193
## Amendments to the Distribution Record

The insolvency administrator shall append any amendment to the record required under sections 189 to 192 within three days of the expiry of the limitation period mentioned at section 189 subsection (1).

## Section 194
## Objections to the Distribution Record

(1) In the case of advance distribution, a creditor shall bring his objection to the record to the notice of the insolvency court within one week after expiry of the limitation period mentioned at section 189 subsection (1).

(2) A judicial decision overruling objections shall be served on the creditor and the insolvency administrator. The creditor may bring an immediate appeal against such a decision.

(3) A judicial decision ordering a correction to the record shall be served on the creditor and the administrator and deposited with the registry of the insolvency court for the parties' inspection. The administrator and the insolvency creditors may bring an immediate appeal against such a decision. The period of such appeal shall begin on the day of the deposit of the decision.

## Section 195
## Determination of a Fraction

(1) At the proposal of the insolvency administrator, the creditors' committee shall determine the fraction to be paid in the case of advance distribution. If no creditors' committee has been appointed, the insolvency administrator shall identify such fraction.

(2) The administrator shall bring such fraction to the notice of those creditors who have been taken into account.

## Section 196
## Final Distribution

(1) Final distribution shall take place as soon as the insolvency estate has been disposed of, with the exception of current income.

(2) Final distribution shall require the consent of the insolvency court.

## Section 197
## Final Meeting

(1) While consenting to final distribution the insolvency court shall docket a meeting for the final creditors' assembly. During such meeting

1.      the insolvency administrator's final account shall be discussed,

2.      objections to the final record may be brought, and

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

3.        the creditors shall decide on any objects forming part of the insolvency estate not apt to be disposed of.

(2) The period of time extending between the publication of the date of the meeting and such meeting shall not fall below one month and not exceed two months.

(3) Section 194 subsections (2) and (3) shall apply mutatis mutandis to the decision of the insolvency court on objections raised by a creditor.

### Section 198
### Deposit of Retained Funds

Funds to be retained in final distribution shall be deposited with a suitable agency by the insolvency administrator on account of the parties involved.

### Section 199
### Surplus Resulting from Final Distribution

If the claims of all insolvency creditors can be satisfied in final distribution, the insolvency administrator shall transfer any remaining surplus to the debtor. If the debtor is not a natural person, the insolvency administrator shall transfer to any person owning a share of the debtor's capital the share of such surplus devolving to such person under liquidation outside the insolvency proceedings

### Section 200
### Termination of the Insolvency Proceedings

(1) As soon as final distribution has been carried out, the insolvency court shall decide on termination of the insolvency proceedings.

(2) Such decision and the reason underlying such termination shall be published. Sections 31 to 33 shall apply mutatis mutandis.

### Section 201
### Rights of the Insolvency Creditors Subsequent to Termination

(1) Subsequent to termination of the insolvency proceedings, the creditors of these proceedings may enforce the remainder of their claims against the debtor without restriction.

(2) Insolvency creditors who have determined claims which have not been contested by the debtor during the verification meeting may enforce such claims against the debtor by way of execution on the legal basis of their entry into the schedule as under an executable judgment. A claim with an overruled objection shall be equivalent to a claim not contested. The application for the issuance of an executable copy of the schedule may not be filed until the insolvency proceedings have been terminated.

(3) Provisions on discharge of residual debt shall remain unaffected.

### Section 202
### Jurisdiction for Execution

(1) Under the circumstance of section 201, the local court where the insolvency proceedings are or were pending shall have exclusive jurisdiction for any action

1.        brought to obtain the clause of execution;

2.        brought to deny the accomplishment of the prerequisites to grant such clause after it was obtained;

3.        brought to enforce any objection to the claim itself.

(2) If the subject-matter of such action does not fall within the jurisdiction of the local courts, exclusive jurisdiction shall be vested in the regional court in whose district the insolvency court is located.

### Section 203
### Order to Carry Out Delayed Distribution

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

(1) At the request of the insolvency administrator or of an insolvency creditor or ex officio the insolvency court shall order delayed distribution if after the final meeting

1.        retained funds become available for distribution;

2.        funds paid from the insolvency estate flow back to them; or

3.        objects forming part of the insolvency estate are identified.

(2) Termination of the insolvency proceedings shall not bar issuance of an order to carry out delayed distribution.

(3) The court may refrain from issuing such order and transfer the available amount or identified object to the debtor if such proceedings appear to the court to be adequate given the low value of the amount or or of the object and the costs of delayed distribution. It may condition its order on the advancement of funds covering the costs of such delayed distribution.

## Section 204
## Appeal

(1) The decision refusing to carry out delayed distribution shall be served on the requesting party. Such party may bring an immediate appeal against the decision.

(2) The decision ordering delayed distribution shall be served on the insolvency administrator, the debtor and any creditor requesting such delayed distribution. The debtor may bring an immediate appeal against the decision.

## Section 205
## Implementation of Delayed Distribution

Once delayed distribution has been ordered, the insolvency administrator shall distribute the available amount or the proceeds from disposition of the identified object on the basis of the final record. He shall render account of such distribution to the insolvency court.

## Section 206
## Exclusion of Preferential Creditors

Preferential creditors of whose claims the insolvency administrator has become aware

1.        only after determination of the fraction in advance distribution,

2.        only after the final meeting had been closed during final distribution, or

3.        if delayed distribution was ordered, only after its publication,

may claim satisfaction only from the funds remaining in the insolvency estate after distribution.

## Chapter Three
## Discontinuation of Insolvency Proceedings

## Section 207
## Discontinuation for Insufficiency of Assets

(1) If after the insolvency proceedings have been opened it is found that the insolvency estate is insufficient to cover the costs of the proceedings, the insolvency court shall discontinue such proceedings. Discontinuation shall not be ordered if sufficient funds are advanced or if the costs are deferred in accordance with section 4a; section 26 subsection (3) shall apply mutatis mutandis.

(2) The creditors' assembly, the insolvency administrator and the preferential creditors shall be heard prior to discontinuation.

(3) Any cash funds available in the insolvency estate shall be used by the administrator prior to discontinuation of the proceedings in order to settle the costs of the proceedings, and among such costs firstly expenses in proportion to their amounts. The administrator shall no longer be under an obligation to dispose of the insolvency estate.

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

## Section 208
### Notification of Insufficiency of Assets

(1) If the costs of the insolvency proceedings are covered but the insolvency estate is insufficient to settle the other mature obligations incumbent on the estate, the insolvency administrator shall notify the insolvency court of the insufficiency of the assets. The same shall apply if it is likely that the assets will be insufficient to meet the other existing obligations incumbent on the estate on the date of their maturity.

(2) The court shall publish the notification of insufficiency of assets. Such notification shall be served separately on the preferential creditors.

(3) The duty incumbent on the insolvency administrator to administer and dispose of the insolvency estate shall also continue subsequent to the notification of the insufficiency of the assets.

## Section 209
### Satisfaction of Preferential Creditors

(1) The insolvency administrator shall settle the obligations incumbent on the insolvency estate in the following order, and equal-ranking obligations in proportion to the amounts:

1.        the costs of the insolvency proceedings;

2.        obligations incumbent on the insolvency estate which became legally effective after notification of the insufficiency of the assets without falling under the costs of the proceedings;

3.        the other obligations incumbent on the estate, including lastly the maintenance granted pursuant to sections 100 and 101 subsection (1), third sentence.

(2) The following shall also be deemed obligations incumbent on the estate in the meaning of subsection (1) no. 2

1.        obligations under a mutual contract for whose performance the administrator

opted subsequent to notifying of the insufficiency of assets;

2.        obligations under a continuing obligation for the period after the first date on which the administrator was entitled to terminate such contract after notifying of the insufficiency of assets;

3.        obligations under a continuing obligation to the extent that the administrator has claimed its consideration to the benefit of the insolvency estate after notifying of the insufficiency of assets.

## Section 210
### Prohibition of Execution

As soon as the insolvency administrator has given notification of the insufficiency of the assets, execution in respect of an obligation incumbent on the estate in the meaning of section 209 subsection (1) no. 3 shall be inadmissible.

## Section 210a
### Insolvency Plan In the Case of Insufficient Assets

The provisions concerning the insolvency plan shall apply in the event of notification of insufficient assets, with the proviso that

1.        the preferential creditors, having the rank referred to in section 209 subsection (1), no. 3, shall stand in lieu of the non-lower-ranking insolvency creditors and

2.        Section 246 no. 2 shall apply mutatis mutandis in regard to the non-lower-ranking insolvency creditors.

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

## Section 211
### Discontinuation upon Notification of Insufficiency of Assets

(1) As soon as the insolvency administrator has distributed the insolvency estate under section 209, the insolvency court shall discontinue the insolvency proceedings.

(2) The administrator shall render separate account of his activities after notification of the insufficiency of the assets.

(3) If objects forming part of the insolvency estate are identified after discontinuation of such proceedings, the court, at the request of the administrator or of a preferential creditor or ex officio, shall order delayed distribution. Section 203 subsection (3), as well as sections 204 and 205 shall apply mutatis mutandis.

## Section 212
### Discontinuation for Subsequent Lack of Grounds to Open Insolvency Proceedings

At the debtor's request the insolvency proceedings shall be discontinued if it is ensured that, after such discontinuation, he will no longer be subject either to insolvency or imminent insolvency or, insofar as overindebtedness was the reason for the opening of insolvency proceedings, to overindebtedness. Admissibility of such a request shall require the debtor to show to the satisfaction of the court that there is no reason to open insolvency proceedings.

## Section 213
### Discontinuation with the Creditors' Consent

(1) At the debtor's request the insolvency proceedings shall be discontinued if, after expiry of the filing period, he submits declarations of consent on the part of all insolvency creditors who have filed claims. For creditors whose claims are contested by the debtor or by the insolvency administrator, and in the case of creditors with a right to separate satisfaction, the insolvency court shall decide on its own discretion on the requirement for consent to be given by such creditors or a security to be provided to them.

(2) The proceedings may be discontinued at the debtor's request even prior to expiry of the filing period if no other creditors are known than those whose declarations of consent were submitted by the debtor.

## Section 214
### Discontinuation Procedure

(1) A request to discontinue insolvency proceedings under sections 212 or 213 shall be published. It shall be deposited with the registry of the court for the parties' inspection; in the case mentioned at section 213 it shall be accompanied by the creditors' declarations of consent. The insolvency creditors may object to such a request in writing within one week after publication.

(2) Before deciding on the discontinuation of insolvency proceedings the court shall hear the requesting party, the insolvency administrator and the creditors' committee, if one has been appointed. If a creditor objects to such a request, he shall also be heard by the court.

(3) Prior to discontinuation, the administrator shall settle any claims on the insolvency estate which have not been contested and provide a security for claims which have been contested.

## Section 215
### Publication and Legal Effects of Discontinuation

(1) A decision discontinuing insolvency proceedings under sections 207, 211, 212 or 213 and the reason underlying such discontinuation shall be published. The date when such discontinuation will become effective (section 9 subsection (1), third sentence) shall be brought to the notice of the debtor, the insolvency administrator and the members of the creditors' committee in advance. Section 200 subsection (2), second sentence, shall apply mutatis mutandis.

(2) Upon discontinuation of the insolvency proceedings the right to dispose freely of the insolvency estate shall be transferred back to the debtor. Sections 201 and 202 shall apply mutatis mutandis.

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

### Section 216
### Appeal

(1) If the insolvency proceedings are discontinued under sections 207, 212 or 213, each creditor may bring an immediate appeal, and also the debtor may bring an immediate appeal if his insolvency proceedings were discontinued under section 207.

(2) If a request is rejected under sections 212 or 213, the debtor may bring an immediate appeal.

### Part Six
### Insolvency Plan

### Chapter One
### Establishment of the Plan

### Section 217
### Policy

Counter to the provisions of this Statute, the satisfaction of creditors entitled to separate satisfaction and of the insolvency creditors, the disposition of the insolvency estate and its distribution to the parties concerned, as well as the insolvency procedure and the debtor's liability subsequent to the termination of the insolvency proceedings may be settled in an insolvency plan. If the debtor is not natural person, the share rights and membership rights of those persons with a participating interest in the debtor may be included in the plan.

### Section 218
### Submission of the Insolvency Plan

(1) The insolvency administrator and the debtor shall be entitled to submit an insolvency plan to the insolvency court. Submission by the debtor may be connected with a request to open insolvency proceedings. A plan received by the court after the final creditors' assembly shall not be taken into account.

(2) If the creditors' assembly has charged the administrator with the establishment of an insolvency plan, the administrator shall submit such plan to the court within a reasonable period of time.

(3) The creditors' committee, if one has been appointed, the works council, the spokesman of officers and the debtors shall assist in and advise on the establishment of the plan by the administrator.

