**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile:  (212) 697-1559
L. P. Harrison 3rd
Turner P. Smith
Peter J. Buenger

*Counsel for the Petitioner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 15 |
| PICKENPACK HOLDING GERMANY GMBH, | : | Case No. 16-_____(____) |
| Debtor in a Foreign Proceeding. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 15 |
| PICKENPACK EUROPE GMBH, | : | Case No. 16-_____(____) |
| Debtor in a Foreign Proceeding. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 15 |
| PICKENPACK PRODUCTION LÜNEBURG GMBH, | : | Case No. 16-_____(____) |
| Debtor in a Foreign Proceeding. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 15 |
| TST THE SEAFOOD TRADERS GMBH, | : | Case No. 16-_____(____) |
| Debtor in a Foreign Proceeding. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW IN SUPPORT OF VERIFIED PETITIONS**
**FOR RECOGNITION OF FOREIGN PROCEEDINGS PURSUANT TO**
**SECTIONS 1504, 1509, 1515, 1517, 1520, AND 1521 OF THE BANKRUPTCY CODE**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................1

FACTS ...................................................................................................................3

ARGUMENT ...........................................................................................................3

I.    The Pickenpack Entities are Eligible to be Debtors under Section 109(a) of
the Bankruptcy Code ...............................................................................3

II.    These Cases are Proper Under Chapter 15 .................................................4

    A.    The German Proceedings are Foreign Proceedings ...................................5

        i.    The German Proceedings are "Proceedings" ..................................6

        ii.    The German Proceedings are Both Judicial and
Administrative ...............................................................................6

        iii.    The German Proceedings are Collective in Nature ..........................7

        iv.    The German Proceedings are Located in a Foreign Country ...........8

        v.    The German Insolvency Act Relates to Insolvency or the
Adjustment of Debts ......................................................................9

        vi.    The German Proceedings Subject the Pickenpack Entities'
Assets and Affairs to a Foreign Court's Control or
Supervision ...................................................................................9

        vii.    The German Proceedings are for the Purpose of Liquidation ........10

    B.    The Cases Were Commenced by the Pickenpack Entities' Foreign
Representative ...............................................................................10

III.    The German Proceedings Should be Recognized as Foreign Main
Proceedings ...........................................................................................11

IV.    Alternatively, the German Proceedings Should be Recognized as Foreign
Non-main Proceedings ............................................................................14

V.    The Petitioner Requests Necessary and Appropriate  Relief Pursuant to
Section 1521(a) of the Bankruptcy Code ..................................................14

VI.    Section 108 of the Bankruptcy Code Applies to these Chapter 15 Cases ............16

VII.    The Requested Relief Should be Granted .................................................17

CONCLUSION .......................................................................................................19

TABLE OF AUTHORITIES

**Cases**

*Armada (Singapore) Pte Ltd. v. Shah (In re Ashapura Minechem Ltd.)*,
    480 B.R. 129 (S.D.N.Y. 2012)................................................................. 5
*CT Inv. Mgmt. Co., LLC v. Cozumel Caribe, S.A. de C.V.*,
    *(In re Cozumel Caribe, S.A. de C.V.)*,
    482 B.R. 96 (Bankr. S.D.N.Y. 2012).................................................... 18
*Drawbridge Special Opportunities Fund LP v. Barnet (In re Barnet)*,
    737 F.3d 238 (2d Cir. 2013)................................................................. 4
*In re ABC Learning Ctrs. Ltd.*,
    445 B.R. 318 (Bankr. D. Del. 2010) ..................................................... 6
*In re Ashapura Minechem Ltd.*,
    480 B.R. at 136 ...................................................................... 7, 8, 9
*In re Betcorp Ltd.*,
    400 B.R. 266 (Bankr. D. Nev. 2009) ............................................. 6, 7, 12
*In re Elpida Memory, Inc.*,
    No. 12-10947, 2012 WL 6090194 (Bankr. D. Del. Nov. 20, 2012) ....................... 18
*In re Fairfield Sentry Ltd.*,
    452 B.R. 52 (Bankr. S.D.N.Y. 2011) ................................................ 16, 17
*In re Hellas Telecommc'ns (Luxembourg) II SCA*,
    524 B.R. 488, (Bankr. S.D.N.Y. 2015)............................................... 16, 17
*In re Industrie Planung Fischer Aktiengesellschaft*,
    No. 07-30662 (WRS) (Bankr. M.D. Al. June 19, 2007)................................... 6
*In re Lehman Brothers Bankhaus AG*,
    Case No.09-12704 (JMP) (Bankr. S.D.N.Y. May 22, 2009)............................... 6
*In re Maple Bank GmbH*,
    Case No. 16-10336 (MG) (Bankr. S.D.N.Y. March 11, 2016).............................. 6
*In re O.W. Bunker Germany GmbH*,
    No. 15-13018 (SMB) (Bankr. S.D.N.Y. January 13, 2016) ............................... 6
*In re OAS S.A., et al.*,
    No. 15-10937, 2015 WL 4197076 (Bankr. S.D.N.Y. July 13, 2015) ............. 11, 12, 13
*In re Octaviar Admin. Pty Ltd.*,
    511 B.R. 361 (Bankr. S.D.N.Y. 2014).................................................. 4
*In re Qimonda AG*,
    No. 09-14766 (RGM) (Bankr. E.D. Va. July 22, 2009) ................................. 6
*In re Rede Energia S.A.*,
    515 B.R. 69 (Bankr. S.D.N.Y. 2014)................................................ 15, 18
*In re SPhinX, Ltd.*,
    351 B.R. 103 (Bankr. S.D.N.Y. 2006)............................................ 12, 14, 15
*In re Suntech Power Holdings, Co.*,
    520 B.R. 399 (Bankr. S.D.N.Y. 2014).............................................. 11, 12
*Morning Mist Holdings Ltd. v. Krys (In re Fairfield Sentry Ltd.)*,
    714 F.3d 127 (2d Cir. 2013)..................................................... 11, 12, 13

