UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :
In re:                                                  :   Chapter 15
                                                        :
PICKENPACK HOLDING GERMANY GMBH, *et al.*,[1]           :   Case No. 16-12681(JLG)
                                                        :
        Debtors in Foreign Proceedings.                 :   Jointly Administered
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER GRANTING RECOGNITION OF FOREIGN
MAIN PROCEEDINGS AND RELATED RELIEF PURSUANT TO SECTIONS
1504, 1509, 1515, 1517, 1520, AND 1521 OF THE BANKRUPTCY CODE**

This matter came before the Court upon the verified petitions of Friedrich von Kaltenborn-Stachau, in his capacity as Insolvency Administrator (the "Petitioner") of Pickenpack Holding Germany GmbH, Pickenpack Europe GmbH, Pickenpack Production Lüneburg GmbH, and TST The Seafood Traders GmbH (collectively, the "Pickenpack Entities") and as a duly authorized foreign representative as defined by section 101(24) of title 11 of the United States Code, as amended (the "Bankruptcy Code") in the above-captioned chapter 15 cases, for the entry of an order granting recognition of foreign main proceedings (the "Petitions"). The Court has reviewed and considered, among other things, (i) the Petitions and the exhibits attached thereto, (ii) the Memorandum of Law in Support of Verified Petitions for Recognition of Foreign Proceedings Pursuant to Sections 1504, 1509, 1515, 1517, 1520, and 1521 of the Bankruptcy Code, (iii) the Declaration of Friedrich von Kaltenborn-Stachau, the Petitioner, dated September 22, 2016, (iv) the Declaration of Bjoern Schwencke, German legal counsel to the Petitioner, dated September 15, 2016, (v) the Statement and Reservation of Rights of China Fishery Debtors Regarding Proposed Recognition [Docket No. 13] filed by China Fishery Group Limited

---

[1] The Debtors in these chapter 15 cases are: (i) Pickenpack Holding Germany GmbH; (ii) Pickenpack Europe GmbH; (iii) Pickenpack Production Lüneburg GmbH; and (iv) TST The Seafood Traders GmbH. The registered office for the Pickenpack Entities is located at Lüner Rennbahn 9, 21339 Lüneburg, Germany.

(Cayman) and certain of its affiliated debtors and debtors-in-possession (the "CFGL Debtors"), and (vi) the arguments and testimony presented at the hearing held on October 26, 2016. Based on the foregoing, the Court makes the following findings of fact and conclusions of law:

A. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

B. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1410.

C. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

D. The Petitioner, as insolvency administrator of the Pickenpack Entities, is a foreign representative, as defined by section 101(24) of the Bankruptcy Code.

E. The Pickenpack Entities are subject to foreign proceedings within the meaning of section 101(23) of the Bankruptcy Code.

F. The center of the Pickenpack Entities' main interests is Germany, and the Pickenpack Entities are subject to foreign main proceedings within the meaning of section 1502(4) of the Bankruptcy Code.

G. The above-captioned chapter 15 cases were properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code.

H. The Petitions satisfy the requirements of section 1515 of the Bankruptcy Code.

I. The Petitioner has standing to commence litigation in a court in the United States pursuant to section 1509(b)(1) of the Bankruptcy Code.

J. The Petitioner is entitled to all the relief pursuant to section 1521 of the Bankruptcy Code.

K.      The relief requested is necessary and appropriate, in the interests of international comity, consistent with the public policy of the United States, and warranted pursuant to sections 105(a), 1517, 1520, and 1521 of the Bankruptcy Code.

**NOW, THEREFOR, IT IS HEREBY**

**ORDERED** that the Pickenpack Entities' insolvency proceedings pending before the Local Court of Lüneburg, Germany (the "German Proceedings") are granted recognition pursuant to section 1517(a) of the Bankruptcy Code; and it is further

**ORDERED** that all objections and reservations of rights relating to the Petitions that have not been withdrawn, waived, or otherwise resolved are overruled in all respects on the merits and denied; and it is further

**ORDERED** that the German Proceedings are granted recognition as foreign main proceedings pursuant to section 1517(b)(1) of the Bankruptcy Code; and it is further

**ORDERED** that all relief afforded to a foreign main proceeding, a foreign debtor subject to such foreign main proceeding, and the foreign representatives of such foreign debtor automatically upon recognition pursuant to section 1520 of the Bankruptcy Code is granted to the German Proceedings, the Pickenpack Entities, and the Petitioner, including, without limitation, the protections afforded by section 362 of the Bankruptcy Code; and it is further

**ORDERED** that the Petitioner is entrusted with the administration and realization of all the Pickenpack Entities' assets within the territorial jurisdiction of the United States; and it is further

**ORDERED** that the Petitioner is authorized to operate the business of the Pickenpack Entities, which are the subject of the German Proceedings, and may exercise the powers of a trustee under and to the extent provided by 11 U.S.C. § 1520 during these chapter 15 cases and

3

no action taken during such period by the Petitioner, or his agents, representatives, advisors, or counsel, in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the German Proceedings, this Order, these chapter 15 cases, any adversary proceeding, or any further proceeding commenced in these chapter 15 cases shall be deemed to constitute a waiver of the immunity afforded such person under 11 U.S.C. §§ 306 or 1510; and it is further

**ORDERED** that the Petitioner is hereby authorized to examine witnesses, take evidence, seek production of documents, and deliver information concerning the assets, affairs, rights, obligations, or liabilities of the Pickenpack Entities under the lawsof the United States without further order of this Court; and it is further

**ORDERED** that the Petitioner is entitled to all the relief pursuant to section 1521 of the Bankruptcy Code; and it is further

**ORDERED** that section 108 of the Bankruptcy Code applies to the above captioned chapter 15 cases and that the relief provided therein, including section 108(a), is available to the Petitioner from and after the filing of the Petitions on September 22, 2016; and it is further

**ORDERED** that the Petitioner is authorized to file claims, suits, and similar legal proceedings within the United States in furtherance of his activities as insolvency administrator; and it is further

**ORDERED** that this Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order, and requests for any additional relief in these chapter 15 cases and all adversary proceedings in connection herewith properly commenced and within the jurisdiction of this Court; and it is further

**ORDERED** that the CFGL Debtors' right to be heard with respect to any request by the Petitioner for any additional relief in these chapter 15 cases is preserved; and it is further

**ORDERED** that a copy of this Order shall be served by United States mail, first-class postage prepaid, by overnight courier, by electronic mail, or by hand delivery where practicable, upon (i) the Pickenpack Entities, (ii) all parties to litigation pending in the United States, if any, in which the Pickenpack Entities are a party at the time of the filing of the Petitions and their respective counsel, if known, (iii) the Office of the United States Trustee for Region 2, (iv) all parties who filed a request for service of notices pursuant to Bankruptcy Rule 2002, (v) counsel to the debtors and all parties who filed a request for service of notices pursuant to Bankruptcy Rule 2002 in the bankruptcy cases of *In re China Fishery Group Limited (Cayman), et al.*, No. 16-11895 (JLG) (Bankr. S.D.N.Y. 2016) and *In re CFG Investment S.A.C., et al.*, No. 16-11891 (JLG) (Bankr. S.D.N.Y. 2016), and (vi) such other entities as the Court may direct; and it is further

**ORDERED** that service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes.

Dated: New York, New York
      October 27, 2016

                                                    /s/ *James L. Garrity, Jr.*
                                                    UNITED STATES BANKRUPTCY JUDGE

26821319