### Section 219
### Breakdown of the Plan

The insolvency plan shall consist of a declaratory and a constructive part. It shall be accompanied by the attachments mentioned at sections 229 and 230.

### Section 220
### Declaratory Part

(1) The declaratory part of the insolvency plan shall describe the measures taken or still to be taken after opening the insolvency proceedings in order to create the basis for the envisaged establishment of the rights held by the parties involved.

(2) The declaratory part shall contain all other information on the basis and effects of the plan which are relevant to the decision of the parties concerned on approval of the plan, and for its approval by the court.

### Section 221
### Constructive Part

The constructive part of the insolvency plan shall determine how the insolvency plan shall transform the legal position of the parties involved. The insolvency plan may stipulate that the insolvency administrator be authorized to take the measures necessary to implement it and to correct any obvious errors it contains.

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

### Section 222
### Formation of Groups

(1) While determining the rights held by the parties involved in the insolvency plan, groups shall be formed where the parties concerned have differing legal status. A distinction shall be made between

1.      the creditors entitled to separate satisfaction if their rights are encroached upon by the plan;

2.      the non-lower-ranking creditors;

3.      each class of lower-ranking insolvency creditors, unless their claims are deemed to be waived pursuant to section 225.

4.      those persons with a participating interest in the debtor where their share rights or membership rights are included in the plan.

(2) Parties with equal rights may form groups in which parties with equivalent economic interests are set together. Such groups shall be adequately separated from each other. The criteria of their separation shall be indicated in the plan.

(3) Employees shall form a separate group if they are claiming major amounts as insolvency creditors. Separate groups may be formed for minor creditors and for minor shareholders whose share in the liable capital amounts to less than one per cent or to less than one thousand euros.

### Section 223
### Rights of Creditors Entitled to Separate Satisfaction

(1) If the insolvency plan does not provide otherwise, the plan shall not affect the right of creditors entitled to separate satisfaction to achieve satisfaction from objects subject to rights of separation. Any derogating provision shall be ruled out in respect of financial securities within the meaning of section 1 subsection (17) of the Banking Act, as well as securities provided to

1.      the operator or the participant in a system pursuant to section 1 subsection (16) of the Banking Act to secure his claims under the system, or

2.      the central bank of a Member State of the European Union or the European Central Bank.

(2) If the plan provides otherwise, the plan in its constructive part shall, for creditors entitled to separate satisfaction, indicate the fraction by which their rights will be reduced, detail the period of respite for their claims, or provide for any other provisions binding upon them.

### Section 224
### Rights of the Insolvency Creditors

For the non-lower-ranking creditors the constructive part of the insolvency plan shall indicate the fraction by which their claims will be reduced, detail the period of respite for their claims, announce the securities for them or provide for any other provisions to which they are to be subjected.

### Section 225
### Rights of Lower-ranking Insolvency Creditors

(1) The claims of lower-ranking insolvency creditors shall be deemed waived unless the insolvency plan provides otherwise.

(2) If the insolvency plan provides otherwise, the constructive part, for each group of lower-ranking creditors, shall give the indications required under section 224.

(3) The debtor's liability for fines and his obligations equal to such penalties under section 39 subsection (1) no. 3 subsequent to termination of the insolvency proceedings can neither be excluded nor limited by a plan.

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

## Section 225a
### Rights of the Shareholders

(1) The share rights and membership rights of those persons with a participating interest in the debtor shall remain unaffected by the insolvency plan, unless otherwise provided in the plan.

(2) The constructive part of the plan may provide that the creditors' claims may be converted into share rights or membership rights in the debtor. Such conversion shall be ruled out if it is against the will of the creditors concerned. In particular, the plan may provide for a decrease or increase in capital, the provision of contributions in kind, the ruling out of subscription rights, or the payment of compensation to outgoing shareholders.

(3) The plan may set out any rule permissible under company law, in particular regarding the continuation of a dissolved enterprise or the transfer of share rights and membership rights.

(4) Measures in accordance with subsection (2) or (3) shall not authorize the holder to rescind or terminate contracts to which the debtor is a party. Nor do they lead to the contracts being otherwise rescinded. Any contrary contractual agreements shall be invalid. Agreements reached on the basis of the debtor's breach of duty shall remain unaffected by the first and second sentences, insofar as they do not consist solely in a measure referred to in subsection (2) and (3) being contemplated or carried out.

(5) Where a measure in accordance with subsection (2) or (3) represents an important reason for a person with a participating interest in the debtor leaving the legal entity or company without legal personality and if use is made of this right of withdrawal, the financial status which would have arisen if the debtor had been wound up shall be decisive in regard to determining the amount of any possible compensation. Payment of the compensation may be deferred over a period of no more than three years to avoid placing an inappropriate burden on the debtor's financial status. Interest shall be added to any unpaid compensation.

## Section 226
### Equal Treatment of Parties Involved

(1) Within each group all parties involved shall be offered equal rights.

(2) Any distinct treatment of the parties forming one group shall require the consent of all parties concerned. In such a case the insolvency plan shall be accompanied by each party's statement of consent.

(3) Any agreement concluded by the insolvency administrator, the debtor or any other person and individual parties providing for an advantage not envisaged under the plan in consideration of such parties' conduct in votes or otherwise with respect to the insolvency proceedings shall be void.

## Section 227
### Debtor's Liability

(1) If the insolvency plan does not provide otherwise, the debtor shall be discharged of his residual obligations held by the insolvency creditors by the satisfaction of such creditors under the constructive part.

(2) If the debtor is a company without legal personality or a partnership limited by shares, subsection (1) shall apply mutatis mutandis to the partners' personal liability.

## Section 228
### Modification of Conditions under Property Law

If rights in objects are to be created, modified, transferred or waived, any legal declarations necessary from the parties involved may be included in the constructive part of the insolvency plan. If registered rights in real estate or in registered rights are involved, such rights shall be detailed in compliance with section 28 of the Land Register Code. The second sentence shall apply mutatis mutandis to rights registered in the register of ships and the register of ships under construction, or in the register of liens on aircraft.

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

### Section 229
### Survey of Assets. Earnings and Finance Plan

If it is envisaged that the creditors will be satisfied from the earnings derived from the debtor's enterprise continued by the debtor or by a third party, the insolvency plan shall be accompanied by a survey of assets listing the values of assets and obligations to be balanced should the plan become effective. In addition, the plan shall indicate the expenses and earnings to be expected during the period of the creditors' satisfaction, and by which succession of earnings and expenses the liquidity of the enterprise will be maintained during such period. Account must also be taken of those creditors who have not registered their claims but who are known when the plan is being drawn up.

### Section 230
### Further Attachments

(1) If the insolvency plan provides for the debtor to continue his enterprise, and if the debtor is a natural person, the plan shall be accompanied by the debtor's statement of willingness to continue the enterprise under the plan. If the debtor is a company without legal personality or a partnership limited by shares, the plan shall be accompanied by a similar statement by those persons who are, according to the plan, general partners. The debtor's statement under the first sentence shall not be required from a debtor submitting the plan himself.
(2) If it is envisaged that creditors will acquire shares, membership rights or interests in a legal person, an unincorporated association or in a company without legal personality, the plan shall be accompanied by the declaration of consent of each such creditor.
(3) If a third party has agreed to enter into obligations to the creditors if the plan is approved, the plan shall be accompanied by the statement of such third party.

### Section 231
### Refusal of the Plan

(1) The insolvency court shall refuse the insolvency plan ex officio

1.      if the provisions governing the right to submit a plan and its contents, in particular regarding the forming of groups, are not complied with, and the submitting party is unable to correct such defect or does not correct it within a reasonable period of time fixed by the court;

2.      if a plan submitted by the debtor obviously has no chance of being accepted by the parties concerned or approved by the court; or

3.      if the claims provided for the parties under the constructive part of a plan submitted by the debtor obviously cannot be satisfied.

The court shall take its decision within two weeks following submission of the plan.
(2) If in the insolvency proceedings the debtor has already submitted a plan which has been refused by the parties concerned, not approved by the court or withdrawn by the debtor after publication of the date of the discussion meeting, the court shall refuse a new plan by the debtor if such refusal is requested by the insolvency administrator with the consent of the creditors' committee, if appointed.
(3) The submitting party may bring an immediate appeal against the order refusing the plan.

### Section 232
### Comments on the Plan

(1) If the insolvency plan is not refused, the insolvency court shall forward it to the following for their comments:

1.      the creditors' committee, if appointed, the works council and the spokesmen of officers;

2.      the debtor if the insolvency administrator submitted the plan; and

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

3.        the administrator if the debtor submitted the plan.

(2) The court may also give an opportunity to the official representative body of industry, trade, the craft or of agriculture competent for the debtor or to other expert organizations to express their views.

(3) The court shall set the deadline for submission of the comments. The deadline shall not exceed two weeks.

## Section 233
## Suspension of Disposition and Distribution

To the extent to which continued disposition and distribution of the insolvency estate would impair the implementation of an insolvency plan which has been submitted, the insolvency court shall, at the request of debtor or the insolvency administrator, order suspension of disposition and distribution. The court shall overrule or stop such suspension if it entails the risk of considerable disadvantage to the insolvency estate or if the administrator with the consent of the creditors' committee or assembly requests continuation of disposition and distribution.

## Section 234
## Laying Out of the Plan

The insolvency plan with its attachments and any comments received shall be laid out for the parties' inspection in the registry of the court.

## Chapter Two
## Acceptance and Approval of the Plan

## Section 235
## Discussion and Voting Meeting

(1) The insolvency court shall docket a meeting to discuss the insolvency plan and the voting rights of the parties concerned and subsequently to vote on the plan (discussion and voting meeting). Such meeting shall not be docketed later than one month. It may be fixed for the same day docketed for the submission of comments in accordance with section 232.

(2) The date of the discussion and voting meeting shall be published. Publication shall indicate the availability of the plan and of any comments received for inspection in the registry of the court. Section 74 subsection (2), second sentence, shall apply mutatis mutandis.(3) Insolvency creditors who have filed claims, creditors entitled to separate satisfaction, the insolvency administrator, the debtor, the works council and the spokesmen of officers shall receive individual summons. A copy of the plan or a summary of its essential contents, to be provided at the request of the submitting party, shall be sent with the summons. If the share rights and membership rights of those persons with a participating interest in the debtor are included in the plan, those persons shall also be summoned pursuant to the first and second sentences; this shall not apply to shareholders or limited liability shareholders in a partnership limited by shares. Section 121 subsection (4a) of the Stock Corporation Act (Aktiengesetz) shall apply mutatis mutandis to listed companies; they shall publish a summary of the essential contents of the plan on their website.

## Section 236
## Coincidence with the Verification Meeting

The discussion and voting meeting may not be docketed prior to the verification meeting. Both meetings, however, may be docketed to coincide.

## Section 237
## Voting Right of the Insolvency Creditors

(1) Section 77 subsection (1), first sentence, as well as subsections (2) and (3) no. 1 shall apply mutatis mutandis to the voting right of the insolvency creditors while voting on the insolvency plan. Creditors entitled to separate satisfaction may only vote as insolvency creditors if the debtor is personally liable to them and if they waive their right to separate

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

satisfaction or are not satisfied under such right; as long as their non-satisfaction has not been determined, they shall be taken into account with the probable value of their non-satisfaction.
(2) Creditors whose claims are not impaired by the plan shall have no voting right.

### Section 238
### Voting Right of Creditors Entitled to Separate Satisfaction
(1) If the legal status of creditors entitled to separate satisfaction is covered in the insolvency plan, the rights of such individual creditors shall be discussed at the meeting. A voting right shall be vested in rights to separate satisfaction denied by neither the insolvency administrator, the creditors entitled to separate satisfaction nor the insolvency creditors. Sections 41 and 77 subsection (2), as well as subsection (3) no. 1 shall apply mutatis mutandis to the voting right of denied, suspended or immature rights.
(2) Section 237 subsection (2) shall apply mutatis mutandis.

### Section 238a
### Voting Right of Shareholders
(1) The voting right of the debtor's shareholders shall be determined solely by their participating interest in the debtor's subscribed capital or assets. No account shall be taken of any limitations on voting rights, of special or multiple voting rights.
(2) Section 237 subsection (2) shall apply mutatis mutandis.

### Section 239
### Voting List
The registrar of the court registry shall record in a list the voting rights of the parties concerned resulting from the meeting.

### Section 240
### Modification of the Plan
The submitting party shall be entitled to modify the contents of individual provisions of the insolvency plan in accordance with the results of the discussion meeting. A vote may be taken at the same meeting on the modified plan.