iii

**Statutes**

11 U.S.C. § 101(23) ........................................................................................... 5, 6, 7
11 U.S.C. § 101(24) ............................................................................................... 10
11 U.S.C. § 103(a) ................................................................................................. 16
11 U.S.C. § 108(a)-(b) ........................................................................................... 16
11 U.S.C. § 109(a) ................................................................................................... 4
11 U.S.C. § 1501(b)(l) ............................................................................................. 4
11 U.S.C. § 1502 ..................................................................................................... 9
11 U.S.C. § 1502(2) ............................................................................................... 14
11 U.S.C. § 1502(4) ............................................................................................... 11
11 U.S.C. § 1509(b) ................................................................................................. 4
11 U.S.C. § 1509(b)-(f) ......................................................................................... 18
11 U.S.C. § 1516(c) ............................................................................................... 11
11 U.S.C. § 1517 ................................................................................................... 17
11 U.S.C. § 1517(a) ................................................................................................. 5
11 U.S.C. § 1517(a)(1) ............................................................................................. 5
11 U.S.C. § 1517(b)(1) ........................................................................................... 11
11 U.S.C. § 1520 ................................................................................................... 18
11 U.S.C. § 1521 ................................................................................................... 18
11 U.S.C. § 1521(a) ..................................................................................... 14, 15, 16
11 U.S.C. § 1521(c) ............................................................................................... 15
11 U.S.C. § 1522(a) ............................................................................................... 14

**Other Authorities**

2 COLLIER ON BANKRUPTCY ¶ 101.23 (16th ed. rev. 2013) ....................................... 7
H.R. Rep. 109-31, pt. 1 (2005) ................................................................................. 17

Friedrich von Kaltenborn-Stachau, in his capacity as Insolvency Administrator (*Insolvenzverwalter*) (the "Petitioner") of Pickenpack Holding Germany GmbH, Pickenpack Europe GmbH, Pickenpack Production Lüneburg GmbH and TST The Seafood Traders GmbH (collectively, the "Pickenpack Entities"), and as a duly authorized foreign representative as defined in section 101(24) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), through his United States counsel, Curtis, Mallet-Prevost, Colt & Mosle LLP ("Curtis"), respectfully submits this Memorandum of Law in support of the form petitions and accompanying verified petitions filed by the Petitioner on behalf of each Pickenpack Entity pursuant to chapter 15 of the Bankruptcy Code (collectively, the "Petitions") with the United States Bankruptcy Court for the Southern District of New York (the "Court").  Accordingly, the Petitioner seeks recognition of the Pickenpack Entities' insolvency proceedings pending in Germany (the "German Proceedings") as foreign main proceedings or, in the alternative, as foreign non-main proceedings.

## PRELIMINARY STATEMENT

1.     The Petitioner, as a foreign representative of the Pickenpack Entities, commenced the above captioned chapter 15 cases by filing the Petitions contemporaneously with, and accompanied by, all certifications, statements, lists, and documents required under chapter 15 of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). As set forth in (i) the Petitions, and all exhibits attached thereto, (ii) the Declaration of Friedrich von Kaltenborn-Stachau, the Petitioner, dated September 21, 2016 (the "Kaltenborn-Stachau Declaration"), and (iii) the Declaration of Bjoern Schwencke, German legal counsel to the Petitioner, dated September 15, 2016 (the "Schwencke Declaration"), the Pickenpack Entities are eligible to be debtors under section 109(a) of the Bankruptcy Code, and a foreign proceeding

1

respecting each Pickenpack Entity was duly commenced in Germany.  The Pickenpack Entities are incorporated as limited liability companies in Germany with a registered address at Lüner Rennbahn 9, 21339 Lüneburg, Germany.  The Pickenpack Entities, through the Petitioner, also carry out non-transitory economic activity in Germany.   Additionally, the Petitioner is duly authorized to serve as a foreign representative and to petition for relief under chapter 15 of the Bankruptcy Code in connection with the German Proceedings.

2.      On December 3, 2015, the German Court issued an order, copies of which along with a certified English translation are attached to the Petitions as Exhibit B ("the Preliminary Court Orders"), for each of the Pickenpack Entities appointing Friedrich von Kaltenborn-Stachau as the preliminary insolvency administrator.  On March 1, 2016, the German Court issued an order for each of the Pickenpack Entities (the "German Insolvency Orders", together with the Preliminary Court Orders, the "German Court Orders"), copies of which along with a certified English translation are attached to the Petitions as Exhibit C, opening the insolvency proceedings of the Pickenpack Entities and appointing Friedrich von Kaltenborn-Stachau as the Insolvency Administrator (*Insolvenzverwalter*).

3.      In this role, the Petitioner is responsible for, among other things, identifying all assets of the Pickenpack Entities, safeguarding these assets, managing and administering the German Proceedings and disposing of the assets to maximize value for distribution to the Pickenpack Entities' creditors.