### Section 241
### Separate Voting Meeting
(1) The insolvency court may docket a separate meeting for the vote on the insolvency plan. In this case, the period of time between the discussion meeting and the voting meeting shall not extend beyond one month.
(2) The parties concerned with voting rights and the debtor shall be summoned to the voting meeting. This shall not apply to shareholders or limited liability shareholders in a partnership limited by shares. It shall suffice for these to publish the date of the meeting. Section 121 subsection (4a) of the Stock Corporation Act shall apply mutatis mutandis to listed companies. If the plan has been modified, such modification shall be specifically indicated.

### Section 242
### Voting in Writing
(1) If a separate voting meeting is docketed, the voting right may be exercised in writing.
(2) The insolvency court shall send the voting slip to the parties concerned with voting rights after the discussion meeting while informing them of their voting right. Voting in writing shall not be counted unless received by the court not later than one day prior to the voting meeting; this shall be referred to when the voting slip is forwarded.

### Section 243
### Voting by Groups
Each group of parties concerned with voting rights shall vote on the insolvency plan separately.

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

**Section 244**
**Necessary Majorities**

(1) Acceptance of the insolvency plan by the creditors shall require that, in each group,

1.　　　　the majority of creditors with voting rights backs the plan, and

2.　　　　the sum of claims held by creditors backing the plan exceeds half of the sum of claims held by the creditors with voting rights.

(2) Creditors who hold a right jointly or whose rights constituted a uniform right until the reason to open insolvency proceedings came into effect shall be counted as one creditor in the vote. The same shall apply if a right is the object of a pledge or a usufruct.

(3) Subsection (1) no. 2 shall apply mutatis mutandis to those persons with a participating interest in the debtor, with the proviso that the sum of the participating interests shall stand in place of the sum of claims.

**Section 245**
**Prohibition to Obstruct**

(1) Even if the necessary majorities have not been achieved, a voting group shall be deemed to have consented if

1.　　　　the members of such a group are likely not to be placed at a disadvantage by the insolvency plan compared with their situation without such plan,

2.　　　　the members of such a group participate to a reasonable extent in the economic value devolving on the parties under the plan, and

3.　　　　the majority of the voting groups have backed the plan with the necessary majorities.

(2) A reasonable participation of a group of creditors for the purpose of subsection (1) no. 2 shall exist if under the plan

1.　　　　no other creditor will receive economic values exceeding the full amount of his claim;

2.　　　　neither a creditor with a lower-ranking claim to satisfaction without a plan, compared with the creditors forming his group, nor the debtor nor a person holding the debtor's shares receives an economic value; and

3.　　　　no creditor to be satisfied on an equal footing with the creditors forming his group without a plan receives an advantage with respect to such creditors.

(3) A reasonable participation of a group of shareholders for the purpose of subsection (1) no. 2 shall exist if under the plan

1.　　　　no creditor receives economic benefits exceeding the full amount of his claim and

2.　　　　　no shareholder who would be equal in rank to the shareholders in the group if no plan were drawn up is better placed than they are.

**Section 246**
**Consent of Lower-ranking Creditors of the Insolvency Proceedings**

The following supplemental provisions shall apply to acceptance of the insolvency plan by the lower-ranking insolvency creditors:

1.　　　　The consent of the groups ranking behind section 39 subsection (1) no. 3 shall be deemed to have been given if none of the insolvency creditors receives an advantage under the plan compared with the creditors forming such groups.

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

2.          If none of the creditors forming a group votes at all, the consent of this group shall be deemed to have been given.

### Section 246a
### Consent of the Shareholders

If none of the members of a group of shareholders votes at all, the consent of the group shall be deemed to have been given.

### Section 247
### Debtor's Consent

(1) The debtor's consent to the plan shall be deemed to have been given if he does not oppose the plan in writing at the latest in the voting meeting.
(2) An opposing opinion under subsection (1) shall be deemed to be irrelevant if

1.          the debtor is likely not to be placed at a disadvantage by the plan compared with his situation without a plan, and

2.          no creditor receives an economic value exceeding the full amount of his claim.

### Section 248
### Approval by the Court

(1) After acceptance of the insolvency plan by the parties concerned (sections 244 to 246a) and after obtaining the debtor's consent the plan shall require approval by the insolvency court.
(2) Before the court gives its decision regarding approval of the plan it shall hear the insolvency administrator, the creditors' committee, if appointed, and the debtor.

### Section 248a
### Court Approval of Corrections to the Plan

(1) Corrections to the insolvency plan made by the insolvency administrator in accordance with section 221, second sentence, shall require approval by the insolvency court.
(2) Before the court gives its decision regarding approval of the plan it shall hear the insolvency administrator, the creditors' committee, if appointed, the creditors and the shareholders, insofar as their rights are affected, as well as the debtor.
(3) Approval shall be refused, upon request, if, due to changes to the plan resulting from the corrections, a party concerned is likely to suffer a disadvantage relative to the position he would have had under the intended effects of the plan..
(4) The creditors and shareholders referred to in subsection (2) as well as the administrator may file an immediate appeal against the order approving or refusing to approve the correction. Section 253 subsection (4) shall apply mutatis mutandis.

### Section 249
### Plan Subject to Conditions

If the insolvency plan provides for the performance of specific contributions or for the implementation of other measures before approval, the plan may not be approved unless such conditions are met. Approval shall be refused ex officio if such conditions are not met even after expiry of an adequate period of time fixed by the insolvency court.

### Section 250
### Contravention of Procedural Provisions

Approval shall be refused ex officio if

1.          the provisions governing the contents and the procedural handling of the insolvency plan, as well as its acceptance by the consent of the parties concerned and of the debtor were not complied with regarding an essential aspect and such defect cannot be corrected, or

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

2.        acceptance of the plan has been effected by improper means, in particular by an advantage favouring one party concerned.

### Section 251
### Protection of Minorities

(1) At the request of a creditor or, if the debtor is not a natural person, a person with a participating interest in the debtor, approval of the insolvency plan shall be refused if

1.        the person filing the request opposed the plan in writing or for the records at the latest in the voting meeting, and

2.        the person filing the request is likely to be placed at a disadvantage by the plan compared with his situation without a plan.

(2) Such request shall be admissible only if the requesting party shows to the satisfaction of the court at the latest on the day of the voting meeting that he is likely to be placed at a disadvantage on account of the plan.

(3) The request shall be rejected if the constructive part provides for funds being made available in the event that a party concerned shows to the satisfaction of the court that he will be placed at a disadvantage. Whether the party concerned is to receive compensation from such funds shall not be a matter for the insolvency proceedings.

### Section 252
### Publication of Decision

(1) The order approving the insolvency plan or refusing its approval shall be announced at the voting meeting or at a special meeting to be docketed as soon as possible. Section 74 subsection (2), second sentence, shall apply mutatis mutandis.

(2) If the plan is approved, a copy of the plan or a summary of its essential contents shall be communicated to those insolvency creditors who have filed claims and to creditors entitled to separate satisfaction with reference to its approval. If the share rights or membership rights of those persons with a participating interest in the debtor are included in the plan, they too shall be sent the documents; this shall not apply to shareholders and limited liability shareholders in a partnership limited by shares. Listed companies shall publish a summary of the essential contents of the plan on their website.

### Section 253
### Appeal

(1) The creditors, the debtor and, if the debtor is not a natural person, those persons with a participating interest in the debtor, may file an immediate appeal against the order approving or refusing to approve the insolvency plan .

(2) The immediate appeal against the approval shall be admissible only if the party filing the appeal

1.        has objected to the plan in writing or for the records at the latest during the voting meeting,

2.        has voted against the plan and

3.        has shown to the satisfaction of the court that he will be placed at a significant disadvantage on account of the plan than without the plan and that this disadvantage cannot be compensated by means of a payment from the funds referred to in section 251 subsection (3).

(3) Subsection (2) no. 1 and 2 shall apply only if when publishing the date of the meeting (section 235 subsection (2)) and the summons to the meeting (section 235 subsection (3)) special reference was made to the need to object and to reject the plan.

(4) Upon the request of the insolvency administrator, the regional court shall immediately dismiss the appeal if it appears to be preferential that the insolvency plan take effect as soon

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

as possible because, to the unfettered satisfaction of the court, the disadvantages on account of a delay in enforcing the plan override the disadvantages for the party filing the appeal; redress proceedings in accordance with section 572 subsection (1), first sentence, of the Code of Civil Procedure shall not be taken. This shall not apply in the event of an especially serious statutory violation. If the court dismisses the appeal in accordance with the first sentence, the applicant shall be compensated, from the insolvency estate, for that damage arising on account of the execution of the plan; the reversal of effects arising from the insolvency plan cannot be claimed as damages. The regional court that dismissed the immediate appeal shall have sole jurisdiction in regard to actions for the payment of compensation for damages in accordance with the third sentence.

### Chapter Three
### Effects of the Approved Plan.
### Monitoring Implementation of the Plan

### Section 254
### General Effects of the Plan

(1) As soon as the order approving the insolvency plan becomes final its effects under the constructive part shall become binding upon all the parties involved.

(2) The plan shall leave unaffected the rights entitling the insolvency creditors against the debtor's co-obligors and guarantors as well as the rights of such creditors to objects not forming part of the insolvency estate or deriving from a priority notice covering such objects. The debtor, however, shall be discharged by the plan of his co-obligor's, guarantor's or any other redressing party's claims against himself in the same way as he is discharged of the claims of the insolvency creditors.

(3) If a creditor has received better satisfaction than warranted under the plan, he shall not be held liable to restitution.

(4) If the claims of creditors are converted into share rights or membership rights in the debtor, the debtor may, following approval by the court, assert no claims against the previous creditors on account of the over-valuation of the claims in the plan.

### Section 254a
### Rights in Objects. Other Effects

(1) Where rights in objects are to be substantiated, changed, converted or revoked or shares in a private limited company are to be assigned, the declarations of intent of the parties included in the insolvency plan shall be deemed to have been submitted in the prescribed form.

(2) Where the share rights or membership rights of the persons with a participating interest in the debtor are included in the plan (section 225a), the decisions of the shareholders which are included in the plan or other declarations of intent made by the parties concerned shall be deemed to have been submitted in the prescribed form. Summons, announcements and other measures in the preparation of shareholder decisions required under company law shall be deemed to have been effected in the prescribed form. The insolvency administrator shall be authorized to make the necessary registrations with the competent register court.

(3) The same shall apply mutatis mutandis to formal obligations included in the plan based on a measure in accordance with subsection (1) or (2).

### Section 254b
### Effects for all those Involved

Sections 254 and 254a shall also apply to insolvency creditors who have not registered their claims and for parties who objected to the insolvency plans.

### Section 255
### Proviso of Revival

(1) If the claims held by insolvency creditors were deferred or partly waived on the basis of the constructive part of the insolvency plan, such suspension or waiver shall be no longer

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

binding upon a creditor on whose claims the debtor defaults to a considerable extent in performance of the plan. Such default to a considerable extent shall be construed only if the debtor has not paid a mature debt although reminded by the creditor in writing with a period of grace of at least two weeks.

(2) If new insolvency proceedings are opened for the debtor's assets before the plan has been performed to the full, a suspension or waiver shall be no longer binding upon any of the insolvency creditors.

(3) The plan may provide otherwise. However, the plan may not derogate from subsection (1) to the detriment of the debtor.

## Section 256
### Contested Claims. Remaining Claims

(1) If a claim has been contested at the verification meeting or if the amount of the remaining claim held by a creditor entitled to separate satisfaction has not yet been determined, default on performing the insolvency plan for the purpose of section 255 subsection (1) shall not be construed if the debtor takes into account the claim until final determination of its amount to the extent corresponding to the decision of the insolvency court on the voting right of such creditor upon the vote on the plan. If the court has not decided on the voting right, at the request of the debtor or of the creditor it shall subsequently determine the extent to which the debtor has to provisionally take such claim into account.

(2) If such final determination shows the debtor falling short in his payments, he shall pay the arrears. Default to a considerable extent in performance of the plan shall be construed only if the debtor omits to pay the arrears although reminded by the creditor in writing with a period of grace of at least two weeks.

(3) If such final determination shows the debtor overpaying, he may claim restitution of the overpaid amount only to the extent exceeding even the immature item of the claim of the creditor under the insolvency plan.

## Section 257
### Execution under the Plan

(1) Insolvency creditors with determined claims which were not contested by the debtor at the verification meeting may execute under an approved and final insolvency plan in connection with entry in the schedule against the debtor as under a judgment declared executable. A claim in respect of which an objection has been raised and overruled shall be deemed equivalent to a claim which has not been contested. Section 202 shall apply mutatis mutandis.

(2) The same shall apply to execution against a third party who, by a written statement submitted to the insolvency court without reserving the beneficium excussionis, has undertaken responsibility together with the debtor for performance of the plan by the latter.