4.      By the Petitions, the Petitioner seeks recognition of the German Proceedings as foreign main proceedings or, in the alternative, as foreign non-main proceedings.  The Petitioner seeks an order granting recognition of the German Proceedings substantially in the form of the proposed Order Granting Recognition of Foreign Main Proceedings and Related Relief Pursuant

2

to Sections 1504, 1509, 1515, 1517, 1520, and 1521 of the Bankruptcy Code, attached to each

Petition as Exhibit A (the "Proposed Order").  In particular, the Petitioner is requesting all relief

afforded automatically upon recognition of a foreign main proceeding pursuant to section 1520

and certain limited relief pursuant to section 1521 of the Bankruptcy Code, or relief pursuant to

section 1521 of the Bankruptcy Code if the German Proceedings are recognized as foreign non-

main proceedings.  Chapter 15 recognition will allow the Petitioner to, among other benefits,

pursue certain claims that the Pickenpack Entities may possess in the courts of the United States.

5.      The Petitions satisfy all of the requirements set forth in section 1515 of the

Bankruptcy Code.  Moreover, the relief requested by the Petitioner is well within the scope of

chapter 15, which authorizes a court to (i) recognize a foreign proceeding upon the proper

commencement of a case under chapter 15 by a foreign representative and (ii) grant assistance in

the United States to such foreign representative in connection with such foreign proceeding.

Based on the foregoing and the reasons described herein, the Petitioner is entitled to an order

granting recognition of the German Proceedings as foreign main proceedings or, in the

alternative, as foreign non-main proceedings under chapter 15 of the Bankruptcy Code.

## FACTS

6.      The Court is respectfully referred to the Petitions, the Kaltenborn-Stachau

Declaration and the Schwencke Declaration, which set forth the relevant facts, all of which are

incorporated herein by reference.

## ARGUMENT

**I.      The Pickenpack Entities are Eligible to be Debtors under Section 109(a) of the Bankruptcy Code**

7.      This Circuit has held that a foreign debtor must satisfy the eligibility requirements

of section 109(a) of the Bankruptcy Code as a prerequisite to obtaining recognition of a foreign

26359012

main proceeding under chapter 15 of the Bankruptcy Code. *Drawbridge Special Opportunities Fund LP v. Barnet (In re Barnet)*, 737 F.3d 238 (2d Cir. 2013). This section states, in relevant part, that "only a person who resides or has a domicile, a place of business, or property in the United States . . . may be a debtor under this title." 11 U.S.C. § 109(a).

8.      Here, the Pickenpack Entities possess property in the United States in the form of a retainer held in a client trust account with Curtis. The Pickenpack Entities also possess intangible property in the United States in the form of claims and causes of action. Petitions at ¶ 2; s*ee In re Octaviar Admin. Pty Ltd.*, 511 B.R. 361, 373-74 (Bankr. S.D.N.Y. 2014) (holding that both funds held in a retainer account and claims or causes of action against parties located in the United States satisfy section 109(a)). The Pickenpack Entities, therefore, satisfy section 109(a) and are eligible to be debtors under chapter 15 of the Bankruptcy Code.

**II.      These Cases are Proper Under Chapter 15**

9.      Chapter 15 of the Bankruptcy Code applies where assistance is sought in the United States by a foreign representative in connection with a foreign proceeding. 11 U.S.C. § 1501(b)(l). These chapter 15 cases were commenced for the primary purpose of the Pickenpack Entities obtaining standing in the courts of the United States to pursue certain claims for the benefit of the Pickenpack Entities and their creditors and investors. *See* 11 U.S.C. § 1509(b).

10.      The requirements for recognition of a foreign proceeding under chapter 15 are set forth in section 1517(a) of the Bankruptcy Code. This section mandates the entry of an order recognizing a foreign proceeding if, after notice and a hearing, it appears that "(1) such foreign proceeding for which recognition is sought is a foreign main proceeding or a foreign non-main proceeding within the meaning of section 1502; (2) the foreign representative applying for

recognition is a person or body; and (3) the petition meets the requirements of section 1515." 11 U.S.C. § 1517(a).

11.     As set forth in further detail below, the requirements for recognition prescribed by section 1517(a) of the Bankruptcy Code, as well as the Bankruptcy Rules, have been satisfied in respect of the Petitions and the German Proceedings.

    A.     The German Proceedings are Foreign Proceedings

12.     The threshold requirement for recognition of a proceeding under section 1517(a) of the Bankruptcy Code is that such proceeding must constitute a "foreign proceeding." *See* 11 U.S.C. § 1517(a)(1).

13.     Section 101(23) of the Bankruptcy Code defines a "foreign proceeding" as:

> [A] collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

11 U.S.C. § 101(23).

14.     Therefore, a proceeding will be recognized as a foreign proceeding under chapter 15 of the Bankruptcy Code if the following seven elements are satisfied: "(i) [the existence of] a proceeding; (ii) that is either judicial or administrative; (iii) that is collective in nature; (iv) that is in a foreign country; (v) that is authorized or conducted under a law related to insolvency or the adjustment of debts; (vi) in which the debtor's assets and affairs are subject to the control or supervision of a foreign court; and (vii) which proceeding is for the purpose of reorganization or liquidation." *Armada (Singapore) Pte Ltd. v. Shah (In re Ashapura Minechem Ltd.)*, 480 B.R. 129, 136 (S.D.N.Y. 2012) (citations omitted).