(3) If a creditor invokes his rights in the case of considerable default on the part of the debtor in respect of performance of the plan, he shall show to the satisfaction of the court the reminder and the expiry of the period of grace, but must prove no other facts constituting the default on the part of the debtor in order to receive an execution clause for such rights and to initiate such execution.

## Section 258
### Termination of the Insolvency Proceedings

(1) As soon as approval of the insolvency plan has become final and unless the insolvency plan provides otherwise, the insolvency court shall decide on termination of the insolvency proceedings.(2) Prior to termination the administrator shall settle those undisputed due claims on the insolvency estate and provide securities for disputed or undue claims. A financial plan may also be submitted for undue claims on the insolvency estate which shows that their satisfaction is guaranteed.

(3) Such decision and the reason for termination shall be published. The debtor, the insolvency administrator and the members of the creditors' committee shall be informed in

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

advance of the date when termination will become effective (section 9 subsection (1), third sentence). Section 200 subsection (2), second sentence, shall apply mutatis mutandis.

## Section 259
## Effects of Termination

(1) The offices of the insolvency administrator and of the members of the creditors' committee shall expire upon termination of the insolvency proceedings. The right of unhindered disposition of the insolvency estate shall be transferred back to the debtor.

(2) The provisions governing monitoring of the implementation of the plan shall remain unaffected.

(3) An action brought in the insolvency proceedings to contest the debtor's transactions may be continued by the administrator even after termination of the proceedings if provided for in the constructive part of the plan. In such a case the action will be carried on for the debtor's account unless the plan provides otherwise.

## Section 259a
## Protection Against Unfair Judicial Execution

(1) If, following the termination of the proceedings, executions on individual creditors who had not registered their claims at the voting meeting jeopardize the enforcement of the insolvency plan, the insolvency court may, upon the request of the debtor, entirely or in part revoke an execution or deny it for a maximum of three years. The request shall be admissible only if the debtor can show to the satisfaction of the court the actual claims on which the jeopardy is based.

(2) If the jeopardy has been shown to the satisfaction of the court, the court may also temporarily stay the execution.

(3) The court shall, upon request, revoke or amend its order if this is necessary in view of a change in the circumstances.

## Section 259b
## Special Period of Limitation

(1) A creditor's claim which has not been registered by the voting meeting shall become statute-barred after one year.

(2) The period of limitation begins to run on the day on which the claim is due and the order approving the insolvency plan becomes final.

(3) Subsections (1) and (2) shall be applied only if, as a result, the period of limitation of a claim ends earlier than it would in application of otherwise applicable periods of limitation.

(4) The limitation of a creditor's claim shall be suspended so long as no execution is permissible on account of the debtor's protection against unfair judicial execution as set out in section 259a. The suspension shall end three months after the end of the period of protection against unfair judicial execution.

## Section 260
## Monitoring Implementation of the Plan

(1) The constructive part of the insolvency plan may provide for the monitoring of implementation of the plan.

(2) In the case of subsection (1), subsequent to termination of the insolvency proceedings the performance of the claims of the creditors under the constructive part against the debtor shall be monitored.

(3) If the constructive part provides for such situation, monitoring shall include performance of the claims of the creditors under the constructive part against legal persons or companies without legal personality established after the opening of the insolvency proceedings in order to take over or continue the debtor's enterprise or plant (takeover company).

## Section 261
## Tasks and Rights of the Insolvency Administrator

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

(1) Monitoring shall be incumbent on the insolvency administrator. The offices of the administrator and of the members of the creditors' committee as well as the supervision of the court shall continue for such purpose. Section 22 subsection (3) shall apply mutatis mutandis.

(2) During the period of monitoring the administrator shall each year report to the creditors' committee, if appointed, and to the court on the progress and further expectations of performance of the insolvency plan. Such reporting obligation shall leave unaffected the right of the creditors' committee and of the court to demand specific information or an intermediate report at any time.

### Section 262
### Obligation to Disclosure Incumbent on the Insolvency Administrator

If the insolvency administrator finds that claims monitored for performance are not met or cannot be met, he shall disclose such failure to the creditors' committee and to the insolvency court immediately. If no creditors' committee has been appointed, the administrator shall instead inform all creditors entitled against the debtor or the takeover company under the constructive part of the insolvency plan.

### Section 263
### Transactions Requiring Consent

The constructive part of the insolvency plan may provide that specific transactions of the debtor or of the takeover company shall require the consent of the insolvency administrator during the period of monitoring in order to become effective. Sections 81 subsection (1) and 82 shall apply mutatis mutandis.

### Section 264
### Loan Ceiling

(1) The constructive part of the insolvency plan may provide for lower-ranking status for the insolvency creditors compared with creditors with entitlements deriving from loans or other credits entered into by the debtor or the takeover company during the period of monitoring or held open by a preferential creditor to extend into the period of monitoring. In such a case the maximum amount of such loans shall also be fixed (loan ceiling). It may not exceed the value of property listed in the survey of assets contained in the plan (section 229, first sentence).

(2) The insolvency creditors shall rank lower under subsection (1) only in comparison with creditors entering into an agreement that and to which amount the main claim, interest and costs of the loans granted by them are under the loan ceiling, and receiving confirmation of such agreement in writing from the insolvency administrator.

(3) Section 39 subsection (1) no. 5 shall remain unaffected.

### Section 265
### Lower-ranking Status of New Creditors

Creditors with other contractual claims created during the period of monitoring shall also have a lower-ranking status in comparison with creditors with entitlements deriving from loans entered into or held open under section 264. Claims created under a continuing obligation prior to monitoring shall also be deemed to constitute such claims for the time after the first date on which the creditor could terminate such contract after monitoring began.

### Section 266
### Consideration of Lower-ranking Status

(1) Lower-ranking status of the insolvency creditors and of the creditors mentioned at section 265 shall be taken into account only in insolvency proceedings opened before termination of monitoring.

(2) In any such new insolvency proceedings such creditors shall take priority over any other lower-ranking creditors.

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

### Section 267
### Publication of Monitoring

(1) If performance of the insolvency plan is to be monitored, this shall be published together with the order terminating the insolvency proceedings.

(2) Publication shall also cover:

    1.     in the case of section 260 subsection (3) any extension of such monitoring to the takeover company;

    2.     in the case of section 263 the criteria of transactions requiring the consent of the insolvency administrator;

    3.     in the case of section 264 the amount of a loan ceiling.

(3) Section 31 shall apply mutatis mutandis. If in the case of section 263 the right to transfer a real estate, a registered ship, a ship under construction or an aircraft, a right in any such object or a right in such a right is subject to restriction, sections 32 and 33 shall apply mutatis mutandis.

### Section 268
### Termination of Monitoring

(1) The insolvency court shall decide on the termination of monitoring if

    1.     the claims monitored for satisfaction have been met or their satisfaction is ensured, or

    2.     three years have elapsed since termination of the insolvency proceedings and the opening of new insolvency proceedings has not been requested.

(2) Such decision shall be published. Section 267 subsection (3) shall apply mutatis mutandis.

### Section 269
### Costs of Monitoring

The costs of monitoring shall be borne by the debtor. In the case of section 260 subsection (3), the takeover company shall bear any costs incurred for its monitoring.

### Part Seven
### Debtor-in-Possession Management

### Section 270
### Prerequisites

(1) The debtor may manage and dispose of the assets involved in insolvency proceedings under the supervision of an insolvency monitor if the insolvency court orders such debtor-in-possession management while deciding on the opening of the insolvency proceedings. Such proceedings shall be subject to the general provisions unless this Part provides otherwise.

(2) The order shall require

    1.     that it has been requested by the debtor and

    2.     that no circumstances are known which lead to the expectation that the order will place the creditors at a disadvantage.

(3) Before a decision is taken on the request, the provisional creditors' committee must be given the opportunity to comment provided that this will not manifestly lead to a detrimental change in the debtor's financial status. If the request is backed by a unanimous decision by the provisional creditors' committee, the order shall be deemed not to place the creditors at a disadvantage.

(4) If the request is rejected, written grounds shall be supplied therefor; section 27

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

subsection (2) no. 5 shall apply mutatis mutandis.

## Section 270a
## Opening Proceedings

(1) If the debtor's request for debtor-in-possession management does not manifestly lack the prospect of success, the court shall in the opening proceedings refrain from

> 1.        imposing on the debtor a general prohibition on making dispositions or

> 2.        ordering that all of the debtor's dispositions are effective only with the consent of a provisional insolvency administrator.

In such cases a provisional insolvency monitor shall be appointed in place of the provisional insolvency administrator, and sections 274 and 275 shall apply mutatis mutandis to the provisional insolvency monitor.

(2) If the debtor has filed his request for the opening of insolvency proceedings on account of imminent insolvency and requests debtor-in-possession managementmanagement but the court does not regard the conditions for debtor-in-possession management as being met, it shall inform the debtor of its reservations and give the debtor the opportunity to withdraw his request for the opening of insolvency proceedings before the decision on the opening is taken.

## Section 270b
## Preparations for Reorganisation

(1) If the debtor has made his request for the opening of insolvency proceedings on account of imminent insolvency or overindebtedness and has requested debtor-in-possession management and if the intended restructuring does not manifestly lack the prospect of success, the insolvency court shall, upon the request of the debtor, set a deadline for submission of the insolvency plan. The deadline may not exceed three months. The debtor shall enclose with the request certification, with grounds, provided by a tax advisor, accountant or lawyer with experience in insolvency matters or a person with comparable qualifications which provides evidence of the imminent insolvency or overindebtedness but that the debtor is not already insolvent and that the intended restructuring does not manifestly lack the prospect of success.

(2) In the order referred to in subsection (1), the court shall appoint a provisional insolvency monitor in accordance with section 270a subsection (1) who must not be the same person issuing the certification referred to in subsection (1). The court may decide not to appoint the provisional insolvency monitor proposed by the debtor only if the proposed person is manifestly not suited to taking on the office; the court shall provide reasons for its decision. The court may order provisional measures in accordance with section 21 subsection (1) and (2) no. 1a, 3 to 5; it must order measures in accordance with section 21 subsection (2) no. 3 if the debtor submits a request therefor.

(3) Upon the request of the debtor the court must order that the debtor provide grounds for the debts incumbent on the estate. Section 55 subsection 2 shall apply mutatis mutandis.

(4) The court shall revoke the order in accordance with subsection (1) before the deadline expires if

> 1.        the envisaged restructuring no longer has prospects of success;

> 2.        the provisional creditors' committee requests that the order be revoked or

> 3.        a creditor entitled to separate satisfaction or a creditor requests that the order be revoked and circumstances become known that lead to the expectation that the order will lead to the creditors being placed at a disadvantage; the request shall be admissible only if no provisional creditors' committee has been appointed and the party filing the appeal can show the circumstances to the satisfaction of the court.

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

The debtor or the provisional insolvency monitor shall immediately notify the court of the debtor becoming insolvent. After revoking the order or after expiry of the deadline the court shall take a decision regarding the opening of insolvency proceedings.

## Section 270c
### Appointment of an Insolvency Monitor

In the event of the ordering of debtor-in-possession management, an insolvency monitor shall be appointed instead of an insolvency administrator. The claims of the insolvency creditors shall be filed with the insolvency monitor. Sections 32 and 33 shall not apply.

## Section 271
### Subsequent Order

If the majority of the creditors' assembly referred to in section 76 subsection (2) and the majority of the voting creditors applies for debtor-in-possession management, the court shall order such debtor-in-possession management if the debtor gives his consent. The former insolvency administrator may be appointed insolvency monitor.

## Section 272
### Repeal of the Order

(1) The insolvency court shall repeal its decision ordering debtor-in-possession management if requested by

1.        the majority of the creditors' assembly referred to in section 76 subsection (2) and the majority of the voting creditors;

2.        a creditor with a right to separate satisfaction or by an insolvency creditor, and if the prerequisite under section 270 subsection (2) no. 2 has been removed and the party making the request risks being placed at a significant disadvantage on account of the debtor-in-possession management;

3.        the debtor.

(2) A creditor's request shall only be admissible if he shows the conditions set out in subsection (1) no. 2 to the satisfaction of the court. Before deciding on the request, the insolvency court shall hear the debtor. The creditor and the debtor may bring an immediate appeal against the decision of the court.
(3) The former insolvency monitor may be appointed as insolvency administrator.

## Section 273
### Publication

The decision of the insolvency court ordering the debtor-in-possession management after the opening of insolvency proceedings, or repealing such order, shall be published.