15.     This Court, as well as other bankruptcy courts in the U.S., routinely recognize German insolvency proceedings as "foreign proceedings" under chapter 15 of the Bankruptcy

26359012

Code. *See, e.g., In re Maple Bank GmbH*, Case No. 16-10336 (MG) (Bankr. S.D.N.Y. March 11, 2016) [Dkt. No. 19] (Granting German proceeding recognition as a foreign main proceeding); *In re O.W. Bunker Germany GmbH*, No. 15-13018 (SMB) (Bankr. S.D.N.Y. January 13, 2016) [Dkt. No. 25] (same); *In re Qimonda AG*, No. 09-14766 (RGM) (Bankr. E.D. Va. July 22, 2009) [Dkt. No. 56] (same); *In re Lehman Brothers Bankhaus AG*, Case No.09-12704 (JMP) (Bankr. S.D.N.Y. May 22, 2009) [Dkt. No. 25] (same); *In re Industrie Planung Fischer Aktiengesellschaft*, No. 07-30662 (WRS) (Bankr. M.D. Al. June 19, 2007) [Dkt. No. 7] (same).

### i.    *The German Proceedings are "Proceedings"*

16.    For the purpose of chapter 15 recognition, a proceeding is "a statutory framework that constrains a company's actions and that regulates the final distribution of a company's assets." *In re Betcorp Ltd.*, 400 B.R. 266, 278 (Bankr. D. Nev. 2009).  As described in the Schwencke Declaration, the German Proceedings are governed by the Insolvency Statute of October 5, 1994, as last amended by Article 19 of the Act of December 20, 2011 (the "German Insolvency Act").  Schwencke Declaration at ¶ 12.  The German Insolvency Act establishes a comprehensive framework that determines how the Pickenpack Entities' assets will ultimately be distributed. *See* Schwencke Declaration at ¶¶ 21-22.  Accordingly, the German Proceedings are "proceedings" within the meaning of 11 U.S.C. § 101(23).

### ii.    *The German Proceedings are Both Judicial and Administrative*

17.    Generally, a proceeding is administrative when it is directed by a party other than the court, and a proceeding is judicial when a "[c]ourt exercises its supervisory powers." *In re ABC Learning Ctrs. Ltd.,* 445 B.R. 318, 328 (Bankr. D. Del. 2010), *aff'd*, 728 F.3d 301 (3rd Cir. 2013).

18.     While a proceeding need not be both administrative and judicial in nature to be recognized as a foreign proceeding under chapter 15 of the Bankruptcy Code, the German Proceedings are both.  *See* 11 U.S.C. § 101(23); *see also In re Betcorp Ltd.,* 400 B.R. at 281 ("In any event, section 101(23) requires only that a proceeding have either an administrative *or* a judicial character.").

19.     Here, the German Proceedings are administrative in nature because the Petitioner is vested with the right to administer the assets of the insolvency estate (*Insolvenzmasse*) of the Pickenpack Entities and to dispose of any of the assets.  *See* Schwencke Declaration at ¶ 13; *see also In re Betcorp Ltd.*, 400 B.R. at 280 (stating that a liquidator's requests for proofs of debt and distributions to creditors have an administrative character).  The German Proceedings are also judicial in nature because the Petitioner was appointed by the German Court pursuant to the German Court Orders.  *See* Schwencke Declaration at ¶ 10.  The Petitioner is subject to supervision by the German Court and may be required at any time to provide specific information or to report on the progress of the proceedings and on the management of the insolvency estate.  *See* Schwencke Declaration at ¶ 16.   In fact, various hearings were held before the German Court in which the Petitioner provided reports to the German Court and respective creditors' committees regarding, in part, progression of the proceedings, operation of the insolvency estates, and significant legal acts of the Petitioner, including the sale of the Pickenpack Entities' assets.  *See* Schwencke Declaration at ¶ 16.

iii.     <em>The German Proceedings are Collective in Nature</em>

20.     A proceeding is collective in nature when it "considers the rights and obligations of all creditors."  *In re Ashapura Minechem Ltd.*, 480 B.R. at 136 (internal quotation marks omitted); *see* 2 COLLIER ON BANKRUPTCY ¶ 101.23 (16th ed. rev. 2013) ("[T]he 'collective proceeding' requirement excludes from chapter 15 receivership proceedings that are for the

26359012

benefit of a single creditor."). Accordingly, a collective proceeding "is designed to provide equitable treatment to creditors, by treating similarly situated creditors in the same way." *In re Ashapura Minechem Ltd.*, 480 B.R. at 136.

21.     The German Proceedings are not for the benefit of any single creditor. Rather, they operate to resolve and determine the rights of all claimants and stakeholders vis-à-vis the Pickenpack Entities. *See* Schwencke Declaration at ¶ 12. As a general matter, the German Insolvency Act contains priority and equality of distribution provisions similar to the Bankruptcy Code. *See* Schwencke Declaration at ¶ 21. The German Insolvency Act provides for equal treatment of all creditors with similarly situated claims and does not favor or provide special treatment for creditors based in Germany, the European Union, or the European Economic Area. *See* Schwencke Declaration at ¶ 22. Additionally, the German Insolvency Act respects creditors' liens and security interests. Accordingly, the German Proceedings are collective in nature. *See id.*

iv.     *The German Proceedings are Located in a Foreign Country*

22.     The German Insolvency Orders opened the German Proceedings and appointed the Petitioner as the Pickenpack Entities' Insolvency Administrator in Germany, which is where all of the Pickenpack Entities are incorporated. Kaltenborn-Stachau Declaration at ¶ 17. Additionally, since the Petitioner was appointed, he has continued to administer the Pickenpack Entities estates in Germany and taken numerous actions in the German Proceedings, including (i) hiring professionals to find potential purchasers of the business, (ii) providing updates and obtaining consent of creditors' committees to each of the Pickenpack Entities regarding closure of the operations; (iii) continuing operations up until June 30, 2016, at which time the Petitioner closed down operations for PP Production and PP Europe in Lüneburg, (iv) selling all assets of TST to Trident, which continues to operate TST in Riepe, Germany, and (v) selling various