## Section 274
### Legal Status of the Insolvency Monitor

(1) Section 27 subsection (2) no. 5, section 54 no. 2, as well as sections 56 to 60 and 62 to 65 shall apply mutatis mutandis to the insolvency monitor's appointment, supervision by the insolvency court, as well as to liability and remuneration.
(2) The insolvency monitor shall verify the debtor's economic situation and monitor the management of his business and expenses for his livelihood. Section 22 subsection (3) shall apply mutatis mutandis.
(3) If the insolvency monitor finds circumstances suggesting disadvantages to the creditors under the debtor's continued debtor-in-possession management, he shall disclose such circumstances to the creditors' committee and to the insolvency court immediately. If no creditors' committee has been appointed, the insolvency monitor shall instead inform the insolvency creditors who have filed claims, as well as the creditors with a right to separate satisfaction.

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

### Section 275
### Consent of the Insolvency Monitor

(1) No obligations exceeding the range of his ordinary business may be entered into by the debtor without the insolvency monitor's consent. The debtor may even not enter into obligations falling under the range of his ordinary business if the insolvency monitor objects to such obligations.

(2) The insolvency monitor may require the debtor to allow collection of all payments received only by the insolvency monitor and payments to be made by the insolvency monitor only.

### Section 276
### Consent of the Creditors' Committee

The debtor shall obtain the consent of the creditors' committee for transactions of particular importance to the insolvency proceedings. Section 160 subsection (1), second sentence, subsection (2), section 161, second sentence, and section 164 shall apply mutatis mutandis.

### Section 276a
### Involvement of Supervisory Organs

If the debtor is a legal entity or a company without legal personality, the supervisory board, the shareholders' meeting or comparable organs shall have no influence on the debtor's management. The withdrawal and appointment of new members of the board of management shall be effective only if the insolvency monitor gives his consent. That consent must be given if the measure does not place the creditors at a disadvantage.

### Section 277
### Ordering the Requirement of Consent

(1) At the request of the creditors' assembly the insolvency court shall order the requirement of the insolvency monitor's consent for certain transactions by the debtor to become legally effective. Section 81 subsection (1), second and third sentences, as well as section 82, shall apply mutatis mutandis. If the insolvency monitor consents to a transaction giving rise to an obligation incumbent on the estate, section 61 shall apply mutatis mutandis.

(2) Such order may also be issued at the request of a creditor with a right to separate satisfaction or of an insolvency creditor if it is urgently necessary in order to prevent disadvantages to the creditors. The admissibility of such a request shall require that the requesting party shows such prerequisite for the order to the satisfaction of the court.

(3) Such order shall be published. Section 31 shall apply mutatis mutandis. If the right to transfer real property, a registered ship, a ship under construction or an aircraft, a right in such an object or a right in such a right is subjected to the requirement of consent, sections 32 and 33 shall apply mutatis mutandis.

### Section 278
### Funds for the Debtor's Livelihood

(1) The debtor may draw, from the insolvency estate, funds for himself and the family members mentioned in section 100 (2), second sentence, that permit the debtor a modest livelihood with respect to his former living conditions.

(2) If the debtor is not a natural person, subsection (1) shall apply mutatis mutandis to the debtor's partners with personal liability entitled to represent him.

### Section 279
### Mutual Contracts

The provisions governing the performance of transactions and the cooperation of the works council (sections 103 to 128) shall apply with the proviso that the insolvency administrator be replaced by the debtor. The debtor shall exercise his rights under such provisions with the concurrence of the insolvency monitor. The exercise of the rights under sections 120, 122 and 126 shall require the insolvency monitor's consent to become legally effective.

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

### Section 280
### Liability. Contest of the Debtor's Transactions in Insolvency Proceedings

Only the insolvency monitor may claim any liability to the credit of the insolvency estate under sections 92 and 93 and contest the debtor's transactions under sections 129 to 147.

### Section 281
### Notification of Creditors

(1) The debtor shall establish the record of the insolvency estate, the record of creditors and the survey of property (sections 151 to 153). The insolvency monitor shall verify such records and survey and give a written statement for each as to whether the result of his verification gives rise to objections.

(2) During the report meeting the debtor shall give the report. The insolvency monitor shall comment on the report.

(3) Accounting (sections 66 and 155) shall be incumbent on the debtor. Subsection (1), second sentence, shall apply mutatis mutandis to the debtor's final accounts.

### Section 282
### Disposition of Securities

(1) The insolvency administrator's right to dispose of objects subject to rights to separate satisfaction shall be vested in the debtor. However, costs for the determination of such objects and of the rights to such objects shall not be charged. Only the costs actually arising and necessary for the disposition and the amount of turnover tax may be counted as costs of disposition.

(2) The debtor shall exercise his right to disposition with the concurrence of the insolvency monitor.

### Section 283
### Satisfaction of the Insolvency Creditors

(1) In examining claims, in addition to the insolvency creditors the debtor and the insolvency monitor may deny claims which have been filed. A claim contested by an insolvency creditor, by the debtor or by the insolvency monitor shall be deemed not determined.

(2) Distributions shall be effected by the debtor. The insolvency monitor shall verify each distribution record and give a written statement for each record as to whether the result of his verification gives rise to objections.

### Section 284
### Insolvency Plan

(1) Any charge on the part of the creditors' assembly to establish an insolvency plan shall be directed to the insolvency monitor or the debtor. If the charge is directed to the debtor, the insolvency monitor shall serve as advisor.

(2) Monitoring of implementation of the plan shall be incumbent on the insolvency monitor.

### Section 285
### Insufficiency of Assets

The insolvency monitor shall inform the insolvency court of the insufficiency of the assets.

### Part Eight
### Discharge of Residual Debt

### Section 286
### Policy

If the debtor is a natural person, he shall be discharged under sections 287 to 303 of his obligations not performed by way of the insolvency proceedings and due to the insolvency creditors.

### Section 287
### Debtor's Request

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

(1) Discharge of residual debt shall require a request on the part of the debtor, which should be joined with his request to open the insolvency proceedings. If it is not joined with the latter, it shall be submitted within two weeks of the reference in accordance with section 20 subsection (2).

(2) Such request shall be accompanied by a statement assigning the debtor's garnishable claims to emoluments due to him on account of his employment or to emoluments replacing them to a trustee to be appointed by the court for a period of six years following opening of the insolvency proceedings. If the debtor had assigned or pledged such claims to a third party already prior to his request, he shall indicate such assignment or pledge in his statement.

(3) Agreements excluding, making dependent on a condition, or otherwise restricting the assignment of claims on the part of the debtor to payments resulting from employment or current payments in lieu shall be ineffective insofar as they would obstruct or be detrimental to the declaration of assignment pursuant to subsection (2), first sentence.

## Section 288
### Right of Proposal

The debtor and the creditors may propose to the insolvency court as trustee a natural person suited to the individual case at hand.

## Section 289
### Decision by the Insolvency Court

(1) The insolvency creditors and the insolvency administrator shall be heard in respect of the debtor's request at the final meeting. The insolvency court shall decide by order in respect of the debtor's request.

(2) Against such an order an immediate appeal shall be available to the debtor and any insolvency creditor requesting refusal of the discharge of residual debt at the final meeting. The insolvency proceedings shall not be terminated before the order has become final. The final order shall be published together with the order terminating the insolvency proceedings.

(3) If the insolvency proceedings are discontinued, discharge of residual debt may only be granted if, after notification of the insufficiency of the assets pursuant to section 209, the insolvency estate has been distributed and the proceedings are discontinued pursuant to section 211. Subsection (2) shall apply with the proviso that discontinuation shall replace termination of the proceedings.

## Section 290
### Refusal of Discharge of Residual Debt

(1) The order shall refuse discharge of residual debt if such refusal has been requested by an insolvency creditor at the final meeting and if

1.  the debtor has received a final verdict for commission of a criminal offence under sections 283 to 283c of the Criminal Code (Strafgesetzbuch);

2.  the debtor by wanton act or gross negligence has given a false or incomplete statement on his economic condition in writing in the last three years prior to the request to open the insolvency proceedings or subsequent to this request in order to obtain a loan or grants from public funds or to avoid making payments to public funds;

3.  the debtor has obtained discharge of residual debt in the last ten years prior to the request to open the insolvency proceedings or subsequent to this request, or if such request has been refused pursuant to sections 296 or 297;

4.  the debtor by wanton act or gross negligence has impaired the satisfaction of the insolvency creditors in the last year prior to the request to open insolvency proceedings, or subsequent to this request, by entering into inappropriate obligations, by wasting property or by delaying the opening of the insolvency proceedings without any expectancy of an improved economic condition;

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

5.        the debtor by wanton act or gross negligence has infringed the obligations of disclosure or cooperation under this Statute during the insolvency proceedings; or

6.        in the lists of his property, income, creditors and claims against him, which are to be submitted pursuant to section 305 subsection (1) no. 3, the debtor has by wanton act or gross negligence made false or incomplete statements.

(2) A creditor's request of refusal shall be admissible only if a reason why a discharge of residual debt should be refused is shown to the satisfaction of the court.

## Section 291
### Notification of Discharge of Residual Debt

(1) Unless any of the conditions mentioned at section 290 exist, the court shall state in its order that the debtor will achieve discharge of his residual debt if he meets his obligations under section 295 and the preconditions for refusal pursuant to sections 297 or 298 do not pertain.

(2) In such same order the court shall appoint the trustee in whom the debtor's garnishable emoluments will be vested in accordance with the latter's statement of assignment (Section 287 subsection (2)).

## Section 292
### Legal Status of Trustee

(1) The trustee must bring the assignment to the notice of the person obliged to pay the emoluments. Insofar as the costs of the proceedings which have been deferred in accordance with section 4a have been corrected by deducting the cost of appointing counsel, he must keep separate the amounts received under such assignment and any other payments contributed by the debtor or third parties from his own property and distribute them annually to the insolvency creditors as directed by the final record. Section 36 subsection (1), second sentence, and subsection (4) shall apply mutatis mutandis. From the sums which he receives from the assignment, as well as from the other payments, he shall pay the debtor on expiry of a period of four years from termination of the insolvency proceedings ten per cent, and on expiry of a period of five years from termination, fifteen per cent. If the costs of the proceedings deferred in accordance with section 4a have not yet been corrected, money shall only be transferred to the debtor if his income does not exceed the amount calculated in accordance with section 115 subsection (1) of the Code of Civil Procedure.

(2) The creditor's assembly may also charge the trustee with monitoring the debtor meeting his obligations. In such a case the trustee shall inform the creditors immediately upon determining an infringement of such obligations. The trustee shall only be obliged to carry out monitoring if the additional payment for this is either covered or advanced.

(3) The trustee shall render account to the insolvency court upon expiry of his office Sections 58 and 59 shall apply mutatis mutandis, whilst section 59 shall, however, apply with the proviso that any creditor of the insolvency proceedings may request dismissal of the trustee and any creditor of the insolvency proceedings may bring an immediate appeal.

## Section 293
### Trustee' s Remuneration

(1) The trustee shall be entitled to remuneration in consideration of his activity and to reimbursement of appropriate expenses. Such remuneration shall take into account the time and scope of the trustee's activity.

(2) Section 63 subsection (2) and sections 64 and 65 shall apply mutatis mutandis.

## Section 294
### Equal Treatment of Creditors

(1) Executions for individual insolvency creditors into the debtor's property shall be prohibited during the period of the latter's statement of assignment.

(2) Any agreement between the debtor or other persons and individual insolvency creditors providing for the latters' advantage shall be void.

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

(3) Against the claim to emoluments covered by the statement of assignment the obligated person may set off only a claim against the debtor qualifying for set-off under section 114 subsection (2) if the insolvency proceedings were continued.

### Section 295
### Obligations of the Debtor

(1) During the period of the statement of assignment the debtor shall be obliged to

    1.    engage in adequate gainful employment or, if he is unemployed, to seek such employment and not refuse any reasonable activity;

    2.    transfer to the trustee half the value of property acquired by him by way of succession or with respect to his future status as heir;

    3.    inform the insolvency court and the trustee immediately of any change of residence or place of employment, not conceal any emoluments covered by the statement of assignment or any property covered by no. 2. and disclose to the court and the trustee at their request his gainful employment or his efforts to find such employment as well as his emoluments and his property;

    4.    make payments to satisfy the insolvency creditors only to the trustee, and not provide an individual creditor with an advantage.

(2) If the debtor is self-employed, he shall be obliged to satisfy the insolvency creditors by payments to the trustee as if he were in adequate employment.