8

assets of the Pickenpack Entities, including real estate, machinery and equipment. *See* Petitions at ¶¶ 29-33. Accordingly, virtually all events relevant to the German Proceedings have occurred in Germany, a foreign country.

    v.  *The German Insolvency Act Relates to Insolvency or the*
        *Adjustment of Debts*

  23.  The German Proceedings must be authorized by a statute that deals with corporate insolvency or the adjustment of corporate debts. *In re Ashapura Minechem Ltd.*, 480 B.R. at 138. The German Proceedings are authorized by the German Insolvency Act, which is the law governing corporate insolvencies in Germany. *See* Schwencke Declaration at ¶ 12. Pursuant to section 1 of the German Insolvency Act, titled "Objectives of the Insolvency Proceedings," the insolvency proceedings serve the purpose of collective satisfaction of a debtor's creditors by liquidation of the debtor's assets and by distribution of the proceeds, or by reaching an arrangement in an insolvency plan, particularly in order to maintain the enterprise. *See id.* Accordingly, the German Insolvency Act is a law relating to insolvency or the adjustment of debts.

    vi.  *The German Proceedings Subject the Pickenpack Entities' Assets*
        *and Affairs to a Foreign Court's Control or Supervision*

  24.  The Pickenpack Entities' assets and affairs must also be subject to a foreign court's jurisdiction. *In re Ashapura Minechem Ltd.*, 480 B.R. at 137. Section 1502 of the Bankruptcy Code defines a "foreign court" as a "judicial or other authority competent to control or supervise a foreign proceeding." 11 U.S.C. § 1502. The foreign court, however, "need not control the day-to-day operations of the debtor," and the fact that liquidators proceed with most of their duties without court involvement does not undermine the court's supervisory role. *In re Ashapura Minechem Ltd.*, 480 B.R. at 138.

26359012

25.     Pursuant to the German Insolvency Orders, the Petitioner was duly appointed as the Insolvency Administrator by the German Court.  In addition, pursuant to section 58 of the German Insolvency Act, the Petitioner is subject to supervision by the German Court and may be required at any time to provide specific information or to report on the progress of the proceedings and on the management of the insolvency estate.  Schwencke Declaration at ¶ 16. Accordingly, the German Proceedings satisfy the requirement that the Pickenpack Entities' assets and affairs be subject to the control or supervision of a foreign court.

vii.     *The German Proceedings are for the Purpose of Liquidation*

26.     The German Proceedings are for the purpose of liquidation because the Petitioner is vested with the right to administer the assets of the insolvency estates of the Pickenpack Entities and to dispose of any of the assets.  *See* Schwencke Declaration at ¶ 13.

B.     The Cases Were Commenced by the Pickenpack Entities' Foreign Representative

27.     A case under chapter 15 of the Bankruptcy Code must be commenced by a duly appointed and authorized "foreign representative" within the meaning of section 101(24) of the Bankruptcy Code.  This section provides as follows:

> The term "foreign representative" means a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding.

11 U.S.C. § 101(24).

28.     On March 1, 2016, the Petitioner was appointed as the Insolvency Administrator of the Pickenpack Entities in the German Proceedings.  *See* Petitions at Exhibit C.  Accordingly, the Petitioner is duly authorized to act as a foreign representative of the Pickenpack Entities and is responsible for all aspects of the Pickenpack Entities' business.  *See* Schwencke Declaration at ¶ 13.  Specifically, the Petitioner is responsible for, among other things, identifying all assets of

10

the Pickenpack Entities, safeguarding these assets, managing and administering the German Proceedings and disposing of the assets to maximize value for distribution to the Pickenpack Entities' creditors. *See* Schwencke Declaration at ¶¶ 13-14.

29.     Therefore, the Petitioner is duly authorized to act as the foreign representative of the Pickenpack Entities and was entitled to commence these cases under chapter 15 of the Bankruptcy Code.

## III.    The German Proceedings Should be Recognized as Foreign Main Proceedings

30.     A foreign proceeding, as defined by section 101(23) of the Bankruptcy Code, may be recognized as either a "foreign main proceeding" or a "foreign non-main proceeding" under section 1517 of the Bankruptcy Code.  11 U.S.C. § 1517(b)(1).  Under section 1502(4) of the Bankruptcy Code, a foreign proceeding will be recognized as a "foreign main proceeding" if it is "pending in the country where the debtor has the center of its main interests" ("COMI").  *See* 11 U.S.C. § 1502(4).

31.     A foreign debtor's COMI should be "determined as of the time of the filing of the [c]hapter 15 petition," but "[t]o offset a debtor's ability to manipulate its COMI, a court may also look at the time period between the initiation of the foreign liquidation proceeding and the filing of the [c]hapter 15 petition."  *In re OAS S.A., et al.*, No. 15-10937, 2015 WL 4197076, at *13 (Bankr. S.D.N.Y. July 13, 2015) (quoting *Morning Mist Holdings Ltd. v. Krys (In re Fairfield Sentry Ltd.)*, 714 F.3d 127, 137 (2d Cir. 2013)); *In re Suntech Power Holdings, Co.*, 520 B.R. 399, 416 (Bankr. S.D.N.Y. 2014).