### Section 296
### Contravention of Obligations

(1) At the request of an insolvency creditor the insolvency court shall refuse discharge of residual debt if the debtor contravenes any of his obligations during the period of the statement of assignment and thereby impairs satisfaction of the insolvency creditors; this shall not apply to debtors without faulty conduct. Such request may be filed only within one year of the date when the creditor became aware of the contravention of an obligation. It shall be admissible only if the facts mentioned in the first and second sentences are shown to the satisfaction of the court.
(2) Prior to its decision on the request, the court shall hear the trustee, the debtor and the insolvency creditors. The debtor shall provide information concerning fulfilment of his obligations and at the request of the creditor confirm the correctness of his disclosure by an affidavit. If without a reasonable excuse he does not provide the disclosure or the affidavit within the deadline set for him, or does not appear at a meeting docketed by the court for him to provide the information or the affidavit, although properly summoned and without giving a reasonable excuse, discharge of residual debt shall be refused.
(3) The requesting party and the debtor may bring an immediate appeal against the decision. Refusal of discharge of residual debt shall be published.

### Section 297
### Insolvency Offences

(1) At the request of a creditor in the insolvency proceedings, the insolvency court shall refuse discharge of residual debt if in the period between the final meeting and termination of the insolvency proceedings, or during the period of the statement of assignment the debtor received a final verdict for commission of a criminal offence under sections 283 to 283c of the Criminal Code.
(2) Section 296 subsection (1), second and third sentences, and subsection (3) shall apply mutatis mutandis.

### Section 298
### Coverage of the Trustee's Minimum Remuneration

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

(1) At the trustee's request the insolvency court shall refuse discharge of residual debt if the amounts received by him for the preceding year of his effort do not cover minimum remuneration and if the debtor does not pay the uncovered amount although the trustee has requested the debtor's payment in writing within a period of not less than two weeks indicating the possibility that the debtor's discharge of residual debt may be refused. This shall not apply if the costs of the insolvency proceedings were deferred in accordance with section 4a.

(2) The debtor shall be heard prior to the decision. The court shall not refuse discharge of residual debt if the debtor at the court's request pays the uncovered amount to the trustee within two weeks or the amount is deferred in accordance with section 4a.

(3) Section 296 subsection (3) shall apply mutatis mutandis.

## Section 299
### Expiry before Date

If discharge of residual debt is refused under sections 296, 297 or 298, the period of the statement of assignment, the trustee's office and any limitation of the creditors' rights shall expire as soon as the decision of the court becomes final.

## Section 300
### Decision on Discharge of Residual Debt

(1) If the period of the statement of assignment has expired without expiry before date, the insolvency court shall decide by order on granting a discharge of residual debt, after hearing the insolvency creditors, the trustee and the debtor.

(2) At the request of an insolvency creditor, under the conditions mentioned at section 296 subsection (1), or subsection (2), third sentence, or section 297, or at the trustee's request, the insolvency court shall refuse discharge of residual debt under the conditions mentioned at section 298.

(3) The order shall be published. The debtor and each creditor who at the hearing referred to in subsection (1) requested that discharge of residual debt be refused may bring an immediate appeal against such decision.

## Section 301
### Effect of Discharge of Residual Debt

(1) If a discharge of residual debt is granted, it shall become binding upon all insolvency creditors. Such binding effect shall also apply to those creditors who have not filed their claims.

(2) The rights of the insolvency creditors against the debtor's co-obligors and guarantors and their rights deriving from a registered priority notice securing them or from a right entitling them to separate satisfaction in insolvency proceedings shall remain unaffected by discharge of residual debt. The debtor, however, shall be discharged of claims of co-obligors, guarantors or any other redressing party against himself in the same way as he is discharged of the claims of the insolvency creditors.

(3) If a creditor without entitlement to satisfaction under discharge of residual debt is satisfied, he shall not be held liable to restitution.

## Section 302
### Excepted Claims

The grant of discharge of residual debt shall leave unaffected:

1.    obligations of the debtor incumbent on him under a tort committed by wanton act, insofar as the creditor had registered the corresponding claim in accordance with section 174 subsection (2), stating this legal reason;

2.    the debtor's fines as well as his obligations equal to such fines under section 39 subsection (1) no. 3;

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

3.         liabilities from interest-free loans granted to the debtor to pay the costs of the insolvency proceedings.

### Section 303
### Retraction of Discharge of Residual Debt

(1) At the request of an insolvency creditor, the insolvency court shall retract the grant of discharge of residual debt if it is subsequently found that the debtor has infringed one of his obligations by wanton act and thereby impaired the satisfaction of the insolvency creditors to a considerable extent.

(2) Such request of a creditor shall be admissible only if it is filed within one year after the decision on granting discharge of residual debt became final and if the creditor shows to the satisfaction of the court that the prerequisites under subsection (1) exist and that he was not aware of such prerequisites before the decision of the court became final.

(3) The debtor and the trustee shall be heard prior to the decision. The requesting party and the debtor may bring immediate appeal against such decision. The decision retracting discharge of residual debt shall be published.

### Part Nine
### Consumer Insolvency Proceedings and Other Minor Proceedings

### Chapter One
### Scope of Application

### Section 304
### Policy

(1) If the debtor is a natural person who pursues or has pursued no self-employed business activity, the general provisions shall apply to the proceedings insofar as nothing else is provided in this part. If the debtor has pursued self-employed business activity, the first sentence shall apply if his assets are comprehensible and no claims exist against him from employment.

(2) The assets shall be comprehensible within the meaning of subsection (1), second sentence, only if the debtor has fewer than twenty creditors at the time the request is made to open the insolvency proceedings.

### Chapter Two
### Plan for the Settlement of Debts

### Section 305
### Debtor's Request to open Insolvency Proceedings

(1) With the application to be filed in writing, the debtor shall submit the following with the request to open insolvency proceedings (section 311) or immediately subsequent to this request:

1.         a certificate issued by a suitable person or agency from which emerges that within the last six months prior to the request to open insolvency proceedings an unsuccessful attempt has been made to settle out of court with the creditors on the basis of a plan; the plan shall be enclosed and the primary reasons for its failure shall be explained; the Länder may determine which persons or agencies are to be regarded as suitable;

2.         the request for grant of discharge of residual debt (section 287), or the declaration that discharge of residual debt is not to be applied for;

3.         a record of available assets and income (record of assets), a summary of the main content of this record (overview of the assets), a record of the creditors and a record of the claims against the debtor; the records and the overview of the assets shall also include a declaration that their contents are correct and complete;

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

4.      a plan for the settlement of debts; this may contain all provisions which are suited to lead to an appropriate settlement of debts when account is taken of the interests of the creditors, as well as of the debtor's assets, income and family circumstances; the plan shall include whether and to what extent sureties, pledges and other securities pertaining to the creditors are to be affected by the plan.

(2) The record of claims pursuant to subsection (1) no. 3 may also refer to enclosed statements of claims made by the creditors. At the request of the debtor, the creditors shall be obliged to provide the debtor with a written statement of their claims against him, at their expense, in order to aid him in preparing the record of claims; in particular, they shall state the extent of their claims and their categorization in main claim, interest and costs. The request on the part of the debtor must include a reference to a request to open insolvency proceedings which has already been filed with a court, or the filing of which is intended in the near future.

(3) If the debtor has not submitted all the declarations and documents specified in subsection (1), the insolvency court shall request him to supply the missing parts immediately. If the debtor does not comply with this request within one month, his request to open insolvency proceedings shall be regarded as having been retracted. In cases falling under section 306 subsection (3), third sentence, the period shall be three months.

(4) In the proceedings in accordance with this Chapter, the debtor may be represented before the insolvency court by a suitable person or by a member of an agency recognized as suitable within the meaning of subsection (1) no. 1. Section 174 subsection (1), third sentence, shall apply mutatis mutandis to the creditor's representative.

(5) In order to simplify the consumer insolvency proceedings, by virtue of a statutory instrument and with the approval of the Bundesrat, the Federal Ministry of Justice shall be entitled to introduce for the persons concerned forms for the certificates, applications, lists and plans to be submitted in accordance with subsection (1) nos. 1 to 4. Where forms are introduced in accordance with the first sentence the debtor must use them. Different forms may be introduced for proceedings in courts that process the proceedings automatically and for proceedings in courts that do not process the proceedings automatically.

## Section 305a
### Failure of Out-of-Court Debt Settlement

An attempt to reach an out-of-court agreement with the creditors regarding settlement of debts shall be considered to have failed if a creditor requests coercive execution after the negotiations regarding out-of-court settlement of debts have been initiated.

## Section 306
### Suspension of Proceedings

(1) The proceedings relating to the request to open insolvency proceedings shall be suspended until the decision is taken on the plan for the settlement of debts. This period shall not exceed three months. After hearing the debtor, the court shall order the continuation of the proceedings regarding the request to open proceedings if in accordance with his freely-formed conviction the debt settlement plan is likely not to be accepted.

(2) Subsection (1) shall not be a hindrance to the ordering of safeguards. If the proceedings are suspended, the debtor shall submit the number of duplicates of the debt settlement plan and of the record of assets required for service within two weeks of being called on to do so by the court. Section 305 subsection (3), second sentence, shall apply mutatis mutandis.

(3) If a creditor requests opening of proceedings, the insolvency court shall give the debtor the opportunity prior to the decision on opening to also file a request. If the debtor files a request, subsection (1) shall also apply to the creditor's request. In this case, the debtor shall initially attempt to reach an out-of-court agreement in accordance with section 305 subsection (1) no. 1.

## Section 307
### Service on the Creditors

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

(1) The insolvency court shall serve on the creditors named by the debtor the plan for the settlement of debts, as well as the overview of assets, and at the same time shall request the creditors to comment on the records specified in section 305 subsection (1) no. 3 and the plan for the settlement of debts within a deadline of one month; the creditors shall be informed that the records have been deposited at the insolvency court for viewing. At the same time, with express reference to the legal consequences of section 308 (3), second sentence, each creditor shall be given the opportunity to examine the information on his claims in the record of claims, which has been deposited for viewing at the insolvency court within the period set in the first sentence and where necessary to make additions. Section 8 subsection (1), second and third sentences, and subsections (2) and (3) shall not apply to service pursuant to the first sentence.

(2) If the comment of a creditor pursuant to subsection (1), first sentence, does not arrive at the court within the deadline set, this shall be deemed as approval of the plan for the settlement of debts. This must be pointed out in the request for comment.

(3) Once the deadline set according to subsection (1), first sentence, has expired, the debtor shall be given the opportunity to amend or make additions to the plan for the settlement of debts within a deadline to be set by the court if this is necessary on the basis of the comments of one of the creditors or seems sensible in the interest of a mutually agreed settlement of debts. If necessary, the amendments or additions are to be served on the creditors. Subsection (1), first and third sentences, and subsection (2) shall apply mutatis mutandis.

## Section 308
## Acceptance of the Plan for the Settlement of Debts

(1) If no creditor has objected to the plan for the settlement of debts, or if agreement is replaced pursuant to section 309, the plan for the settlement of debts shall be deemed to be approved; the insolvency court shall determine this by means of an order. The plan for the settlement of debts shall have the effect of a settlement within the meaning of section 794 subsection (1) no. 1 of the Code of Civil Procedure. The creditors and the debtor shall be served with a copy of the plan for the settlement of debts and of the order mentioned in the first sentence.

(2) The requests to open insolvency proceedings and to grant discharge of residual debt shall be regarded as retracted.

(3) If claims are neither included in the debtor's record nor subsequently taken into account when the plan for the settlement of debts is prepared, the creditors may demand that the debtor comply with these claims. This shall not apply to the extent that a creditor has not added to the information on his claim in the record of claims deposited for viewing at the insolvency court within the period set, in spite of the fact that the plan for the settlement of debts was sent to him and the claim had come into existence prior to expiry of the deadline; in this respect, the claim shall become void.

## Section 309
## Replacement of Approval

(1) If the plan for the settlement of debts has been approved by more than half the named creditors, and if the total of the claims of those creditors who have given approval amounts to more than half the claims of the named creditors, at the request of a creditor or of the debtor, the insolvency court shall replace the objections of a creditor to the plan for the settlement of debts with agreement. This shall not apply if

1.       the creditor who has raised objections is not taken into account to an appropriate extent in relation to the other creditors, or

2.       this creditor is likely to be placed at an economic disadvantage by the plan for the settlement of debts in comparison to the implementation of the procedure for opening insolvency proceedings and discharge of residual debt; in cases of doubt, the income,

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

assets and family circumstances of the debtor at the time of the request pursuant to the first sentence shall be taken as the basis during the whole period of the proceedings.

(2) The creditor shall be heard prior to the decision. He must show to the satisfaction of the court the reasons which pursuant to subsection (1), second sentence, stand in the way of replacement of his objections by approval. The party making the request and the creditor whose agreement is being replaced may bring an immediate appeal. Section 4a subsection (2) shall apply mutatis mutandis.

(3) If the creditor shows to the satisfaction of the court facts giving rise to serious doubts as to whether a claim stated by the debtor exists or comes to an amount which is higher or lower than that stated, and if the outcome of the dispute is decisive in respect of whether the creditor is suitably taken into account in comparison to the other creditors (subsection (1), second sentence, no. 1), approval of this creditor may not be replaced.