32.     It is well-established that a company's COMI is presumed to be wherever its registered office is located.  11 U.S.C. § 1516(c) ("In the absence of evidence to the contrary, the debtor's registered office . . . is presumed to be the center of the debtor's main interests."); *see In re Suntech Power Holdings, Co.*, 520 B.R. at 416 ("The Debtor's presumptive COMI is the

Cayman Islands where it was incorporated."); *see also In re Fairfield Sentry Ltd.*, 714 F.3d at

137 ("Chapter 15 creates a rebuttable presumption that the country where a debtor has its

registered office will be its COMI."). As noted above, each of the Pickenpack Entities have its

registered office in Lüneburg, Germany. Therefore, the Pickenpack Entities receive the benefit

of this presumption.

33.    Because this presumption is rebuttable, a court may consider any other relevant

factors to determine a foreign debtor's COMI, including (i) the location of the debtor's assets,

(ii) the location of the debtor's books and records, (iii) the location of the majority of the debtor's

creditors, (iv) the location of those who actually manage the debtor, (v) the location of the

debtor's "nerve center," which includes where the debtor's activities are directed, and (vi) the

jurisdiction whose law would apply to most disputes. *See, e.g.*, *In re OAS S.A., et al.*, 2015 WL

4197076, at *13; *In re Suntech Power Holdings, Co.*, 510 B.R. at 416 (citing *In re Fairfield

Sentry Ltd.*, 714 F.3d at 137); *In re SPhinX, Ltd.*, 351 B.R. 103, 117 (Bankr. S.D.N.Y. 2006),

*aff'd*, 371 B.R. 10 (S.D.N.Y. 2007).

34.    The following facts demonstrate that the Pickenpack Entities' COMI is in

Germany:

(a)    As set forth above, each Pickenpack Entity is recognized as a German
limited liability company and the Pickenpack Entities' registered office is
located in Germany. Kaltenborn-Stachau Declaration at ¶ 7. These facts
create a presumption that the Pickenpack Entities' COMI is Germany.

(b)    The Pickenpack Entities' current and prior assets are located in Germany,
including funds in German bank accounts, and machinery, equipment and
real estate in Germany, the majority of which has already been liquidated
by the Petitioner in his role as Insolvency Administrator. Kaltenborn-
Stachau Declaration at ¶ 8; *see In re Betcorp Ltd.*, 400 B.R. at 294 (stating
that one of the facts that helped to determine the debtor's COMI was that
its only asset, cash, was located in an Australian bank account).

(c)    The Pickenpack Entities' books and records are maintained at their
registered office in Germany. Kaltenborn-Stachau Declaration at ¶ 8.

(d)   The Pickenpack Entities have paid and continue to pay taxes directly to the German government.  Kaltenborn-Stachau Declaration at ¶ 9.

(e)   The vast majority of the Pickenpack Entities' creditors are located in Germany.  Kaltenborn-Stachau Declaration at ¶ 8.

(f)   As a result of his appointment on March 1, 2016, the Petitioner is the sole person entitled to act on behalf of the Pickenpack Entities with respect to all matters regarding the insolvency estates.  Schwencke Declaration at ¶ 13.  The Petitioner, in his capacity as Insolvency Administrator, resides in and executes his powers and duties from Germany.  Accordingly, the Petitioner has managed and controlled the Pickenpack Entities from Germany and all remaining issues regarding the Pickenpack Entities will be resolved by the Petitioner from Germany.  *See* Petitions at ¶¶ 32, 34.  Specifically, the Petitioner has, among other things, (i) administered the business and operations of the Pickenpack Entities, (ii) met with the employees at the Lüneburg and Riepe facilities; (iii) hired professionals to conduct a sale process and look for potential purchasers, (iv) worked with the creditors' committees of each Pickenpack Entity to obtain consent to close the operations, (v) continued operations up until June 30, 2016, at which time the Petitioner closed down operations for PP Production and PP Europe in Lüneburg, (vi) sold all assets of TST to Trident, which continues to operate TST in Riepe, Germany, and (vii) sold various assets of the Pickenpack Entities, including real estate, machinery and equipment.  The Petitioner's foregoing actions all occurred in Germany.  *See* Kaltenborn-Stachau Declaration at ¶¶ 18-22; *see also In re Fairfield Sentry Ltd.*, 714 F.3d at 139 (internal quotation marks omitted) ("[E]ven though Sentry had assets in other jurisdictions, the administration of its affairs in the relevant time was orchestrated from the BVI.").

(g)   Germany is the jurisdiction where the German Proceedings are currently pending and where the Petitioner is conducting the liquidation of the Pickenpack Entities.  *See* Petitions at ¶¶ 26-27.  Any person or entity with a claim against the Pickenpack Entities may prove such claim in the German Court.

(h)   Germany is the jurisdiction whose law would apply to most disputes, which the Pickenpack Entities' creditors and investors would have expected.  *See In re OAS S.A.*, 2015 WL 4197076, at *13 (stating that the conclusion that Brazil was the debtor's nerve center was consistent with the expectation of creditors because the debtor's offering memoranda stated that certain notes were guaranteed by entities organized under the laws of Brazil).

13

35.     There is no reason for the COMI presumption to be rebutted in these chapter 15 cases.  Therefore, Germany is the Pickenpack Entities' COMI, and the Court should recognize the German Proceedings as foreign main proceedings.