**Section 310**
**Costs**

The creditors shall have no claim on the debtor for defrayal of the costs incurred by them in connection with the plan for the settlement of debts.

**Chapter Three**
**Simplified Insolvency Proceedings**

**Section 311**
**Initiation of the Proceedings concerning Opening of the Insolvency Proceedings**

If objections are raised to the plan for the settlement of debts which are not replaced by court approval pursuant to section 309, the proceedings concerning opening of insolvency proceedings shall be reopened ex officio.

**Section 312**
**General Procedural Simplifications**

(1) Public announcements shall be effected by means of excerpts; section 9 subsection (2) shall not apply. When the insolvency proceedings are opened, in contrast to what applies at section 29, only the verification meeting shall be docketed. If the proceedings are opened at the request of the debtor, the period named in section 88 shall be three months.

(2) The provisions concerning the insolvency plan (sections 217 to 269) and on debtor-in-possession management (sections 270 to 285) shall not apply.

**Section 313**
**Trustee**

(1) The duties of the insolvency administrator shall be assumed by the trustee (section 292). In contrast to section 291 subsection (2), the latter shall be appointed when the insolvency proceedings are opened. Sections 56 to 66 shall apply mutatis mutandis.

(2) It is not the trustee who is entitled to contest transactions pursuant to sections 129 to 147 but every creditor of the insolvency proceedings. The costs incurred by the creditor are to be refunded first from the proceeds. The creditors' assembly may commission the trustee or a creditor to contest. If the creditors' assembly has commissioned a creditor to contest the transaction, any costs incurred by him shall be refunded out of the insolvency estate if they cannot be covered from the proceeds.

(3) The trustee shall not be entitled to dispose of objects in respect of which there are pledges or other special rights. The creditor shall have the right of disposition. Section 173 subsection (2) shall apply mutatis mutandis.

**Section 314**
**Simplified Distribution**

(1) At the request of the trustee, the insolvency court shall order waiver of disposition of the insolvency estate, either in whole or in part. In this case, it shall also instruct the debtor to pay a sum to the trustee within a period set by the court in accordance with the value of the

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

assets which would have had to be distributed to the insolvency creditors. The order shall not be given if disposition of the insolvency estate appears to be necessary, particularly in the interest of the creditors.

(2) The insolvency creditors shall be heard prior to the decision.

(3) The decision on a request on the part of the debtor for discharge of residual debt to be granted (sections 289 to 291) shall not be taken until expiry of the deadline set pursuant to subsection (1), second sentence. At the request of one of the insolvency creditors, the court shall refuse to grant discharge of residual debt if the amount payable pursuant to subsection (1), second sentence, has not been paid even subsequent to expiry of a further deadline of two weeks set by the court with reference to the possibility of refusing to grant discharge of residual debt. The debtor shall be heard prior to a decision being taken.

**Part Ten**
**Special Types of Insolvency Proceeding**

**Chapter One**
**Insolvency Proceedings of a Decedent's Estate**

**Section 315**
**Local Jurisdiction**

The insolvency court in whose district a decedent had his place of general jurisdiction at the time of his death shall have exclusive local jurisdiction for the insolvency proceedings to be opened for his estate. If the decedent had the centre of his self-employed business activity in a different place, the insolvency court in whose district such place is located shall have exclusive jurisdiction.

**Section 316**
**Admissibility of the Opening of Insolvency Proceedings**

(1) The opening of the insolvency proceedings shall not be barred by the fact that the heir has not yet accepted devolution of the estate on himself or that he is subject to unlimited liability for the obligations incumbent on the estate.

(2) If there are several heirs, the insolvency proceedings may also be opened subsequent to division of the estate.

(3) There shall be no insolvency proceedings in respect of a portion of an estate.

**Section 317**
**Persons Entitled to Request the Opening of Proceedings**

(1) The opening of the insolvency proceedings relating to a decedent's estate may be requested by any heir, by the administrator of the estate or by any other guardian, by an executor entitled to manage the estate and by any creditor of the estate.

(2) If the request is not made by all heirs, it shall be admissible if the reason to open the insolvency proceedings is shown to the satisfaction of the court. The insolvency court shall hear the other heirs.

(3) If the administration of the estate is incumbent on an executor, the insolvency court shall hear the executor if the heir has made the request, and the heir, if the executor has made the request, respectively.

**Section 318**
**Entitlement to make a Request for the Joint Marital Property**

(1) If the estate forms part of the joint marital property of a community, the spouse who is the heir and the other spouse who is not the heir but who administers the joint marital property alone or together with the other spouse may request the opening of the insolvency proceedings relating to such estate. The consent of the other spouse shall not be required. The spouses shall retain the right to make a request even if the community is terminated.

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

(2) If the request is not brought by both spouses, it shall be admissible if a reason to open insolvency proceedings is shown to the satisfaction of the court. The insolvency court shall hear the dissenting spouse.

## Section 319
### Request Deadline

The request of a creditor of the estate to open the insolvency proceedings shall be not admissible if a period of two years has elapsed since the heir accepted devolution of the estate on himself.

## Section 320
### Reasons for Opening

The estate's insolvency and overindebtedness shall be reasons to open the insolvency proceedings. If the opening of the insolvency proceedings is requested by the heir, by the administrator of the estate, by a guardian or by an executor, imminent insolvency shall also be a reason to open the insolvency proceedings.

## Section 321
### Execution following Succession

Measures of execution against the estate which were effected following succession shall not entitle a creditor to separate satisfaction.

## Section 322
### Contestable Transactions on the Part of the Heir

If the heir has satisfied claims of descendants to a compulsory portion, legacies or bequests prior to the opening of the insolvency proceedings, such transaction may be contested in the same manner as a gratuitous benefit granted by the heir.

## Section 323
### The Heir's Expenses

The heir may not withhold satisfaction of any obligations incumbent on him because of the expenses which are to be reimbursed to him from the estate in accordance with sections 1978 and 1979 of the Civil Code.

## Section 324
### Debts Incumbent on the Estate

(1) In addition to the debts mentioned at sections 54 and 55 the following debts shall be deemed as debts incumbent on the estate:

1.	expenses to be reimbursed to the heir from the estate in accordance with sections 1978 and 1979 of the Civil Code;

2.	the costs of the decedent's funeral;

3.	costs incumbent on the estate incurred for the proceedings to have the decedent's death declared;

4.	costs incurred for the disclosure of the decedent's will, for the estate's judicial arrestment, for the guardianship of such estate, for the offer to the creditors of the estate to file their claims and for the establishment of an inventory;

5.	obligations under transactions made by the estate's guardian or by an executor;

6.	obligations incurred in the management of the estate by its guardian, by an executor or by an heir who has not accepted the devolution of the estate on himself incumbent on the heir to the extent that such obligations would be incumbent on the creditors of the estate upon the designated persons' management of affairs on their behalf.

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

(2) In the case of insufficiency of assets, the obligations mentioned at subsection (1) shall have the rank specified under section 209 subsection (1) no. 3.

### Section 325
### Obligations Incumbent on the Estate

In insolvency proceedings opened for an estate only the obligations incumbent on the estate may be claimed.

### Section 326
### The Heir's Claims

(1) The heir may claim his rights entitling him against the decedent.

(2) If the heir has performed an obligation incumbent on the estate, and if his performance is not deemed as having been made for the account of the estate under section 1979 of the Civil Code, he shall replace the creditor unless he is subject to unlimited liability to the obligations incumbent on the estate.

(3) If the heir has unlimited liability to an individual creditor, he may claim the creditor's right if the creditor does not claim it.

### Section 327
### Lower-ranking Obligations

(1) The following shall be satisfied as obligations ranking below the obligations mentioned at section 39, in the following order, and equal-ranking obligations in proportion to their amount:

1.    obligations towards descendants entitled to a compulsory portion;

2.    obligations under the legacies and bequests ordered by the decedent in his will.

(2) A legacy excluding the legal entitlement of a descendant under section 2307 of the Civil Code shall rank among the legal entitlements of descendants as far as it does not exceed such legal entitlement. If the decedent has ordered in his will the satisfaction of a legacy or bequest prior to another legacy or bequest, such legacy or bequest shall prevail.

(3) An obligation whose creditor has been excluded under the proceedings offering the creditors of the estate to file their claims or ranking among the excluded creditors under section 1974 of the Civil Code shall be satisfied only after the obligations mentioned at section 39 and, if it forms part of the obligations under subsection (1), after the obligations with which it would have been identical. In other respects, such restrictions shall not affect the order of claims.

### Section 328
### Restituted Objects

(1) Any object restituted to the insolvency estate due to contest of the transaction made by the decedent or made with respect to him may not be used for satisfaction of the obligations mentioned at section 327 subsection (1).

(2) Any property to be reimbursed to the insolvency estate by the heir under sections 1978 to 1980 of the Civil Code may only be claimed by creditors excluded under the proceedings offering the creditors of the estate to file their claims or ranking among the excluded creditors under section 1974 of the Civil Code to the extent to which the heir would be liable to restitution of such property under the provisions governing the restitution of an unjust enrichment.

### Section 329
### Revisionary Succession

Sections 323, 324 subsection (1) no. 1 and 326 subsections (2) and (3) shall also apply to a limited heir after the revisionary heir has succeeded to the decedent's estate.

### Section 330
### Purchase of a Decedent's Estate

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

(1) If the heir has sold the decedent's estate, he shall be replaced by the purchaser for the insolvency proceedings.

(2) The heir may request the opening of the insolvency proceedings like a creditor of the decedent's estate with respect to an obligation incumbent on the decedent's estate which is incumbent on the purchaser under his contractual relationship with the heir. The heir shall have the same right with respect to another obligation incumbent on the decedent's estate unless the heir is subject to unlimited liability or administration of the estate was ordered. Sections 323, 324 subsection (1) no. 1 and 326 shall also apply to the heir subsequent to the latter's sale of the decedent's estate.

(3) Subsections (1) and (2) shall apply mutatis mutandis to cases where a person has sold an estate acquired by means of a contract, or in some other way obligated himself to sell an estate acquired by him by law or in another way.

## Section 331
### Simultaneous Insolvency of the Heir

(1) In the insolvency proceedings concerning the property of the heir, if insolvency proceedings have also been opened in respect of the estate or if administration of the estate is ordered, sections 52, 190, 192, 198 and 237 subsection (1), second sentence, shall apply mutatis mutandis to creditors to the estate regarding whom the heir has unlimited liability.

(2) The same shall apply if a spouse is the heir and the estate is part of the joint marital property which is administered solely by the other spouse, also in insolvency proceedings relating to the property of the other spouse and, if the joint marital property is administered jointly by the spouses, also in insolvency proceedings relating to the joint marital property and in insolvency proceedings relating to other property of the spouse who is not the heir.

## Chapter Two
### Insolvency Proceedings relating to the
### Joint Marital Property of a Continued Community

## Section 332
### Referral to Insolvency Proceedings opened for an Estate

(1) In the case of continued community, sections 315 to 331 shall apply mutatis mutandis to the insolvency proceedings relating to the joint property.

(2) Only those creditors whose claims existed as obligations on the joint property when continued community was established shall be creditors to the insolvency proceedings.

(3) Descendants with partial entitlement shall not be entitled to request the opening of proceedings. They shall, however, be heard by the insolvency court in the case of a request to open proceedings.

## Chapter Three
### Insolvency Proceedings relating to the
### Jointly Administered Marital Property of a Community

## Section 333
### Right to file a Request. Grounds for Opening Proceedings

(1) Any creditor who can demand fulfilment of an obligation from the joint property shall be entitled to request the opening of insolvency proceedings in relation to the joint property administered jointly by the spouses.

(2) Any spouse shall also be entitled to file a request. If the request is not filed by both spouses, it shall be admissible if the insolvency of the joint property is shown to the satisfaction of the court; the insolvency court shall hear the other spouse. If the request is filed by both spouses, imminent insolvency shall also constitute grounds for opening proceedings.

## Section 334
### Personal Liability of the Spouses

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

(1) During the insolvency proceedings, personal liability of the spouses for obligations the fulfilment of which can be demanded from the joint property may be claimed only by the insolvency administrator or insolvency monitor.

(2) In the case of an insolvency plan, section 227 subsection (1) shall apply mutatis mutandis to the personal liability of the spouses.

## Part Eleven
## International Insolvency Law

### Chapter One
### General Provisions

### Section 335
### Policy

Unless otherwise provided, the insolvency proceedings and their effects shall be subject to the law of the state in which the proceedings have been opened.

### Section 336
### Contract on an Immovable

The effects of the insolvency proceedings on a contract relating to a right in rem in an immovable object or a right to use an immovable object shall be subject to the law of the state in which the object is situated. With an article entered in the register of ships and the register of ships under construction, as well as in the register of liens on aircraft, the law of the state under whose supervision the register is kept shall be relevant.