## IV.     Alternatively, the German Proceedings Should be Recognized as Foreign Non-main Proceedings

36.     Section 1502(5) of the Bankruptcy Code defines a foreign non-main proceeding as "a foreign proceeding, other than a foreign main proceeding, pending in a country where the debtor has an establishment."  Further, "establishment" is defined as "any place of operation where the debtor carries out non-transitory economic activity."  11 U.S.C. § 1502(2).

37.     The Petitioner respectfully submits that at a minimum, his activities in Germany constitute non-transitory economic activity.  The Petitioner is winding up the Pickenpack Entities' affairs from Germany.  Additionally, there are no foreign or domestic insolvency proceedings concerning the Pickenpack Entities other than the German Proceedings.  Accordingly, there are sufficient grounds for the Court to grant non-main recognition of the German Proceedings pursuant to chapter 15 of the Bankruptcy Code.  *See In re SPhniX, Ltd.*, 351 B.R. at 120 (noting that where "no negative consequences would appear to result from recognizing the [foreign] proceedings as non-main proceedings, that is the better choice.").

## V.     The Petitioner Requests Necessary and Appropriate Relief Pursuant to Section 1521(a) of the Bankruptcy Code

38.     Upon recognition of a foreign proceeding, whether as a foreign main or non-main proceeding, a court is empowered to grant "any appropriate relief" where such relief is necessary to effectuate the purpose of chapter 15 of the Bankruptcy Code and to protect a debtor's assets or the interests of a debtor's creditors.  11 U.S.C. § 1521(a).  Relief under section 1521(a) of the Bankruptcy Code, however, is available only if the interests of creditors and other interested entities, including the debtor, are sufficiently protected.  11 U.S.C. § 1522(a); *see In re Rede*

14

*Energia S.A.*, 515 B.R. 69, 90 (Bankr. S.D.N.Y. 2014) (noting that section 1521 is subject to certain restrictions and quoting section 1521(a)); *see also In re SPhinX*, 351 B.R. at 113 ("Two aspects of section 1522(a) are notable[, one being that] Congress directed the court to focus on the interests of all creditors and other interested parties, not just those of U.S. parties."). Additionally, in granting relief under section 1521 of the Bankruptcy Code to a representative of a foreign non-main proceeding, "the court must be satisfied that the relief relates to assets that, under the laws of the United States, should be administered in the foreign non-main proceeding or concerns information required in that proceeding."  11 U.S.C. §1521(c).

39.    Accordingly, the Petitioner requests that this Court grant the following additional necessary relief, without limitation, under section 1521(a) of the Bankruptcy Code[1] in the Proposed Order: (i) the Petitioner is authorized to examine witnesses, take evidence, seek production of documents, and deliver information concerning the assets, affairs, rights, obligations, or liabilities of the Pickenpack Entities without further order of the Court and (ii) the Petitioner is entrusted with the administration or realization of all of the Pickenpack Entities' assets that are located within the territorial jurisdiction of the United States, including prosecution of any causes of action belonging to the Pickenpack Entities, with the protections afforded under section 108 of the Bankruptcy Code.  *See* 11 U.S.C. § 1521(a).

40.    The relief requested by the Petitioner under section 1521(a) of the Bankruptcy Code is necessary to assist the German Court and the Petitioners in carrying out the effective administration of the German Proceedings, particularly if the Court recognizes the German

---

[1] Section 1521(a) of the Bankruptcy Code provides, in relevant part, that upon recognition of a foreign proceeding as a main or non-main proceeding, the Court may issue an order staying the commencement or continuation of proceedings concerning the execution against, and disposition of the debtor's assets, rights, obligations, or liabilities to the extent they have not been stayed under section 1520(a), provide for the examination of witnesses and taking of evidence concerning the debtor's affairs, entrust the administration or realization of all or part of the debtor's assets within the territorial jurisdiction of the United States to the foreign representative, and grant any additional relief that may be available to a trustee, except for relief available under sections 522, 544, 545, 548, 550, and 724(a) of the Bankruptcy Code.

Proceedings as foreign non-main proceedings.  Without the relief provided by section 1521(a), the German Court would not be able to ensure the fair and efficient administration of the German Proceedings in a manner that protects the interests of all of the Pickenpack Entities' creditors. Additionally, such relief is necessary to effectuate the purpose of chapter 15 of the Bankruptcy Code.

## VI.   Section 108 of the Bankruptcy Code Applies to these Chapter 15 Cases

41.     Section 108 of the Bankruptcy Code enumerates certain tolling provisions that may be used by a foreign representative in a chapter 15 case.  *See* 11 U.S.C. § 103(a) ("[T]his chapter . . . appl[ies] in a case under Chapter 15 . . . ."); *see also In re Fairfield Sentry Ltd.*, 452 B.R. 52, 57-58 (Bankr. S.D.N.Y. 2011) (stating that section 103(a) incorporates section 108 into a chapter 15 proceeding and that foreign representatives are indistinguishable from trustees with respect to the purpose of section 108).  Specifically, the tolling provisions of section 108 of the Bankruptcy Code provide (i) a bankruptcy trustee with a two-year extension to commence actions in the interests of the estate provided that the applicable time period had not expired before the petition was filed and (ii) a short extension of the time for filing pleadings, curing defaults, and performing other acts on behalf of the debtor.   11 U.S.C. § 108(a)-(b); *In re Fairfield Sentry Ltd.*, 452 B.R. at 58; *see In re Hellas Telecommc'ns (Luxembourg) II SCA*, 524 B.R. 488, 535 (Bankr. S.D.N.Y. 2015) ("The challenged transfers underlying the Plaintiff's unjust enrichment claim occurred in December 2006, well over six years ago . . . [but] the statute of limitations was tolled as of the filing of the chapter 15 petition.").  These provisions provide a foreign representative with additional time "to discover and evaluate potential causes of action or perform other acts required to preserve the debtor's rights."  *In re Fairfield Sentry Ltd.*, 452 B.R. at 58.