### Section 337
### Employment

The effects of the insolvency proceedings on employment shall be subject to the law which is relevant to the employment in accordance with Regulation (EC) No 593/2008 of the European Parliament and of the Council of 17 June 2008 on the law applicable to contractual obligations (Rome I) (OJ EC L 177 of 4.7.2008, p. 6).

### Section 338
### Set-off

The right of an insolvency creditor to set off shall remain unaffected by the opening of insolvency proceedings if in accordance with the law applicable to the debtor's claim he is entitled to set off at the time of opening the insolvency proceedings.

### Section 339
### Contest of Transactions in Insolvency Proceedings

A transaction may be contested if the preconditions for contesting insolvency are met in accordance with the law of the state of the opening of proceedings unless the opponent of the contest demonstrates that the law of another state is relevant for the transaction and the transaction is by no means contestable in accordance with this law.

### Section 340
### Organized Markets. Pension Transactions

(1) The effects of the insolvency proceedings on the rights and duties of participants in an organized market in accordance with section 2 subsection (5) of the Securities Trading Act (Wertpapierhandelsgesetz) shall be subject to the law of the state which applies to this market.

(2) The effects of insolvency proceedings on pension transactions within the meaning of section 340b of the Commercial Code as well as on novation contracts and set-off agreements shall be subject to the law of the state which applies to these contracts.

(3) Subsection (1) shall apply mutatis mutandis to the participants in a system within the meaning of section 1 subsection (16) of the Banking Act (Kreditwesengesetz).

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

## Section 341
## Exercising Creditor Rights

(1) Each creditor can register his claims in the main insolvency proceedings and in each set of secondary insolvency proceedings.

(2) The insolvency administrator shall be entitled to register a claim in the proceedings to which he is appointed in other insolvency proceedings regarding the debtor's assets. The right of the creditor to reject or withdraw the registration shall remain unaffected thereby.

(3) The administrator shall be deemed to have been empowered to exercise the voting right from a claim registered in the proceedings to which he has been appointed in another set of insolvency proceedings regarding the assets of the debtor unless the creditor determines otherwise.

## Section 342
## Return. Imputation

(1) If an insolvency creditor by execution, by a payment on the part of the debtor or in another manner gains something at the expense of the insolvency estate from the assets which are not situated in the state of the opening of proceedings, he shall return what he has obtained to the insolvency administrator. The provisions on the legal consequences of unjustified enrichment shall apply mutatis mutandis.

(2) The insolvency creditor may retain what he has obtained in insolvency proceedings which have been opened in another state. He shall, however, not be accommodated in the distributions until the other creditors have the same rank.

(3) The insolvency creditor shall provide information on what he has obtained on request by the insolvency administrator.

## Chapter Two
## Foreign Insolvency Proceedings

## Section 343
## Recognition

(1) The opening of foreign insolvency proceedings shall be recognized. This shall not apply

1.        if the courts of the state of the opening of proceedings do not have jurisdiction in accordance with German law;

2.        where recognition leads to a result which is manifestly incompatible with major principles of German law, in particular where it is incompatible with basic rights.

(2) Subsection (1) shall apply mutatis mutandis to preservation measures taken after the request for the opening of insolvency proceedings, as well as to judgments handed down to implement or terminate recognized insolvency proceedings.

## Section 344
## Preservation Measures

(1) If a provisional administrator has been appointed abroad prior to opening of main insolvency proceedings, at his request the insolvency court with jurisdiction may order the measures in accordance with section 21 which appear necessary to preserve the assets covered by domestic secondary insolvency proceedings.

(2) The provisional administrator may also bring an immediate appeal against the order.

## Section 345
## Publication

(1) If the preconditions for recognition of opening of the proceedings apply, the insolvency court shall on request by the foreign insolvency administrator publish the notice of the judgment on the opening of the proceedings and the judgment on the appointment of the insolvency administrator on domestic territory. Section 9 subsections (1) and (2) and

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

section 30 subsection (1), first sentence, shall apply mutatis mutandis. If the opening of the insolvency proceedings has been published, termination shall be published in the same way.
(2) If the debtor has a registered office on domestic territory, public notice shall be effected ex officio. The insolvency administrator or a permanent representative in accordance with section 13e subsection (2), fifth sentence, no. 3 of the Commercial Code shall inform the insolvency court having jurisdiction in accordance with section 348 subsection (1).
(3) The application shall only be admissible if it can be substantiated that the actual preconditions for recognition of opening the proceedings apply. The administrator shall be provided with a copy of the order by means of which publication is ordered. The foreign administrator may bring an immediate appeal against the judgment of the insolvency court with which publication is rejected.

## Section 346
## Land Register

(1) If by opening the proceedings or by ordering preservation measures in accordance with section 343 subsection (2) or section 344 subsection (1) the debtor's right to transfer is restricted, the insolvency court shall on request by the foreign insolvency administrator request the Land Registry to enter the opening of the insolvency proceedings and the nature of the restriction of the debtor's right to transfer in the land register:

  1.        for any parcel of real estate with the debtor registered as owner;

  2.        for the debtor's registered rights to real estate or to registered rights if the type of such rights and the circumstances give rise to the suspicion that the insolvency creditors would be placed at a disadvantage without such entry.

(2) The application in accordance with subsection (1) shall only be admissible if it can be substantiated that the actual preconditions for the recognition of opening of the proceedings apply. The foreign administrator may bring an immediate appeal against the judgment of the insolvency court. Section 32 subsection (3), first sentence, shall apply mutatis mutandis to deletion of the entry.
(3) Subsections (1) and (2) shall apply mutatis mutandis to the entry of the opening of the proceedings in the register of ships, the register of ships under construction and the register of liens on aircraft.

## Section 347
## Proof of Appointment of the Administrator. Notification of the Court

(1) The foreign insolvency administrator shall prove his appointment by a certified duplicate of the judgment by means of which he has been appointed or by means of another certificate issued by the competent agency. The insolvency court may require a translation, which shall be certified by a person empowered to do so in the state of the opening of proceedings.
(2) The foreign insolvency administrator who has made a request in accordance with sections 344 to 346 shall inform the insolvency court of all essential changes in the foreign proceedings and of all further foreign insolvency proceedings known to him relating to the assets of the debtor.

## Section 348
## Insolvency Court with Jurisdiction. Cooperation between Insolvency Courts

(1) For the judgments in accordance with sections 344 to 346 the insolvency court shall have exclusive jurisdiction in whose district the registered office or, if there is no registered office, assets of the debtor are situated. Section 3 subsection (2) shall apply mutatis mutandis.
(2) If the conditions for recognition of foreign insolvency proceedings are met or clarification is required regarding whether those conditions are met, the insolvency court may cooperate with the foreign insolvency court, in particular when it comes to passing on information of importance in the foreign proceedings.
(3) The governments of the Länder shall be empowered for the purposes of expedient furtherance or expedited conduct of proceedings to allocate by means of a statutory

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

instrument the judgments in accordance with sections 344 to 346 for the districts of several insolvency courts to one of these for a ruling. The governments of the Länder may delegate such power to the judicial administrations of the Länder.

(4) The Länder may agree that the judgments in accordance with sections 344 to 346 are allocated for several Länder to the courts of one Land. If a request in accordance with sections 344 to 346 is received by a court not having jurisdiction, the latter shall forward the request without delay to the court with jurisdiction and shall inform the person filing the request thereof.

### Section 349
### Disposal of Immovables

(1) If the debtor has disposed of an object of the insolvency estate which is registered on domestic territory in the land register, register of ships, the register of ships under construction or in the register of liens on aircraft, or of a right in such an object, sections 878, 892 and 893 of the Civil Code, section 3 subsection (3), sections 16 and 17 of the Act Governing Rights in Registered Ships and Ships under Construction and section 5 subsection (3), as well as sections 16 and 17 of the Act Governing Rights in Aircraft shall apply.

(2) If to preserve a claim on domestic territory a priority notice has been entered in the land register, register of ships, the register of ships under construction or the register of liens on aircraft, section 106 shall remain unaffected.

### Section 350
### Performance in Favour of the Debtor

If the debtor received performance on domestic territory to settle an obligation although such obligation had to be performed to the credit of the insolvency estate of the foreign insolvency proceedings, the performing party shall be discharged of his obligation if he was unaware of the opening of the proceedings at the time of his performance. If such party performed his obligation prior to publication in accordance with section 345, he shall be presumed to have been unaware of the opening of the proceedings.

### Section 351
### Rights in Rem

(1) The right of a third party in an object of the insolvency estate which at the time of opening of the foreign insolvency proceedings was situated on domestic territory, and which in accordance with domestic law grants a right to separation or to separate satisfaction shall remain unaffected by the opening of the foreign insolvency proceedings.

(2) The effects of the foreign insolvency proceedings on rights of the debtor in immovables situated on domestic territory shall, notwithstanding section 336, second sentence, be determined in accordance with German law.

### Section 352
### Interruption and Joinder of an Action

(1) By opening foreign insolvency proceedings, an action shall be interrupted which is pending at the time of opening and concerns the insolvency estate. The interruption shall continue until the action is joindered by a person who in accordance with the law of the state of the opening of proceedings is entitled to continue the action, or until the insolvency proceedings have been terminated.

(2) Subsection (1) shall apply mutatis mutandis if the right to manage and transfer the debtor's assets is assigned to a provisional insolvency administrator by virtue of the ordering of preservation measures in accordance with section 343 subsection (2).

### Section 353
### Enforceability of Foreign Judgments

(1) On the basis of a judgment handed down in foreign insolvency proceedings, execution shall take place only if its admissibility is pronounced by an execution judgment. Section 722

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

subsection (2) and section 723 subsection (1) of the Code of Civil Procedure shall apply mutatis mutandis.

(2) Subsection (1) shall apply mutatis mutandis to the preservation measures named in section 343 subsection (2).

## Chapter Three
## Territorial Insolvency Proceedings relating to Domestic Assets

### Section 354
### Preconditions for Territorial Insolvency Proceedings

(1) If a German court does not have jurisdiction to open insolvency proceedings relating to all the assets of the debtor, but the debtor, however, has a registered office or other assets on domestic territory, on request from a creditor, separate insolvency proceedings shall be permissible with regard to the domestic assets of the debtor (territorial insolvency proceedings).

(2) If the debtor has no registered office on domestic territory, the request of a creditor to open territorial insolvency proceedings shall only be admissible if the latter has a particular interest in opening the proceedings, in particular if he is likely to fare much worse in foreign proceedings than in domestic proceedings. The particular interest is to be substantiated by the person filing the request.

(3) For the proceedings, the insolvency court shall have exclusive jurisdiction in whose district the registered office or, if there is no registered office, assets of the debtor are situated. Section 3 subsection (2) shall apply mutatis mutandis.

### Section 355
### Discharge of Residual Debt. Insolvency Plan

(1) The proceedings on discharge of residual debt shall not apply in territorial insolvency proceedings.

(2) An insolvency plan in which a suspension, a waiver or other restrictions on the rights of the creditors is provided for may only be approved in these proceedings if all the creditors concerned have agreed to the plan.

### Section 356
### Secondary Insolvency Proceedings

(1) Recognition of foreign main insolvency proceedings shall not exclude secondary insolvency proceedings relating to domestic assets. Sections 357 and 358 shall additionally apply to the secondary insolvency proceedings.

(2) The foreign insolvency administrator shall also be entitled to open the secondary insolvency proceedings.

(3) The proceedings shall be opened without the need to determine a reason for opening.

### Section 357
### Cooperation between the Insolvency Administrators

(1) The insolvency administrator shall inform the foreign administrator without delay of all circumstances which may be significant for the implementation of the foreign proceedings. He shall afford the foreign administrator the opportunity to submit proposals for the disposition or other use of the domestic assets.

(2) The foreign administrator shall be entitled to attend the creditors' assemblies.

(3) An insolvency plan shall be forwarded to the foreign administrator for a statement. The foreign administrator shall be entitled to submit his own plan. Section 218 subsection (1), second and third sentences, shall apply mutatis mutandis.

### Section 358
### Surplus Resulting from Final Distribution

Service provided by the Federal Ministry of Justice
in cooperation with juris GmbH – www.juris.de

If the full amount of all claims can be satisfied in final distribution in the secondary insolvency, the insolvency administrator shall transfer any remaining surplus to the foreign administrator of the main insolvency proceedings.

**Part Twelve**
**Entry into Force**

**Section 359**
**Referral to Introductory Act**

This Statute shall enter into force on the day determined by means of the Introductory Act to the Insolvency Statute (Einführungsgesetz zur Insolvenzordnung).