42.      Although the Petitioner is confident that section 108 of the Bankruptcy Code applies automatically upon filing, he respectfully requests that the Court specifically rule in the Proposed Order that section 108 applies in these cases.  *See In re Fairfield Sentry Ltd.*, 452 B.R. at 64 ("[T]he Court finds that Section 108 Relief is automatically available to the Foreign Representatives."); *see also In re Hellas Telecommc'ns (Luxembourg) II SCA*, 534 B.R. at 53. Out of an abundance of caution, the Petitioner requests such relief in light of his desire to potentially commence certain litigation and pursue claims in the courts of the United States for the benefit of all stakeholders.

## VII.   The Requested Relief Should be Granted

43.      The legislative history to chapter 15 of the Bankruptcy Code provides that:

> The decision to grant recognition is not dependent upon any findings about the nature of the foreign proceedings of the sort previously mandated by section 304(c) of the Bankruptcy Code. The requirements of [section 1517], which incorporates the definitions in section 1502 and sections 101(23) and (24), are all that must be fulfilled to attain recognition.

H.R. Rep. 109-31, pt. 1 (2005).  Accordingly, an order recognizing a foreign proceeding should be entered if all of the requirements for recognition have been met.  *See* 11 U.S.C. § 1517.

44.      As set forth above, (i) the requirements of section 109(a) of the Bankruptcy Code are met, (ii) the German Proceedings are foreign proceedings, (iii) the Petitioner is the Pickenpack Entities' foreign representative, and (iv) the Petitions satisfy the requirements of section 1515 of the Bankruptcy Code.  Therefore, the Court should enter an order recognizing the German Proceedings as foreign main proceedings or, in the alternative, as foreign non-main proceedings.

45.      While section 1506 of the Bankruptcy Code provides that nothing in chapter 15 shall prevent a court from refusing to take an action otherwise required by chapter 15 if such

action would be manifestly contrary to the public policy of the United States, the public policy exception embodied in section 1506 of the Bankruptcy Code is to be narrowly construed and applied "sparingly." *In re Rede Energia S.A.*, 515 B.R. at 92, 98. The Petitioner has requested (i) the relief under section 1520 of the Bankruptcy Code that is automatically extended upon recognition of a foreign main proceeding and (ii) certain limited discretionary relief under section 1521(a). *See* 11 U.S.C. §§ 1520-1521; *see also In re Rede Energia S.A.*, 515 B.R. at 89 ("If a foreign case is recognized as a foreign main proceeding . . . certain relief automatically goes into effect, pursuant to 11 U.S.C. § 1520, and, under section 1521, a bankruptcy court may grant any appropriate relief . . . ."). Alternatively, the Petitioner has requested discretionary relief under section 1521 of the Bankruptcy Code that mirrors the relief granted under section 1520 in the event that the German Proceedings are recognized as foreign non-main proceedings. Accordingly, recognition of the German Proceedings as foreign proceedings would not be inconsistent with section 1506 of the Bankruptcy Code.

46.     Additionally, section 1509 of the Bankruptcy Code, which is entitled "Right of Direct Access," generally governs a foreign representative's access to the state and federal courts of the United States. *See generally* 11 U.S.C. § 1509(b)-(f). Courts have held that this section "reflects an access principle assuring that a foreign representative . . . may sue or be sued in a court in the United States." *CT Inv. Mgmt. Co., LLC v. Cozumel Caribe, S.A. de C.V. (In re Cozumel Caribe, S.A. de C.V.)*, 482 B.R. 96, 108-09 (Bankr. S.D.N.Y. 2012); *see In re Elpida Memory, Inc.*, No. 12-10947, 2012 WL 6090194, at *8 (Bankr. D. Del. Nov. 20, 2012) ("[I]t is clear that section 1509(b)(3) . . . is meant only to streamline the foreign representatives' access to, and cooperation from, other, non-bankruptcy courts in the United States following recognition.").

18

47.     Accordingly, the Petitioner's purposes for commencing these chapter 15 cases –
to establish standing to assert certain claims in the courts of the United States, to facilitate the
German Proceedings, and to protect the Pickenpack Entities' rights and claims in the United
States – clearly fall with the scope of chapter 15 of the Bankruptcy Code.  Thus, the requested
relief should be granted.

## CONCLUSION

For the foregoing reasons, the Petitioner respectfully requests that this Court grant the
relief requested herein and in the Petitions and such other and further relief as may be just and
proper.

Dated: New York, New York
       September 22, 2016

                                        **CURTIS, MALLET-PREVOST,
                                        COLT & MOSLE LLP**

                                        By:      *L. P. Harrison 3rd*
                                                 L. P. Harrison 3rd
                                                 Turner P. Smith
                                                 Peter J. Buenger
                                        101 Park Avenue
                                        New York, New York 10178-0061
                                        Telephone: (212) 696-6000
                                        Facsimile:  (212) 697-1559
                                        Email:  lharrison@curtis.com
                                                tsmith@curtis.com
                                                pbuenger@curtis.com

                                        *Counsel for the Petitioner*

26359012